Anthony T. Falzone (admitted *pro hac vice*)
Julie A. Ahrens (JA0372)
Stanford Law School
Center for Internet and Society
559 Nathan Abbott Way
Stanford, CA 94305
Telephone: (650) 736-9050
Facsimile: (650) 723-4426
Email: falzone@stanford.edu

Mark Lemley (admitted *pro hac vice*)
Joseph C. Gratz (admitted *pro hac vice*)
Durie Tangri Lemley Roberts & Kent, LLP
332 Pine Street, Suite 200
San Francisco, CA 94104
Telephone: (415) 362-6666
Email: mlemley@durietangri.com

*Attorneys for Plaintiffs and Counterclaim Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SHEPARD FAIREY and OBEY GIANT ART, INC.,<br><br>    Plaintiffs,<br><br>  -against-<br><br>THE ASSOCIATED PRESS,<br><br>    Defendant and Counterclaim Plaintiff,<br><br>  -against-<br><br>SHEPARD FAIREY, OBEY GIANT ART, INC., OBEY GIANT LLC and STUDIO NUMBER ONE, INC.<br><br>    Counterclaim Defendants, | Case No.: 09-01123 (AKH)<br>ECF Case<br><br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF PLAINTIFFS AND COUNTERCLAIM DEFENDANTS** |

Plaintiffs-Counterclaim Defendants Shepard Fairey ("Fairey") and Obey Giant Art, Inc. and Counterclaim Defendants Obey Giant LLC and Studio Number One, Inc. by and through their attorneys, hereby answer the Counterclaims of Defendant The Associated Press (hereinafter "The AP"), dated March 11, 2009, as follows:

## NATURE OF THE ACTION AND RELIEF SOUGHT

53.     Deny the allegations contained in ¶ 53 of the Counterclaims.

54.     Deny the allegations contained in ¶ 54 of the Counterclaims.

55.     Deny the allegations contained in ¶ 55 of the Counterclaims, except admit that Obey Giant Art Inc. offered for sale a sweatshirt bearing the "Obama Hope" illustration for $60 at the Web site <http://www.obeygiant.com/store>.

56.     State that the allegations contained in ¶ 56 of the Counterclaims are arguments and conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required deny the same.

57.     Deny the allegations contained in ¶ 57 of the Counterclaims.

58.     Deny the allegations contained in ¶ 58 of the Counterclaims.

59.     Deny the allegations contained in ¶ 59 of the Counterclaims.

60.     Deny the allegations contained in ¶ 60 of the Counterclaims.

61.     State that the allegations contained in ¶ 61 of the Counterclaims are arguments and conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required deny the same.

62.     State that the allegations contained in ¶ 62 of the Counterclaims are arguments and conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required deny information or knowledge sufficient to form a belief as

to the allegations contained in ¶ 62 and on that basis deny the same.

63.    State that the allegations contained in ¶ 63 of the Counterclaims are arguments and conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required admit that Fairey and Obey Giant Art Inc. filed a declaratory judgment action in response to The AP's allegations that Fairey infringed its copyrights, and deny the remaining allegations contained in ¶ 63.

64.    Deny the allegations contained in ¶ 64 of the Counterclaims, except admit that The AP has asserted claims for damages and injunctive relief, alleging copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202, as well as a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

65.    Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 65 of the Counterclaims and on that basis deny the same, except admit The AP is a New York not-for-profit corporation with its principal place of business at 450 West 33rd Street, New York, New York 10001, and it is one of the largest news organizations in the world.

66.    Deny the allegations contained in ¶ 66 of the Counterclaims, except admit that Shepard Fairey is a visual artist, graphic designer, merchandiser and business owner who resides in Los Angeles, California.

67.    Admit the allegations contained in ¶ 67 of the Counterclaims.

68.     Deny the allegations contained in ¶ 68 of the Counterclaims, except admit that Obey Giant LLC is a California limited liability corporation located at 1331 West Sunset Boulevard, Los Angeles, California 90026.

69.     Deny the allegations contained in ¶ 69 of the Counterclaims, except admit that Studio One is a California limited liability corporation located at 1331 West Sunset Boulevard, Los Angeles, California 90026.

## JURISDICTION AND VENUE

70.     State that the allegations contained in ¶ 70 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, admits this Court has subject matter jurisdiction over The AP's First, Second and Fourth claims.

71.     State that the allegations contained in ¶ 71 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required admit this Court has personal jurisdiction over Plaintiffs.

72.     State that the allegations contained in ¶ 72 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required admit venue is proper in this district.

## FACTUAL BACKGROUND

73.     Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 73 of the Counterclaims and on that basis deny the same, except admit The AP is a not-for-profit corporation and it is one of the largest news organizations in the world.

74.     Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 74 of the Counterclaims and on that basis deny the same.

75.     Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 75 of the Counterclaims and on that basis deny the same.

76.     Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 76 of the Counterclaims and on that basis deny the same.

77.     Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 77 of the Counterclaims and on that basis deny the same.

78.     Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 78 of the Counterclaims and on that basis deny the same.

79.     Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 79 of the Counterclaims and on that basis deny the same.

80.     Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 80 of the Counterclaims and on that basis deny the same.

81.     Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 81 of the Counterclaims and on that basis deny the same.

82.     Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 82 of the Counterclaims and on that basis deny the same.

83.     Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 83 of the Counterclaims and on that basis deny the same.

84.     Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 84 of the Counterclaims and on that basis deny the same.

85.     Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 85 of the Counterclaims and on that basis deny the same.

86.     Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 86 of the Counterclaims and on that basis deny the same, except admit that the photograph reproduced in ¶ 86 is of Bill Clinton.

87.     Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 87 of the Counterclaims and on that basis deny the same.

88.     Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 88 of the Counterclaims and on that basis deny the same.

89.     Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 89 of the Counterclaims and on that basis deny the same.

90.     Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 90 of the Counterclaims and on that basis deny the same, except admit that The AP has licensed content to customers.

91.     Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 91 of the Counterclaims and on that basis deny the same, except admit that The AP licenses photos via the Internet.

92.     Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 92 of the Counterclaims and on that basis deny the same, except admit that The AP has licensed content to customers.

93.     Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 93 of the Counterclaims and on that basis deny the same.

94.     Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 94 of the Counterclaims and on that basis deny the same.

95.     Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 95 of the Counterclaims and on that basis deny the same.

96.     Deny the allegation in ¶ 96 of the Counterclaims regarding The AP's copyright registration, except admit that The AP holds a copyright registration, Registration No. VA 1-356-885, in an automated database of hundreds of Associated Press news photographs. Admit that the photograph shown in ¶ 96 and attached as Exhibit B of the Counterclaims is a photograph of President Barack Obama. Denies information or knowledge sufficient to form a belief as to the remaining allegations contained in ¶ 96 of the Counterclaims and on that basis deny the same.

97.     Deny the allegations contained in ¶ 97 of the Counterclaims, except admit that National Public Radio broadcast an interview of Mannie Garcia on February 26, 2009, which is available at

http://www.npr.org/templates/story/story.php?storyId=101184444.

98.     Deny the allegations contained in ¶ 98 of the Counterclaims, except admit Fairey is a visual artist, graphic designer and business owner who has used pre-existing works as visual references to create new artistic works. Admit that in 1989 Fairey created an illustration of Andre the Giant, the late famous wrestler and actor, which he and many others have displayed in public areas across the country, including New York, Boston, Providence and San Diego. Admit that Fairey has registered the mark Obey® with the United States Patent and Trademark Office, with the registration numbers 2632359, 2762299 and 3282078.

99.     Deny the allegations contained in ¶ 99 of the Counterclaims, except admit that Fairey has been arrested for his street art more than a dozen times, most recently in Boston on two outstanding warrants on February 6, 2009.

100.     Deny the allegations contained in ¶ 100 of the Counterclaims.

101.     Deny the allegations contained in ¶ 101 of the Counterclaims, except admit that the photograph on the left in ¶ 101 is entitled "Black Panther" and was taken by Pinkie Jones in 1968 of a Black Panther, and admit that the illustration on the right in ¶ 101 was created by Fairey which he made into a street poster.  Fairey admits that he did not license "Black Panther" from Mr. Jones.

102.     Deny the allegations contained in ¶ 102 of the Counterclaims, except admit that the photograph on the left in ¶ 102 is a poster by Rene Mederos, and admit that Fairey created the images on the T-shirts displayed on the right in ¶ 102 after obtaining a license from Mr. Mederos.

103.     Deny the allegations contained in ¶ 103 of the Counterclaims, except admit that Rupert Garcia created a silkscreen print titled *Down with the Whiteness* (shown on the left in ¶ 103), which is featured in the permanent collection of the Fine Arts Museum of San Francisco, and admit that Fairey created the illustration shown on the right in ¶ 103. Fairey admits he did not obtain a license from Mr. Garcia.

104.     Deny the allegations contained in ¶ 104 of the Counterclaims, except admit that the image shown on the left in ¶ 104 is a photograph by a Swiss photographer and that Fairey created the illustration shown on the right in ¶ 104.  Fairey admits he did not obtain a license from the Swiss photographer.

105.     Deny the allegations contained in ¶ 105 of the Counterclaims, except admit that Austrian artist Koloman Moser's public domain image is pictured on the left in ¶ 105 and admit that Fairey created the illustration shown on the right in ¶ 105. Fairey admits he did not obtain a license from the Moser estate for this public domain image.

106.     Deny the allegations contained in ¶ 106 of the Counterclaims.

107.     Deny the allegations contained in ¶ 107 of the Counterclaims.

108.     Deny the allegations contained in ¶ 108 of the Counterclaims, except admit that since 1999 Fairey has filed nine trademark applications, five of which have been abandoned, and now has four active trademark registrations in the words "OBEY" "DISOBEY" and the "OBEY®" logo.

109.     Admit the allegations contained in ¶ 109 of the Counterclaims.

110.     Deny the allegations contained in ¶ 110 of the Counterclaims, except admit that the ObeyGiant.com Web site allows visitors to download for free certain Fairey trademarks and images, and his website contains an "All Rights Reserved" copyright notice on each page.

111.     Deny the allegations contained in ¶ 111 of the Counterclaims, except admit that Fairey allowed the free download of the "Obama Hope" poster and image from his website in order to support Obama's candidacy.   Fairey explained on his website (http://www.obeygiant.com/ headlines/the-real-deal) that he did not grant permission for the image to be used for commercial purposes and stated on the website, "This downloadable image is not to be used for merchandise or any other profitable means and it is a copyrighted image of Shepard Fairey and OBEY GIANT ART."

112.     Deny the allegations contained in ¶ 112 of the Counterclaims, except admit that representatives for Fairey and his related entities sent Baxter Orr two cease-and-desist letters in April 2008 in connection with Orr's commercial use of Fairey's trademarked Obey Giant name and logo.  Admits that Orr's work, titled "Protect Yourself – Obey Giant" is displayed on the right of ¶ 112, Fairey's illustration titled "Obey Giant" is displayed on the left of ¶ 112.

113.     Deny the allegations contained in ¶ 113 of the Counterclaims, except admit that Fairey's representative's first cease and desist communication to Orr sent on April 3, 2008 by email, asserted that Orr's signed silkscreen print entitled PROTECT YOURSELF-OBEY GIANT infringed Fairey's copyrights, and asserted Orr's work was "essentially identical" to Fairey's Obey Giant work.

114.     Admit the allegations contained in ¶ 114 of the Counterclaims.

115.     Admit the allegations contained in ¶ 115 of the Counterclaims.

116.     Deny the allegations contained in ¶ 116 of the Counterclaims, except admit that the cease and desist email concluded by stating, "We demand that you immediately cease the use and distribution of all infringing works derived from [Fairey's Obey Giant work], and all copies, including electronic copies, of same, that you deliver to me, if applicable, all unused, undistributed copies of same, or destroy such copies immediately and that you desist from this or any other infringement of my rights in the future."

117.     Deny the allegations contained in ¶ 117 of the Counterclaims.

118.     Deny the allegations contained in ¶ 118 of the Counterclaims, except admit that after Orr responded to the first cease and desist email with a demand for a cease

and desist notice via certified mail and signed by an actual attorney, Fairey's attorney sent a cease and desist letter to Orr explaining that Fairey owns copyrights, trademarks, and trade dress rights in the Obey Giant logo and name, which Orr used as part of a silk screened print he made available at <http://www.baxterorr.bigcartel.com/product/protect-yourself-obey-giant-signed-silkscreen-print>. The attorney's letter included this paragraph:

> One of the many factors contributing to the value and desirability of my Client's [defined in the letter as "Shepard Fairey and his related entities"] Intellectual Property is the limited licensed uses and his control over such uses. Such exclusivity commands a significant premium over the designs supplied by the average designer. My Client has long required the purchase of a license in connection with a right to use its Intellectual Property on goods, services, advertising, and publicity. My Client identifies the permitted uses in a License Agreement which accompanies each license granted. This agreement governs the use of the Intellectual Property. People and businesses seek out my Client and his distinctive artwork when they desire to have a certain look to their work and/or to appeal to a certain audience which favors my Client's work. My Client typically warrants that his licensees acquire exclusive rights in their licensed categories, and they expect my Client to pursue those who are using the same or confusingly similar marks on their goods and services and thus diminishing the value of their licenses. Indeed, it is through clients and potential clients that your use came to my Client's attention.

119.    Deny the allegations contained in ¶ 119 of the Counterclaims, except admit the Fairey's attorney's cease and desist letter to Orr contained the following paragraph:

> You have not secured a license to use and distribute the Intellectual Property either for its own uses or in connection with its products and marketing. Specifically, your apparent unlicensed appropriation, use, copying, dilution, and distribution of the Intellectual Property for your financial benefit and any other uses, are each infringements and dilutions of my Client's valuable trademarks and copyrights. Be advised that your actions may violate both federal and state unfair competition and trademark laws.

120.    Deny the allegations contained in ¶ 120 of the Counterclaims, except admit Fairey's attorney's cease and desist letter to Orr contained the following paragraph:

> It is my Client's sincere wish to settle this matter in an amicable consensual manner. However, in the absence of a mutually acceptable

agreement, we shall not hesitate to vigorously protect my Client's rights, including, if necessary, by filing a complaint in the appropriate court. We expect to receive your response no later than 2 weeks after the date of this letter. Unless and until we reach such an agreement, I must insist that you immediately cease and desist from all infringing uses of my Client's Intellectual Property.

121.     Deny the allegations contained in ¶ 121 of the Counterclaims, except admit that the attorney's cease and desist letter to Orr included the following paragraph:

Finally, I want to call your attention to California Civil Code § 985, which reads in part "Letters and other private communications in writing belong to the person to whom they are addressed and delivered; but they cannot be published against the will of the writer, except by authority of law." Accordingly, I do not expect to see this letter in a public forum and you are not authorized to publish it, including (without limitation) by putting it on the Internet. This also applies to your posting of my Client's first cease and desist letter online. Demand is also made that you remove your public copies of my Client's correspondence.

122.     Deny the allegations contained in ¶ 122 of the Counterclaims, except admit that in February 2009 Fairey's representative sent a takedown request to CafePress.com, which was facilitating the sale by the proprietors of http://www.steelerbaby.com/ of t-shirts bearing the Obey trademarked name. When he learned his representative sent the takedown notice, Fairey requested that his representative withdraw it, and his representative rescinded the takedown sent to CafePress.com. The items remain for sale on http://www.steelerbaby.com/ through the CafePress store.

123.     Deny knowledge and information sufficient to form a belief as to the allegations contained in ¶ 123 of the Counterclaims and on that basis deny the same.

124.     State the allegations contained in ¶ 124 of the Counterclaims are arguments and conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required deny the same.

125.     Deny the allegations contained in ¶ 125 of the Counterclaims.

126.    Deny knowledge and information sufficient to form a belief as to the allegations contained in ¶ 126 of the Counterclaims and on that basis deny the same.

127.    Deny the allegations contained in ¶ 127 of the Counterclaims, except admit that Fairey said he wanted to work from an image of Obama that was "Presidential" and in which Obama was "gazing off into the future, saying, 'I can guide you.'"

128.    Deny the allegations contained in ¶ 128 of the Counterclaims.

129.    Deny the allegations contained in ¶ 129 of the Counterclaims.

130.    State the allegations contained in ¶ 130 of the Counterclaims are arguments and conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required deny the same.

131.    State the allegations contained in ¶ 131 of the Counterclaims are arguments and conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required deny the same.

132.    Deny the allegations contained in ¶ 132 of the Counterclaims.

133.    Deny knowledge and information sufficient to form a belief as to the allegations contained in ¶ 133 of the Counterclaims and on that basis deny the same.

134.    State the allegations contained in ¶ 134 of the Counterclaims are arguments and conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required deny the same.

135.    Deny the allegations contained in ¶ 135 of the Counterclaims.

136.    Deny the allegations contained in ¶ 136 of the Counterclaims.

137.    Deny the allegations contained in ¶ 137 of the Counterclaims.

138.    Deny the allegations contained in ¶ 138 of the Counterclaims.

139.     Deny the allegations contained in ¶ 139 of the Counterclaims, except admit that Obey Giant Art, Inc. registered the copyright in the Obama Hope (Reg. No. VA0001651318), Obama Progress (Reg. No. VA 0001651319) and Obama Change (Reg. No. VA0001651320) works by Fairey.

140.     Deny the allegations contained in ¶ 140 of the Counterclaims, except admit that Fairey created the illustration of Obama contained in the Obama For America Campaign's poster (displayed on the right in ¶ 140) and that the Obama For America Campaign added the "VOTE" text and credits listed on the poster.  Fairey admits he created the illustration of Obama using the photograph (displayed on the left in ¶ 140) as a visual reference, after the Obama Campaign gave him the photograph and asked him to create an illustration.

141.     Admit the allegations contained in ¶ 141 of the Counterclaims.

142.     Deny the allegations contained in ¶ 142, except admit that Fairey and Obey Giant Art Inc. identify in the Complaint the photograph Fairey used as a visual reference to create the Obama Works, which is the photograph displayed on the left in ¶ 142 of the Counterclaims (what The AP labels the "Clooney Photo").

143.     Deny the allegations contained in ¶ 143, except admit that Mr. Clooney is not in the photograph The AP labels the Obama Photo or in the Obama Works created by Fairey.

144.     Deny information and knowledge sufficient to form a belief as to the allegations in ¶ 144 of the Counterclaims regarding what Fairey did not say during unspecified interviews in 2008 about the creation of the Obama Works, and on that basis deny the same.  Deny the remaining allegations contained in ¶ 144 of the Counterclaims.

145.     State the allegations contained in ¶ 145 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required deny the same.

146.     Deny information and knowledge sufficient to form a belief as to the allegations in ¶ 146 of the Counterclaims regarding steps The AP took to analyze the photo, and on that basis deny the same.   Deny the remaining allegations of ¶ 146 of the Counterclaims, except admit Fairey's representative contacted The AP's in-house counsel on or around January 30, 2009, and during that conversation The AP's attorney alleged that Fairey's work infringed an AP photograph and stated The AP wanted not only a licensing fee but a percentage of all revenue generated by the Obama Works. Admit The AP's attorney stated the AP would donate the money to a fund for journalists.

147.     Deny the allegations contained in ¶ 147 of the Counterclaims, except admit that on or about February 2, 2009, Fairey's counsel responded to The AP's in-house counsel, and informed her that Fairey's use was a fair use and The AP's counsel disagreed and made clear that The AP wanted not only a licensing fee but a percentage of all revenue generated by the Obama Works.

148.     Deny the allegations contained in ¶ 148 of the Counterclaims, except admit that on or about February 4, 2009, Fairey's counsel contacted The AP's in-house counsel and the parties agreed not to initiate any lawsuit prior to Friday, February 6.

149.     Deny the allegations contained in ¶ 149 of the Counterclaims, except admit that Fairey's counsel received an email from The AP's in-house counsel at 11:53 a.m. (PST) on February 6, 2009, stating the AP would initiate suit against Fairey on Tuesday, February 10 at 2 p.m. in the Southern District of New York if the matter were not resolved by

then, and Fairey's counsel did not call The AP's in-house counsel following receipt of that email.

150. Deny information and knowledge sufficient to form a belief as to the allegations contained in ¶ 150 of the Counterclaims, and on that basis deny the same.

151. Deny information and knowledge sufficient to form a belief as to the allegations contained in ¶ 151 of the Counterclaims and on that basis deny the same, except admit that Fairey's counsel received an email from The AP's in-house counsel at 11:53 a.m. (PST) stating the AP would initiate suit against Fairey on Tuesday, February 10 at 2 p.m. in the Southern District of New York if the matter were not resolved by then.

152. Deny the allegations contained in ¶ 152 of the Counterclaims, except admit that Fairey and Obey Giant Art. Inc. filed the instant lawsuit on Monday February 9, 2009, and counsel for Fairey and Obey Giant Art Inc. provided a courtesy copy of the complaint to The AP's in-house counsel by email at 7:43 a.m. (PST) that morning.

153. Deny the allegations contained in ¶ 153 of the Counterclaims, except admit that Fairey has built a sophisticated viral marketing enterprise based on his designs.

154. Deny the allegations contained in ¶ 154 of the Counterclaims, except admit that merchandise covered by the Obey® and related trademarks can be purchased at <http://shop.obeyclothing.com> and <http://obeygiant.com/>.

155. Deny the allegations contained in ¶ 155 of the Counterclaims, except admit that Fairey or his related entities have created successful art projects for Levi Strauss & Co., Mountain Dew, Universal Pictures, Express, Sunkist, Honda Civic, Dewars, Virgin Megastore, Guggenheim, Adidas and Motorola.

156. Deny the allegations contained in ¶ 156 of the Counterclaims, except admit that Studio Number One will launch a marketing campaign for Saks Fifth Avenue, which will include the display of Studio Number One's designs in the store and on shopping bags.

157. Deny the allegations contained in ¶ 157 of the Counterclaims, except admit that Fairey and Obey Giant Art Inc. have registered intellectual property rights to their works.

158. Deny the allegations contained in ¶ 158 of the Counterclaims.

159. Deny the allegations contained in ¶ 159 of the Counterclaims.

160. Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 160, and on that basis deny the same, except admit that Fairey is free to establish a commercial, for-profit enterprise designed to make money from his work.

161. State that the allegations contained in ¶ 161 of the Counterclaims are argument and conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

162. State that the allegations contained in ¶ 162 of the Counterclaims are argument and conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

## FIRST COUNTERCLAIM – COPYRIGHT INFRINGEMENT

163. Repeat and reallege each and every response to ¶¶ 53 to 162 above as if fully set forth herein.

164.    State that the allegations contained in ¶ 164 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

165.    State that the allegations contained in ¶ 165 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

## SECOND COUNTERCLAIM — CONTRIBUTORY COPYRIGHT INFRINGEMENT

166.    Repeat and reallege each and every response to ¶¶ 53 to 165 above as if fully set forth herein.

167.    State that the allegations contained in ¶ 167 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

168.    State that the allegations contained in ¶ 168 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

169.    State that the allegations contained in ¶ 169 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

170.    Deny the allegations contained in ¶ 170 of the Counterclaims.

171.    State that the allegations contained in ¶ 171 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

## THIRD COUNTERCLAIM — DECLARATORY JUDGMENT

172.    Repeat and reallege each and every response to ¶¶ 53 to 171 above as if fully set forth herein.

173.    Deny the allegations contained in ¶ 173 of the Counterclaims, except admit that Obey Giant Art, Inc. registered the copyright in the Obama Hope (Reg. No. VA0001651318), Obama Progress (Reg. No. VA 0001651319), and Obama Change (Reg. No. VA0001651320) works.

174.    State that the allegations contained in ¶ 174 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

175.    State that the allegations contained in ¶ 175 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required denies that there is a justiciable controversy between the parties regarding The AP's right to use the Obama Photo it asserts a copyright in.

176.    State that the allegations contained in ¶ 176 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny a declaration is necessary and appropriate to affirm The AP's right to continue to make use of the Obama Photo.

177.    State that the allegations contained in ¶ 177 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

178.     State that the allegations contained in ¶ 178 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

## FOURTH COUNTERCLAIM — VIOLATION OF THE DMCA

179.     Repeat and reallege each and every response to ¶¶ 53 to 178 above as if fully set forth herein.

180.     Deny information and knowledge sufficient to form a belief as to the allegations contained in ¶ 180 of the Counterclaims and on that basis deny the same.

181.     Deny the allegations contained in ¶ 181 of the Counterclaims.

182.     Deny the allegations contained in ¶ 182 of the Counterclaims.

183.     Deny the allegations contained in ¶ 183 of the Counterclaims.

184.     State that the allegations contained in ¶ 184 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

185.     State that the allegations contained in ¶ 185 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

186.     State that the allegations contained in ¶ 186 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

## PRAYER FOR RELIEF

187.     Repeat and reallege each and every response to ¶¶ 53 to 186 above as if fully set forth herein. Deny The AP is entitled to any relief whatsoever.

## COUNTERCLAIM-DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1.      Defendant's counterclaims are barred because the alleged infringement is a non-infringing fair use as set forth in 17 U.S.C. § 107 and the common law.

### SECOND DEFENSE

2.      Defendant's counterclaims are barred in whole or in part by the First Amendment of the United States Constitution.

### THIRD DEFENSE

3.      Defendant's alleged copyright registration is invalid or unenforceable due to the failure to comply with the requirements of Title 17 of the United States Code.

**FOURTH DEFENSE**

4.     Defendant's counterclaims are barred in whole or in part by the equitable doctrine of unclean hands.  Specifically, The AP claims copyright ownership in, and makes commercial use of, many photographs that consist almost entirely of copyrighted artwork of Fairey and other artists without permission.  Copies of these photographs are offered for sale and licensed for use by The AP through its image licensing database available at http://www.apimages.com.  These photographs include, but are by no means limited to, the following examples:

a.     The AP's image database includes the following photograph of Fairey's *Obama Hope Mural*.  The AP did not obtain a license to use Fairey's work in this photograph.



b.       The AP has used the above photograph and the *Obama Hope Mural* to market its image licensing database, as illustrated by this screen shot of the home page taken on March 27, 2009 at approximately 3:50 p.m (PST).  The AP did not obtain a license to use Fairey's work in connection with the advertising and promotion of its image database.



c.    The AP's image database includes the following photograph of Fairey's *Obama Hope* posters.  The AP did not obtain a license to use Fairey's work in this photograph.



d.    On January 7, 2009 The AP distributed a story entitled "Iconic Obama portrait headed to Smithsonian museum" by Brett Zongker.  The AP's article included a photograph attributed to The AP, which depicted Fairey's *Obama Hope Stencil Collage* that now hangs in the National Portrait Gallery of the Smithsonian Institution. (A copy of the full article is attached as Exhibit A and available at

http://www.suntimes.com/entertainment/1366421,w-obama-portrait-smithsonian-hope-010709.article.) The AP did not obtain a license to use Fairey's work in this photograph. As shown below, the photograph attributed to The AP consists of nothing more than a literal reproduction of Fairey's work.





e.    The AP's image database contains the following photograph of Jeff Koons' sculpture entitled *Ushering In Banality*.  On information and belief, The AP did not obtain a license to use Koons' work in this photograph.



f.    The AP's image database contains the following photograph of Banksy's *Sketch for Essex Road*.  On information and belief, The AP did not obtain a license to use Banksy's work in this photograph.



g.     The AP's image database contains the following photograph of George Segal's *The Diner*.  On information and belief, The AP did not obtain a license to use Segal's work in this photograph.



h.     The AP's image database contains the following photograph of Kerry James Marshall's *Den Mother*.  On information and belief, The AP did not obtain a license to use Marshall's work in this photograph.



i.    The AP's image database contains the following photograph of Banksy's *Di-Faced Notes*.  On information and belief, The AP did not obtain a license to use Banksy's work in this photograph.



j.    The AP's image database contains the following photograph of Jeff Koons' *Stacked*.  On information and belief, The AP did not obtain a license to use Koons' work in this photograph.



k.     The AP's image database contains the following photograph of Keith Haring's *Hope*.  On information and belief, The AP did not obtain a license to use Haring's work in this photograph.



l.     The AP's image database contains the following photograph of Ron Mueck's *Mask II*.  On information and belief, The AP did not obtain a license to use Mueck's work in this photograph.



m.     The AP's image database contains the following photograph of Banksy's *Untitled*. On information and belief, The AP did not obtain a license to use Banksy's work in this photograph.



5.     The doctrine of unclean hands and basic principles of equity prohibit The AP from contending that Counterclaim Defendants' Obama Works infringe The AP's copyrights when The AP itself exploits the copyrighted work of Fairey and other artists without permission and in a manner that is far less transformative than the Obama Works, as illustrated but not limited to, the photographs listed above.

## FIFTH DEFENSE

6.     Defendant's counterclaims are barred in whole or in part by the equitable doctrine of judicial estoppel.

## SIXTH DEFENSE

7.     Any damages and profits sought by Defendant are limited, in whole or in part, pursuant to 17 U.S.C. §504(b) and exclude deductible expenses and any elements of profit attributable to factors other than the alleged infringement of Defendant's copyrighted work.

## SEVENTH DEFENSE

8.      Plaintiffs and Counterclaim Defendants have made no profit as a result of the complained of acts, including any profit under 17 U.S.C. §504(b) that is attributable to Defendant's allegedly infringed copyright.

## EIGHTH DEFENSE

9.      Any statutory damages sought by Defendant pursuant to 17 U.S.C. §504(c) are limited, in whole or in part, because any alleged infringement was not committed willfully and Fairey was not aware and had no reason to believe that his acts constituted an infringement of copyright.

## NINTH DEFENSE

10.      Defendant has failed to mitigate its purported damages and recovery of damages, if any, must be reduced accordingly.

## TENTH DEFENSE

11.      Defendant's counterclaims are barred in whole or in part because Plaintiffs and Counterclaim Defendants were not aware and had no reason to believe that their acts constituted a violation of 17 U.S.C. § 1202.


DATED:  APRIL 14, 2009                  Respectfully Submitted,

                                        _____/s/_____
                                        Anthony T. Falzone (admitted *pro hac vice*)
                                        Julie A. Ahrens (JA0372)
                                        Stanford Law School
                                        Center for Internet and Society
                                        559 Nathan Abbott Way
                                        Stanford, CA 94305
                                        Telephone: (650) 736-9050
                                        Facsimile: (650) 723-4426
                                        Email: falzone@stanford.edu

Mark Lemley (admitted *pro hac vice*)
Joseph C. Gratz (admitted *pro hac vice*)
Durie Tangri Lemley Roberts & Kent, LLP
332 Pine Street, Suite 200
San Francisco, CA 94104
Telephone: (415) 362-6666
Email: mlemley@durietangri.com

*Attorneys for Plaintiffs and Counterclaim*
*Defendants*