**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**



USDC...
D...
... FILED
...
DATE FILED 5/29/09

---

**SHEPARD FAIREY AND OBEY GIANT ART, INC.,**

**Plaintiffs,**

v.

**THE ASSOCIATED PRESS,**

**Defendant and Counterclaim Plaintiff,**

v.

**SHEPARD FAIREY, OBEY GIANT ART, INC., OBEY GIANT LLC AND STUDIO NUMBER ONE, INC.**

**Counterclaim Defendants.**

---

**Civil Action No.: 09-01123 (AKH)**

~~Proposed~~ **Case Management Order**

---

Plaintiffs and Counterclaim Defendants Shepard Fairey and Obey Giant Art, Inc. and Counterclaim Defendants Obey Giant LLC and Studio Number One, Inc. (collectively "Plaintiffs and Counterclaim Defendants") and Defendant and Counterclaim Plaintiff The Associated Press ("Associated Press") have conferred as required by Federal Rule of Civil Procedure 26(f) and respectfully submit this report setting forth the parties' discovery plan.

### A.    Initial Disclosures

The parties exchanged written disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure on May 12, 2009.

### B.    Focus and Timing of Discovery

The parties agree that discovery will be required on each of the elements of the claims and defenses The Associated Press asserts against Plaintiffs and Counterclaim Defendants, and

each of the elements of the claims and defenses Plaintiffs and Counterclaim Defendants assert against the Associated Press. The parties do not believe discovery needs to be conducted in phases or limited or focused on one particular issue or issues.

The Associated Press has requested that the parties produce e-mail documents in TIFF format with associated metadata load files, and produce all other documents in their native format. Plaintiffs and Counterclaim Defendants are considering this proposal.

The parties further agree that no change in the limitations on discovery imposed under the federal rules or the local rules should be made at this time, or any other limitations imposed. Based on the nature and scope of discovery required, the parties propose the following schedule for discovery and the briefing of any dispositive motions that should follow the close of discovery:[1]

(1) All fact discovery to be completed by August 14, 2009.

(2) Amendment of pleadings and joinder of additional parties by August 21, 2009.

(3) ~~Disclosure of expert witnesses and exchange of expert reports by September 21, 2009.~~

(4) Disclosure of rebuttal experts and exchange of rebuttal expert reports by October 26, 2009.

(5) Expert discovery to be completed by November 20, 2009.

(6) Dispositive motions and papers in support of such motions shall be filed and served by December 18, 2009.

(7) Papers in opposition to any dispositive motions shall be filed and served by January 29, 2010.

---

[1] Plaintiffs and Counterclaim Defendants believe that it may become appropriate to move for summary adjudication of certain claims, defenses, or issues prior to the close of discovery in order to narrow the case prior to the filing of dispositive motions. The Associated Press disagrees, and believes that it would be more efficient for the Court and the parties to have all dispositive motions follow the close of all discovery in this matter.

2

(8)     Papers in support of any dispositive motions shall be filed and served by February 15, 2010.

### C.     Electronic Discovery and Privilege Issues

The parties do not anticipate any unique issues pertaining to electronic discovery. Insofar as they arise, the parties have agreed to meet and confer about them and raise them with the Court as necessary. In respect to privileged documents, the parties have agreed to provide privilege logs at or near the time responsive documents are produced.

### D.     Stipulated Protective Order

The parties anticipate asking the Court for a single-tiered Stipulated Protective Order with leave to seek a more restrictive "Attorney's Eyes Only" protection to facilitate production of confidential documents and information in the course of discovery. The parties are aware of the Court's Individual Rules concerning protective orders, and will provide a proposed protective order that is consistent with those Rules.

### E.     Service

The parties have agreed to serve documents by e-mail in order to expedite service and reduce costs.

### F.     Settlement Status

The parties have discussed the possibility of an amicable resolution of this matter. They have agreed that further discussions are not likely to be productive at this time.

Respectfully submitted,

Dated:     New York, New York
           May 18, 2009

KIRKLAND & ELLIS LLP

By: _Claudia Ray_
    Dale M. Cendali
    Claudia Ray

3

Citigroup Center
153 East 53rd Street
New York, New York 10022
Tel: (212) 446-4800
Fax: (212) 446-4900

*Attorneys for Defendant/Counterclaim
Plaintiff* THE ASSOCIATED PRESS

CENTER FOR INTERNET AND
SOCIETY/DURIE TANGRI LEMLEY
ROBERTS & KENT

By: *Anthony Falzone* /cils

Anthony T. Falzone
Julie A. Ahrens
Stanford Law School
Center for Internet and Society
559 Nathan Abbott Way
Stanford, CA 94305
Tel: (650) 736-9050
Fax: (650) 723-4426
Email: falzone@stanford.edu

Mark Lemley
Joseph C. Gratz
Durie Tangri Lemley Roberts & Kent,
LLP
332 Pine Street, Suite 200
San Francisco, CA 94104
Tel: (415) 362-6666
Email: mlemley@durietangri.com

*Attorneys for Plaintiffs/Counterclaim
Defendants Shepard Fairey and Obey
Giant Art, Inc. and Counterclaim
Defendants Obey Giant LLC and Studio
Number One, Inc.*

4