

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHEPARD FAIREY AND OBEY GIANT ART, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE ASSOCIATED PRESS, <br><br> Defendant and Counterclaim Plaintiff, <br><br> v. <br><br> SHEPARD FAIREY, OBEY GIANT ART, INC., OBEY GIANT LLC AND STUDIO NUMBER ONE, INC., <br><br> Counterclaim Defendants. | Civil Action No.: 09-01123 (AKH) <br><br> STIPULATED PROTECTIVE ORDER <br><br>  |

**WHEREAS**, certain documents and information have been and may be sought, produced, exhibited or disclosed by and between the parties in this action (the "Action") which relate to the parties' trade secrets, financial information, competitive information, privileged information, personnel information, development or other kinds of commercially sensitive or proprietary information which the party making the production deems confidential; and

**WHEREAS**, the parties in this Action, through their respective counsel, wish to enter a protective order preserving the confidentiality of certain documents and information and respectfully request that this Court so enter this Protective Order;

**IT IS HEREBY STIPULATED AND AGREED THAT:**

1. This Protective Order shall govern the treatment of all documents, and the information contained in them, as well as all other information produced or disclosed during the Action, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party or other person in this Action (the "producing party") to any other party (the "discovering party"). This Protective Order is binding upon the parties to the Action, including their respective corporate parents, successors and assigns, and their respective attorneys, agents, representatives, officers and employees and others as set forth in this Protective Order.

2. "Confidential Information" means any material that is designated pursuant to this Protective Order as "CONFIDENTIAL" by the producing party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer or information otherwise revealed. In designating material as "CONFIDENTIAL," the producing party will make such designation only as to that material that the producing party believes in good faith constitutes confidential, personal, privileged or proprietary information of the producing party or which is of such a highly sensitive nature that the producing party believes in good faith that such information could be used to its detriment by the discovering party or others unless disclosure is restricted to only those persons to whom access is essential for the prosecution or defense of the Action and its use is restricted to the sole and exclusive purpose of resolving the disputed issues of fact and law in this Action. Material that is available to the public, including advertising or promotional materials and the like, shall not be designated as "CONFIDENTIAL,"

3. Specific documents and interrogatory answers produced by a producing party shall, if appropriate, be designated as "CONFIDENTIAL" by placing the legend

2

"CONFIDENTIAL" on the first page of the document or interrogatory answer and, if less than the entire document or fewer than all of the interrogatory answers, then on the confidential portions thereof designated, prior to their production. For all multi-page documents, designation of confidentiality for all pages may be made by employing the legend "CONFIDENTIAL" on the first page only.

4. Any information contained in or related to material produced or provided in the Action for inspection is to be treated by the discovering party as Confidential Information pending the copying and delivery of any copies of same by the producing party to the discovering party.

5. Information disclosed at a deposition taken in connection with this Action may be designated as "CONFIDENTIAL" by:

   a. a producing party (or its counsel) designating testimony as "CONFIDENTIAL" on the record during the taking of the deposition; or

   b. a producing party (or its counsel) notifying all other parties in writing, within fourteen (14) calendar days of receipt of the final transcript of a deposition, that specific pages and lines of the transcript are designated as "CONFIDENTIAL", whereupon each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody or control.

6. Confidential Information shall be disclosed by the discovering party only to the following persons:

   a. outside counsel employed by the discovering party to assist in the Action; the attorneys, paralegals and stenographic and clerical employees employed by such outside counsel; the personnel supplied by any independent contractor (including litigation support

service personnel) employed by such outside counsel in connection with the Action subject to compliance with paragraph 12 of this Protective Order;

        b.      such officers and employees of the discovering party, including in-house counsel, as outside counsel for that party deem necessary for the sole purpose of assisting in this Action subject to compliance with paragraph 12 of this Protective Order;

        c.      any outside consultant or expert who is assisting counsel or a party to the Action to whom it is necessary to disclose Confidential Information for the purpose of assisting in, or consulting with respect to, the preparation of this Action, subject to compliance with paragraph 12 of this Protective Order;

        d.      the Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this Action; and

        e.      stenographic employees and court reporters recording or transcribing testimony relating to the Action.

7. Persons having knowledge of any Confidential Information produced in discovery in this Action by virtue of their participation in the conduct of the Action shall use such Confidential Information only in connection with the prosecution or appeal of the Action and shall neither use such Confidential Information for any other purpose nor disclose such information or the substance thereof to any person who is not listed in paragraph 6 of this Protective Order.

8. Nothing shall prevent disclosure beyond the terms of this Protective Order if the producing party designating the material as "CONFIDENTIAL" (or its counsel) consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

9. Any party which is served with a subpoena or other notice compelling the production of any Confidential Information produced by another party must give immediate written notice to that original producing party of such subpoena or other notice. Upon receiving such notice, the original producing party shall bear the burden to oppose compliance with the subpoena, if it deems it appropriate to do so.

10. Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and will take all reasonable and necessary steps to limit access to Confidential Information to those persons listed in paragraph 6 of this Protective Order. Confidential Information produced or provided by any producing party will be maintained in the discovering party's outside counsels' possession and/or in the possession of the discovering party's outside consultants or experts or other persons entitled to receive copies of the documents pursuant to paragraph 6 of this Protective Order.

11. Prior to the disclosure of any Confidential Information to any person identified in paragraph 6 of this Protective Order (other than the Court, its staff and stenographers), such person shall be provided with a copy of this Protective Order, which he or she shall read and upon reading shall sign a Certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms. A file of all written acknowledgments by persons who have read this Protective Order and agreed in writing, in the form annexed hereto as Exhibit A, to be bound by its terms, shall be maintained by outside counsel for the party obtaining them and shall be made available, upon request, for inspection by the Court *in camera*. Persons who come into contact with Confidential Information for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute acknowledgments.

12. Any producing party may later designate as "Confidential" under paragraph 3 of this Protective Order (or withdraw a designation regarding confidentiality) any material, deposition transcripts or portions thereof ("later designated material") that it has produced or that has been provided to the parties during the course of this action, such as deposition transcripts and portions thereof; provided, however, that such later designation shall be effective only as of the date of such later designation. Such later designation (or withdrawal) shall be accomplished by notifying counsel for each party in writing of such later designation (or withdrawal). Upon receipt of any such written later designation, counsel of record shall not make any further disclosure or communication of such later designated material except as provided for in this Protective Order.

13. Any party may request at any time permission to disclose Confidential Information to a person other than those permitted under paragraph 6 of this Protective Order (or to use such information in a manner prohibited by this Protective Order) by serving a written request upon the producing party's counsel. Any such request shall state the material the party wishes to disclose and to whom it wishes to make such disclosure, and shall reasonably identify the purpose of the disclosure disclosing any attorney work product or attorney client communications. The producing party or its counsel shall thereafter respond to the request in writing within ten (10) calendar days of its receipt of such request; and if consent is withheld, it shall state the reasons why consent is being withheld. A failure to so respond within such ten-day period shall constitute a denial of the request. If, where consent is withheld, the requesting party and the producing party are subsequently unable to agree on the terms and conditions of disclosure, disclosure may only be made in accordance with the producing party's designation of

the material as "CONFIDENTIAL" unless and until differing treatment is directed pursuant to any order of the Court.

14. Any party may object to the propriety of the designation (or later designation) of specific material as "CONFIDENTIAL" by serving a written objection upon the producing party's counsel. The producing party or its counsel shall thereafter, within ten (10) calendar days, respond to such objection in writing by either: (a) agreeing to remove the designation; or (b) stating the reason why the designation was made. If the objecting party and the producing party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the objecting party shall be free to move the Court for an Order removing or modifying the disputed designation. On such a motion it will be the burden of the party imposing a limitation on circulation of discovery materials to justify that limitation. Pending the resolution of the motion, the material(s) in issue shall continue to be treated in the manner as designated by the producing party unless and until the Court orders otherwise.

15. Notwithstanding any other provisions hereof, nothing in the foregoing shall restrict any party's outside counsel from rendering advice to its clients with respect to this Action, and in the course thereof, relying upon Confidential Information, provided that in rendering such advice, outside counsel shall not disclose any other party's Confidential Information unless and other than as permitted by this Protective Order.

16. Inadvertent production of any document or information, including information which is disclosed during a deposition, without a designation of confidentiality will not be deemed to waive a later claim as to its confidential nature or stop the producing party from designating said document or information as "CONFIDENTIAL" at a later date. Disclosure of said document or information by any party prior to such later designation shall not be deemed a

violation of the provisions of this Protective Order, provided, however, that the party that disclosed the later designated material shall make a reasonable effort to procure all copies of such later designated material from any persons known to have possession of any such later designated material who are not entitled to receipt thereof under paragraph 6 of this Protective Order and have such persons sign on to the certification attached as Exhibit A hereto.

17. Consistent with the Court's Individual Rules, to the extent that any Confidential Information (including without limitation any portions of any deposition transcript which have been designated as "CONFIDENTIAL" pursuant to Section 5 of this Protective Order) is, in whole or in part, contained in, incorporated in, reflected in, described in or attached to any pleading, motion, memorandum, appendix or other judicial filing, counsel shall (i) make such filing with any such Confidential Information redacted and (ii) simultaneously submit a complete, non-redacted set of papers to the Court for an *in camera* review, following which the Court shall determine whether and to what extent such filing should be designated and treated as a "Sealed Document." All documents filed under seal pursuant to this Protective Order shall be filed in a sealed envelope and shall remain under seal until such time as the Court orders otherwise. Such Sealed Documents shall be identified with the caption of this action, a general description of the sealed contents and shall bear the following statement which shall also appear on the sealed envelope:

**CONFIDENTIAL**

**CONTENTS HEREOF ARE CONFIDENTIAL AND ARE SUBJECT TO A COURT-ORDERED PROTECTIVE ORDER GOVERNING THE USE AND DISSEMINATION OF SUCH CONTENTS**

18. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence.

19. Upon the conclusion of the Action, including any appeals related thereto, at the written request and option of the producing party, all Confidential Information and any and all copies thereof, shall be returned within sixty (60) calendar days to the producing party, provided, however, that counsel may retain their attorney work product and all court-filed documents shall remain subject to the terms of this Protective Order. In the alternative, either the producing party or the person receiving the Confidential Information may elect to have the same destroyed. At the written request of the producing party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing Confidential Information shall deliver to the producing party a letter confirming that reasonable efforts have been made to ensure that all such Confidential Information and any copies thereof, any and all records, notes, memoranda, summaries or other written material regarding the Confidential Information (except for attorney work product and court-filed documents as stated above) have been destroyed or delivered in accordance with the terms of this Protective Order.

20. If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall as soon as possible upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

21. Nothing contained in this Protective Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any other party or the Court.

22. Nothing herein shall operate as an admission by any of the parties hereto that any particular material contains or reflects trade secrets, or other confidential or proprietary information.

23. By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this action.

24. The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to Rule 26(c) and/or Rule 37 of the Federal Rules of Civil Procedure.

25. Subpoenaed third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a producing party for purposes of this Protective Order.

The Court retains discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

Dated:  New York, New York
        June 19, 2009

KIRKLAND & ELLIS LLP

By: _____
    Dale M. Cendali
    Claudia Ray

Citigroup Center
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
Fax: (212) 446-4900

*Attorneys for Defendant/Counterclaim Plaintiff* THE ASSOCIATED PRESS

CENTER FOR INTERNET AND
SOCIETY/DURIE TANGRI LEMLEY
ROBERTS & KENT

By: *Julie A. Ahrens*
Anthony T. Falzone
Julie A. Ahrens

Stanford Law School
Center for Internet and Society
559 Nathan Abbott Way
Stanford, CA 94305
Tel: (650) 736-9050
Fax: (650) 723-4426
Email: falzone@stanford.edu

Mark Lemley
Joseph C. Gratz
Durie Tangri Lemley Roberts & Kent, LLP
332 Pine Street, Suite 200
San Francisco, CA 94104
Tel: (415) 362-6666
Email: mlemley@durietangri.com

*Attorneys for Plaintiffs/Counterclaim Defendants Shepard Fairey and Obey Giant Art, Inc. and Counterclaim Defendants Obey Giant LLC and Studio Number One, Inc.*

SO ORDERED:

_____
U.S.D.J.

6/23/0

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHEPARD FAIREY AND OBEY GIANT ART, INC., <br><br>**Plaintiffs,**<br><br>v.<br><br>THE ASSOCIATED PRESS,<br><br>**Defendant and Counterclaim Plaintiff,**<br><br>v.<br><br>SHEPARD FAIREY, OBEY GIANT ART, INC., OBEY GIANT LLC AND STUDIO NUMBER ONE, INC.,<br><br>**Counterclaim Defendants.** | Civil Action No.: 09-01123 (AKH)<br><br>CERTIFICATION OF STIPULATED PROTECTIVE ORDER |

The undersigned hereby acknowledges that, having read the attached Stipulated Protective Order filed in this action on _____, 2009, the undersigned understands the terms thereof and agrees to be bound thereby. The undersigned further agrees to submit to and not to contest the jurisdiction and venue of the Court and understands that the Court may impose sanctions for any violation of the attached Stipulation and Protective Order.

_____
Date

_____
Signature

_____
Name (typed or printed)

13