UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHEPARD FAIREY and OBEY GIANT ART, INC. <br><br> Plaintiffs, <br> v. <br><br> THE ASSOCIATED PRESS and MANNIE GARCIA, <br><br> Defendants. <br><br> v. <br><br> SHEPARD FAIREY, OBEY GIANT ART, INC., OBEY GIANT LLC and STUDIO NUMBER ONE, INC. <br><br> Counterclaim Defendants. | 09 CIV 01123 (AKH) |

**MEMORANDUM OF LAW IN SUPPORT OF INTERVENOR MANNIE GARCIA'S MOTION TO INTERVENE**

Mannie Garcia submits this Memorandum in support of his motion for leave to intervene as a defendant in this action and to file the proposed Answer with Counter-Claims and Cross-Claims.

**PRELIMINARY STATEMENT**

Intervenor Mannie Garcia is an independent, freelance professional photographer, who worked for the Associated Press ("AP") for approximately five weeks taking photographs at various events in and around Washington D.C. He worked from his apartment and his car and used his own equipment. Further, Mr. Garcia selected what photographs to take and performed a classic "skill" service. Because he was not an AP employee, he was not eligible to join the union. He received no health, vacation, unemployment or other benefits from the Associated

Press and never agreed to assign his copyright rights in his photographs to the Associated Press. Mr. Garcia was free to – and did – work for other individuals and corporations while working with the AP as long as his other work did not interfere with his work for AP. He was never an AP employee, but was the creative author and is the rightful owner of the photograph referenced multiple times in the Complaint as the "Garcia Photograph."

The photograph at issue was taken by Mr. Garcia on April 27, 2006 at the National Press Club and is one of two hundred seventy-five (275) photos taken, sixteen (16) of which were selected by Mr. Garcia to transmit on to AP. The Obama photograph was "made distinctive by Mr. Garcia's creative and artistic input, including (1) his deliberate selection of a specific moment in time to capture President Obama's expression; (2) his choice in using a particular type of lens and light for optimal impact; and (3) his careful and unique composition of the photograph. These facts, combined with Mr. Garcia's experience, skill and judgment, resulted in the creation of a distinctive image of a unique moment and expression of President Obama." March 11, 2009 Answer and Counterclaims of the Associated Press ("AP Answer"), ¶58.

The Garcia Photograph was ultimately used by Plaintiffs in the posters that became known as "Obama Progress" and "Obama Hope" which have been sold by Plaintiffs since early 2008. The same photo was subsequently used in other posters and items, such as the poster titled "Yes We Did." Plaintiffs have profited from the sales of Mr. Garcia's copyrighted photographic image and Defendant AP seeks to reap some of the profit by claiming that it – and not Mr. Garcia – is the rightful owner of the copyright in the photograph.

## ARGUMENT

I. **Mannie Garcia Meets the Criteria for Intervention as of Right**

A party may intervene as of right pursuant to Fed.R.Civ.P. 24(a)(2) if "(1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties." MasterCard Int'l., Inc. v. Visa Int'l Serv. Assoc., Inc., 471 F3d 377, 389 (2d Cir. 2006). Mr. Garcia meets all of the criteria for intervention as of right.

**A. The Motion is Timely.**

The concept of "[t]imeliness defies precise definition, although it certainly is not confined strictly to chronology. Among the circumstances generally considered are: (1) how long the [proposed intervenor] had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to [proposed intervenor] if the motion is denied; and (4) any unusual circumstances mitigating for or against a finding of timeliness." United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994).

Here, the motion is being submitted within five (5) months of the filing of the complaint. This is timely. *See* Int'l Design Concepts, LLC v. Saks, Inc., 486 F.Supp.2d 229, 234 (S.D.N.Y. 2007)(motion to intervene filed more than a year after second amended complaint was timely filed where delay caused no prejudice to parties); Mortgage Lenders Network, Inc. v. Rosenblum, 218 F.R.D. 381, 384 (E.D.N.Y. 2003)(intervention was timely despite six-month delay and the start of discovery); Arista Records, Inc. v. Dalaba Color Copy Center, Inc., 2007 WL 749737, at *3-4 (E.D.N.Y. Mar. 7, 2007)(intervention five months after complaint was filed,

was timely); Citizens Against Retail Sprawl v. United States Army Corps of Engineers, 2007 WL 2778605, at *2 (W.D.N.Y. Sept. 18, 2007(despite three and a half month wait to intervene, motion was timely); United States v. Lauer, 242 F.R.D. 184, 186 (D.Conn. 2007)(motion filed a year after complaint and prior to the filing of any substantive motions was timely);  There can be no prejudice to the existing parties since discovery has just begun and no substantive motions have been filed.  Further, the Court in its May 29, 2009 case management order gave the parties until Aug. 21, 2009 to join any necessary parties, recognizing that the addition of new parties at this juncture will prejudice neither the Plaintiffs nor the Defendant.

On the other hand, if not allowed to intervene, Mr. Garcia will be severely prejudiced no matter which party prevails.  If Plaintiffs succeed in claiming that no copyright infringement occurred because of a theory of fair use, Mr. Garcia will have been denied his right to litigate his copyright rights, while if the AP prevails, it – and not Mr. Garcia – will receive the copyright damages he is entitled to claim.

### B. Mr. Garcia has a Direct Interest in the Litigation.

Mr. Garcia meets the second part of the test because he has a direct interest in the litigation.  There is no dispute that Mr. Garcia took the subject photograph, and Mr. Garcia also claims ownership of the copyright in the photograph and has obtained a Federal Certificate of Registration in his own name.  Registration Number VA1-665-426 is effective March 17, 2009.  This gives him a direct interest in the litigation.

### C. Disposition of this Case Without Mannie Garcia's Intervention Will Impair His Ability to Protect His Interests.

As outlined above, whether the current litigation finds Plaintiffs to have infringed the copyright or determines the Fair Use Doctrine applies, without intervention, Mr. Garcia will be unable to protect his own copyright interest in the underlying work.

4

### D. Mr. Garcia's Interests are Not Adequately Protected by the Other Parties.

Mr. Garcia's interests are not adequately represented by either party since neither has recognized Mr. Garcia's superior property and copyright interests in the photograph at issue. The AP claims infringement of the copyright in the photographs, but it also claims to own that copyright. Mr. Garcia's interests therefore are not represented by either party.

### II. Even If He Cannot Meet the Standard for Intervention as of Right, Mannie Garcia Should be Permitted to Intervene.

"[C]ourts have the authority to permit intervention by anyone who 'has a claim or defense that shares with the main action a common question of law or fact.'" In Re Ambanc Financial Group, Inc. Derivative Litigation, 2009 WL 1309148, at *2 (S.D.N.Y. May 12, 2009), *citing* Fed.R.Civ.P. 24(b)(1)(b). "Permissive intervention is thus within the court's discretion." Jamie Music Publishing Co. v. Roc-A-Fella Records, LLC, 2007 WL 1129333, at *2 (S.D.N.Y. Apr. 12, 2007)(permitting intervention where intervenor had a direct interest in the purported copyright infringement action because she claimed to be the author and copyright owner of the disputed work); International Design Concepts, LLC v. Saks Inc., 486 F.Supp.2d 229, 234 (S.D.N.Y. 2007)(concluding that intervention of trademark owner under Rule 24(b) was appropriate since intervenor "will contribute to the full development of factual issues").

Mr. Garcia shares with the parties to this action a common question of both law and fact.

This action is predicated upon Defendant AP demonstrating copyright ownership of the photographic image dubbed the "Garcia Photograph". It cannot do so and the Court cannot ultimately resolve the issues presented in this case without considering Mr. Garcia's claims to hold the entire right, title and interest in the copyright of his photograph. Like the AP, Mr. Garcia also disputes the application of the Fair Use Doctrine to this case, and he also asserts that Plaintiffs have infringed his copyright.

5

Further, because the issue of copyright ownership is central to the claims in this case, the intervention of Mr. Garcia will assist the Court by providing a more complete record, contributing to the full development of the underlying factual issues and will assist with the just and equitable adjudication of the legal questions facing the Court..

### Conclusion

For the foregoing reasons, Mannie Garcia respectfully request that the motion to intervene be granted in all respects.

Dated: New York, New York
July 8, 2009

Respectfully submitted,

**BOIES, SCHILLER & FLEXNER LLP**

By: _____/s/ George F. Carpinello_____

George F. Carpinello (GC-4229)
Teresa A. Monroe
10 North Pearl Street, 4th Floor
Albany, New York 12207
Phone: (518) 434-0600
Fax: (518) 434-0665

Michael Underhill
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
Phone: (202) 274-1120
Fax: (202) 237-6131

**KILE GOEKJIAN REED & McMANUS, PLLC**
Bradford E. Kile
Robert J. McManus
Matthew P. Thielemann
1200 New Hampshire Avenue NW
Suite 570
Washington, D.C. 20036
Phone: (202) 659-8000
Fax: (202) 659-8822

*Attorneys for Intervenor Mannie Garcia*

S:\wpdata\7510001\Motion to Intervene.doc