```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

|  |  |  |
|---|---|---|
| SHEPARD FAIREY and OBEY GIANT ART, INC. | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| THE ASSOCIATED PRESS and MANNIE GARCIA, | ) ) ) | 09 CIV 01123 (AKH) |
| Defendants. | ) ) ) | |
| v. | ) ) | |
| SHEPARD FAIREY, OBEY GIANT ART, INC., OBEY GIANT LLC and STUDIO NUMBER ONE, INC. | ) ) ) ) ) | |
| Counterclaim Defendants. | ) ) | |

## ANSWER TO CROSS CLAIMS OF THE ASSOCIATED PRESS

Defendant-Intervener and Counterclaim Plaintiff Mannie Garcia ("Mr. Garcia") by and through his attorneys, hereby answers the Cross Claims of Defendant and Counterclaim and Cross Claim Plaintiff The Associated Press ("the AP") as follows:

### NATURE OF THE ACTION

118. Admits the allegations contained in ¶ 118.

119. Denies the allegations contained in ¶ 119, except admits that Mr. Garcia signed an application for employment, received tax forms, had an AP email address and an access card for the AP offices.

120. Denies the allegations contained in ¶ 120.

121. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 121, except admits that Mr. Fairey and Obey Giant Art, Inc.

filed the instant action on February 9, 2009 against the AP seeking a declaration of non-infringement and fair use and on March 11, 2009, the AP filed an Answer, Affirmative Defenses and Counterclaims against Mr. Fairey, Obey Giant Art, Inc., Obey Giant LLC, and Studio Number One, Inc. (collectively "Fairey").

122. Denies the allegations contained in ¶ 122, except admits that Mr. Garcia moved this court on July 8, 2009 for an order allowing him to intervene in this action, which motion the AP did not oppose.

123. Denies the allegations contained in ¶ 123, except admits that Mr. Garcia filed Cross Claims alleging that he created the Obama Photo while he was a freelance photographer for the AP.

124. Denies the allegations contained in ¶ 124.

## PARTIES

125. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 125, except admit that the AP is a New York not-for-profit with its principal place of business at 450 West 33rd Street, New York, New York 10001.

126. Admits the allegations contained in ¶ 126.

## JURISDICTION

127. States that the allegations contained in ¶ 127 are conclusions of law as to which no responsive pleading is required, but that to the extent any response is necessary, admits that this Court has subject matter jurisdiction over the AP's Cross Claims.

128. States that the allegations contained in ¶ 128 are conclusions of law as to which no responsive pleading is required, but that to the extent any response is necessary, admits that this Court has personal jurisdiction over Mr. Garcia.

129. States that the allegations contained in ¶ 129 are conclusions of law as to which no responsive pleading is required, but that to the extent any response is necessary, admits that venue is proper in this District.

**FACTUAL BACKGROUND**

130. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 130.

131. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 131.

132. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 132.

133. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 133.

134. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 134.

135. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 135.

136. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 136.

137. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 137.

138. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 138.

139. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 139.

140. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 140.

141. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 141.

142. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 142.

143. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 143.

144. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 144.

145. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 145.

146. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 146.

147. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 147.

148. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 148.

149. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 149.

150. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 150.

151. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 151.

152. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 152.

153. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 153.

154. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 154.

155. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 155.

156. Admits the allegations contained in ¶ 156.

157. Denies the allegations contained in ¶ 157, except admits that Mr. Garcia signed a written agreement.

158. Admits the allegations contained in ¶ 158.

159. Denies the allegations contained in ¶ 159 and affirmatively states that he applied for a temporary position.

160. Denies the allegations contained in ¶ 160.

161. Admits the allegations contained in ¶ 161.

162. Denies the allegations contained in ¶ 162 except admits that Mr. Garcia completed an "Applicant Flow Survey."

163. Admits the allegations contained in ¶ 163.

164. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 164, except admits that he completed the forms set forth in said paragraph.

165. Denies the allegations in ¶ 165, except admits that he signed a letter of employment as a temporary employee on or about March 29, 2006.

166. With regard to the allegations in ¶ 166, states that the document speaks for itself.

167. Denies the allegations in ¶ 167.

168. Denies the allegations in ¶ 168 to the extent that they state that Mr. Garcia was a "staff photographer" of the AP.

169. Denies the allegations in ¶ 169 to the extent that they state that Mr. Garcia was a "staff photographer" of the AP.

170. Denies the allegations in ¶ 170 to the extent that they state that Mr. Garcia was a "staff photographer" of the AP.

171. Denies the allegations in ¶ 171 to the extent that they state that Mr. Garcia was a "staff photographer" of the AP.

172. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 172, and denies that he was a "staff photographer".

173. Denies the allegations in ¶ 173 to the extent that they state that Mr. Garcia was a "staff photographer" of the AP.

174. Denies the allegations in ¶ 174 to the extent that they state that Mr. Garcia was a "staff photographer" of the AP.

175. Denies the allegations in ¶ 175.

176. Denies the allegations in ¶ 176 to the extent that they state that Mr. Garcia was a "staff photographer" of the AP.

177. Denies the allegations in ¶ 177 to the extent that they state that Mr. Garcia was a "staff photographer" of the AP.

178. Denies the allegations in ¶ 178 to the extent that they state that Mr. Garcia was a "staff photographer" of the AP.

179. Denies the allegations in ¶ 179 to the extent that they state that Mr. Garcia was a "staff photographer" of the AP.

180. Denies the allegations in ¶ 180 to the extent that they state that Mr. Garcia was a "staff photographer" of the AP.

181. Denies the allegations in ¶ 181, to the extent they state that Mr. Garcia was a "staff photographer" or that he had access to any AP computers or other AP equipment..

182. Denies the allegations in ¶ 182.

183. Denies the allegations in ¶ 183.

184. Denies the allegations in ¶ 184 to the extent that they state or imply that Mr. Garcia was a "staff photographer" of the AP or that the schedules posted in the "ready room" applied only to AP staff photographers.

185. Denies the allegations in ¶ 185 to the extent that they state that the schedule provided to Mr. Garcia applied only to staff photographers.

186. Denies the allegations in ¶ 186 except admits that Mr. Garcia used the "ready room" to transmit photos to photo editors.

187. Denies the allegations in ¶ 187.

188. Denies the allegations in ¶ 188.

189. Denies the allegations in ¶ 189, except admits that Mr. Garcia was assigned to take photos and took photos at an event at the National Press Club in April 2006, where actor George Clooney spoke about a visit to Darfur.

190. Admits the allegations in ¶ 190.

191. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 191.

192. Admits the allegations in ¶ 192.

193. Admits that "STF" appeared in the data, but states that such data was inputted by AP and denies the remaining allegations contained in said paragraph.

194. Denies the allegations in ¶ 194.

195. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 195.

196. Admits the allegations contained in ¶ 196.

197. Admits the allegations of ¶ 197.

198. Denies the allegations in ¶ 198.

199. Denies the allegations of ¶ 199, but admits that Mr. Garcia signed, under duress, a letter of resignation prepared by John Hall.

200. With regard to allegations contained in ¶ 200, states that the document speaks for itself.

201. Denies the allegations of ¶ 201.

202. Denies the allegations of ¶ 202, except admits that a letter was sent to Sandy Johnson, Washington Bureau Chief of the AP on May 14, 2006 and that the letter speaks for itself.

203. Denies the allegations of ¶ 203.

204. Denies the allegations of ¶ 204, and states that Mr. Garcia always believed he owned the copyright to the photos taken on April 27, 2006.

205. Denies the allegations of ¶ 205, except admits that Mr. Garcia claims that he owns the Obama Photo and has obtained Registration No. VA1-665-426.

206. Denies the allegations of ¶ 206, except admits that Mr. Garcia's claim of ownership is in direct conflict with the AP's claim of ownership.

## FIRST COUNTERCLAIM – DECLARATORY JUDGMENT

207. Mr. Garcia incorporates by reference all of his answers to ¶¶ 118-206, above as if fully set forth herein.

208. Denies the allegations of ¶ 208.

209. States that the allegations contained in ¶ 209 are conclusions of law to which no responsive pleading is necessary, but to the extent a response is required denies the same.

210. States that the allegations contained in ¶ 210 are conclusions of law to which no responsive pleading is necessary, but to the extent a response is required denies the same.

211. States that the allegations contained in ¶ 211 are conclusions of law to which no responsive pleading is necessary, but to the extent a response is required denies the same.

212. States that the allegations contained in ¶ 212 are conclusions of law to which no responsive pleading is necessary, but to the extent a response is required denies the same.

213. States that the allegations contained in ¶ 213 are conclusions of law to which no responsive pleading is necessary, but to the extent a response is required denies the same.

214. States that the allegations contained in ¶ 214 are conclusions of law to which no responsive pleading is necessary, but to the extent a response is required denies the same.

## PRAYER FOR RELIEF

215. Repeats and realleges each and every response from ¶¶ 118-214, above, as if fully set forth herein. Denies that the AP is entitled to any relief whatsoever.

Date: Sept. ___, 2009

BOIES, SCHILLER & FLEXNER, LLP

By: _____
George F. Carpinello (GC 4229)
10 North Pearl Street, 4th Floor
Albany, NY 12207
Phone: (518) 434-0600

Michael Underhill
5301 Wisconsin Avenue, N.W.

Washington, D.C. 20015
Phone: (202) 274-1120

**KILE GOEKJIAN REED & McMANUS, PLLC**
Bradford E. Kile
Robert J. McManus
Matthew P. Thielemann
1200 New Hampshire Avenue NW
Suite 570
Washington, D.C. 20036
Phone: (202) 659-8000

*Attorneys for Intervenor Mannie Garcia*

TO: **STANFORD LAW SCHOOL CENTER FOR INTERNET AND SOCIETY**
Anthony T. Falzone
Julie Angela Aherns
559 Nathan Abbot Way
Stanford, CA 94305
Phone: (650) 736-9050
Email: anthony.falzone@stanford.edu
jahrens@law.stanford.edu

**DURIE TANGRI LEMLEY ROBERTS & KENT LLP**
Joseph C. Gratz
Mark Lemley
Michael H. Page
332 Pine Street, Suite 200
San Francisco, CA 94104
Phone: (415) 362-6666
Email: jgratz@durietangri.com
       mlemley@durietangri.com
       mpage@durietangri.come

*Attorneys for Plaintiffs*

**KIRKLAND & ELLIS LLP**
Dale M. Cendali
Brendan T. Kehoe
Claudia Ray
601 Lexington Avenue
New York, NY 10022
Phone: (212) 446-4800
Email: dale.cendali@kirkland
       claudia.ray@kirkland.com
       brendan.kehoe@kirkland.com

*Attorneys for The Associated Press*

S:\wpdata\7510001\MG Answer to cross claims.doc