Anthony T. Falzone (admitted *pro hac vice*)
Julie A. Ahrens (JA0372)
Stanford Law School
Center for Internet and Society
559 Nathan Abbott Way
Stanford, CA 94305
Telephone: (650) 736-9050
Facsimile: (650) 723-4426
Email: falzone@stanford.edu

Mark Lemley (admitted *pro hac vice*)
Joseph C. Gratz (admitted *pro hac vice*)
Durie Tangri ~~Lemley Roberts & Kent,~~ LLP
332 Pine Street, Suite 200
San Francisco, CA 94104
Telephone: (415) 362-6666
Email: mlemley@durietangri.com

*Attorneys for Plaintiffs and Counterclaim Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHEPARD FAIREY and OBEY GIANT ART, INC.,

                Plaintiffs,

   -against-

THE ASSOCIATED PRESS,

              Defendant and Counterclaim
              Plaintiff,

   -against-

SHEPARD FAIREY, OBEY GIANT ART, INC.,
OBEY GIANT LLC and STUDIO NUMBER ONE,
INC.

              Counterclaim Defendants,

---

Case No.: 09-01123 (AKH)
ECF Case

**AMENDED ANSWER AND
AFFIRMATIVE DEFENSES OF
PLAINTIFFS AND
COUNTERCLAIM
DEFENDANTS**

Dockets.Justia.com

Plaintiffs-Counterclaim Defendants Shepard Fairey ("Fairey") and Obey Giant Art, Inc. and Counterclaim Defendants Obey Giant LLC and Studio Number One, Inc. by and through their attorneys, hereby answer the Counterclaims of Defendant The Associated Press (hereinafter "The AP"), dated March 11, 2009, as follows:

## NATURE OF THE ACTION AND RELIEF SOUGHT

53.     Deny the allegations contained in ¶ 53 of the Counterclaims, except admit that Fairey used the Obama Photo as a reference in creating the illustration that appears on the Obama Works (as identified in Exhibits B-G to Plaintiffs' Complaint), without The AP's consent.

54.     Deny the allegations contained in ¶ 54 of the Counterclaims.

55.     Deny the allegations contained in ¶ 55 of the Counterclaims, except admit that Obey Giant Art Inc. offered for sale a sweatshirt bearing the "Obama Hope" illustration for $60 at the Web site <http://www.obeygiant.com/store>.

56.     State that the allegations contained in ¶ 56 of the Counterclaims are arguments and conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required deny the same.

57.     Deny the allegations contained in ¶ 57 of the Counterclaims.

58.     Deny the allegations contained in ¶ 58 of the Counterclaims.

59.     Deny the allegations contained in ¶ 59 of the Counterclaims.

60.     Deny the allegations contained in ¶ 60 of the Counterclaims.

61.     State that the allegations contained in ¶ 61 of the Counterclaims are arguments and conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required deny the same.

62. State that the allegations contained in ¶ 62 of the Counterclaims are arguments and conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 62 and on that basis deny the same.

63. State that the allegations contained in ¶ 63 of the Counterclaims are arguments and conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required admit that Fairey and Obey Giant Art Inc. filed a declaratory judgment action in response to The AP's allegations that Fairey infringed its copyrights, and deny the remaining allegations contained in ¶ 63.

64. Deny the allegations contained in ¶ 64 of the Counterclaims, except admit that <u>Fairey used the Obama Photo as a reference in creating the illustration that appears on the Obama Works, and admit that</u> The AP has asserted claims for damages and injunctive relief, alleging copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202, as well as a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

65. Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 65 of the Counterclaims and on that basis deny the same, except admit The AP is a New York not-for-profit corporation with its principal place of business at 450 West 33rd Street, New York, New York 10001, and it is one of the largest news organizations in the world.

66. Deny the allegations contained in ¶ 66 of the Counterclaims, except admit that Shepard Fairey is a visual artist, graphic designer, merchandiser and business

owner who resides in Los Angeles, California.

67.      Admit the allegations contained in ¶ 67 of the Counterclaims.

68.      Deny the allegations contained in ¶ 68 of the Counterclaims, except admit that Obey Giant LLC is a California limited liability corporation located at 1331 West Sunset Boulevard, Los Angeles, California 90026.

69.      Deny the allegations contained in ¶ 69 of the Counterclaims, except admit that Studio One is a California limited liability corporation located at 1331 West Sunset Boulevard, Los Angeles, California 90026.

## JURISDICTION AND VENUE

70.      State that the allegations contained in ¶ 70 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, admits this Court has subject matter jurisdiction over The AP's First, Second and Fourth claims.

71.      State that the allegations contained in ¶ 71 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required admit this Court has personal jurisdiction over Plaintiffs.

72.      State that the allegations contained in ¶ 72 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required admit venue is proper in this district.

## FACTUAL BACKGROUND

73.      Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 73 of the Counterclaims and on that basis deny the same, except admit The AP is a not-for-profit corporation and it is one of the largest news organizations in

the world.

74.    Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 74 of the Counterclaims and on that basis deny the same.

75.    Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 75 of the Counterclaims and on that basis deny the same.

76.    Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 76 of the Counterclaims and on that basis deny the same.

77.    Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 77 of the Counterclaims and on that basis deny the same.

78.    Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 78 of the Counterclaims and on that basis deny the same.

79.    Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 79 of the Counterclaims and on that basis deny the same.

80.    Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 80 of the Counterclaims and on that basis deny the same.

81.    Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 81 of the Counterclaims and on that basis deny the same.

82.    Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 82 of the Counterclaims and on that basis deny the same.

83.    Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 83 of the Counterclaims and on that basis deny the same.

84.    Deny information or knowledge sufficient to form a belief as to the

allegations contained in ¶ 84 of the Counterclaims and on that basis deny the same.

85.    Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 85 of the Counterclaims and on that basis deny the same.

86.    Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 86 of the Counterclaims and on that basis deny the same, except admit that the photograph reproduced in ¶ 86 is of Bill Clinton.

87.    Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 87 of the Counterclaims and on that basis deny the same.

88.    Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 88 of the Counterclaims and on that basis deny the same.

89.    Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 89 of the Counterclaims and on that basis deny the same.

90.    Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 90 of the Counterclaims and on that basis deny the same, except admit that The AP has licensed content to customers.

91.    Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 91 of the Counterclaims and on that basis deny the same, except admit that The AP licenses photos via the Internet.

92.    Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 92 of the Counterclaims and on that basis deny the same, except admit that The AP has licensed content to customers.

93.    Deny information or knowledge sufficient to form a belief as to the

allegations contained in ¶ 93 of the Counterclaims and on that basis deny the same.

94.     Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 94 of the Counterclaims and on that basis deny the same.

95.     Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 95 of the Counterclaims and on that basis deny the same.

96.     Deny the allegation in ¶ 96 of the Counterclaims regarding The AP's copyright registration, except admit that The AP holds a copyright registration, Registration No. VA 1-356-885, in an automated database of hundreds of Associated Press news photographs. Admit that the photograph shown in ¶ 96 and attached as Exhibit B of the Counterclaims is a photograph of President Barack Obama. Denies information or knowledge sufficient to form a belief as to the remaining allegations contained in ¶ 96 of the Counterclaims and on that basis deny the same.

97.     Deny the allegations contained in ¶ 97 of the Counterclaims, except admit that National Public Radio broadcast an interview of Mannie Garcia on February 26, 2009, which is available at

http://www.npr.org/templates/story/story.php?storyId=101184444.

98.     Deny the allegations contained in ¶ 98 of the Counterclaims, except admit Fairey is a visual artist, graphic designer and business owner who has used pre-existing works as visual references to create new artistic works. Admit that in 1989 Fairey created an illustration of Andre the Giant, the late famous wrestler and actor, which he and many others have displayed in public areas across the country, including New York, Boston, Providence and San Diego. Admit that Fairey has registered the mark Obey® with the United States

6

Patent and Trademark Office, with the registration numbers 2632359, 2762299 and 3282078.

99.     Deny the allegations contained in ¶ 99 of the Counterclaims, except admit that Fairey has been arrested for his street art more than a dozen times, most recently in Boston on two outstanding warrants on February 6, 2009.

100.    Deny the allegations contained in ¶ 100 of the Counterclaims.

101.    Deny the allegations contained in ¶ 101 of the Counterclaims, except admit that the photograph on the left in ¶ 101 is entitled "Black Panther" and was taken by Pinkie Jones in 1968 of a Black Panther, and admit that the illustration on the right in ¶ 101 was created by Fairey which he made into a street poster. Fairey admits that he did not license "Black Panther" from Mr. Jones.

102.    Deny the allegations contained in ¶ 102 of the Counterclaims, except admit that the photograph on the left in ¶ 102 is a poster by Rene Mederos, and admit that Fairey created the images on the T-shirts displayed on the right in ¶ 102 after obtaining a license from Mr. Mederos.

103.    Deny the allegations contained in ¶ 103 of the Counterclaims, except admit that Rupert Garcia created a silkscreen print titled *Down with the Whiteness* (shown on the left in ¶ 103), which is featured in the permanent collection of the Fine Arts Museum of San Francisco, and admit that Fairey created the illustration shown on the right in ¶ 103. Fairey admits he did not obtain a license from Mr. Garcia.

104.    Deny the allegations contained in ¶ 104 of the Counterclaims, except admit that the image shown on the left in ¶ 104 is a photograph by a Swiss photographer and that Fairey created the illustration shown on the right in ¶ 104. Fairey admits he did not

obtain a license from the Swiss photographer.

105.    Deny the allegations contained in ¶ 105 of the Counterclaims, except admit that Austrian artist Koloman Moser's public domain image is pictured on the left in ¶ 105 and admit that Fairey created the illustration shown on the right in ¶ 105. Fairey admits he did not obtain a license from the Moser estate for this public domain image.

106.    Deny the allegations contained in ¶ 106 of the Counterclaims.

107.    Deny the allegations contained in ¶ 107 of the Counterclaims.

108.    Deny the allegations contained in ¶ 108 of the Counterclaims, except admit that since 1999 Fairey has filed nine trademark applications, five of which have been abandoned, and now has four active trademark registrations in the words "OBEY" "DISOBEY" and the "OBEY®" logo.

109.    Admit the allegations contained in ¶ 109 of the Counterclaims.

110.    Deny the allegations contained in ¶ 110 of the Counterclaims, except admit that the ObeyGiant.com Web site allows visitors to download for free certain Fairey trademarks and images, and his website contains an "All Rights Reserved" copyright notice on each page.

111.    Deny the allegations contained in ¶ 111 of the Counterclaims, except admit that Fairey allowed the free download of the "Obama Hope" poster and image from his website in order to support Obama's candidacy.    Fairey explained on his website (http://www.obeygiant.com/ headlines/the-real-deal) that he did not grant permission for the image to be used for commercial purposes and stated on the website, "This downloadable image is not to be used for merchandise or any other profitable means and it is a copyrighted

image of Shepard Fairey and OBEY GIANT ART."

112.    Deny the allegations contained in ¶ 112 of the Counterclaims, except admit that representatives for Fairey and his related entities sent Baxter Orr two cease-and-desist letters in April 2008 in connection with Orr's commercial use of Fairey's trademarked Obey Giant name and logo. Admits that Orr's work, titled "Protect Yourself – Obey Giant" is displayed on the right of ¶ 112, Fairey's illustration titled "Obey Giant" is displayed on the left of ¶ 112.

113.    Deny the allegations contained in ¶ 113 of the Counterclaims, except admit that Fairey's representative's first cease and desist communication to Orr sent on April 3, 2008 by email, asserted that Orr's signed silkscreen print entitled PROTECT YOURSELF-OBEY GIANT infringed Fairey's copyrights, and asserted Orr's work was "essentially identical" to Fairey's Obey Giant work.

114.    Admit the allegations contained in ¶ 114 of the Counterclaims.

115.    Admit the allegations contained in ¶ 115 of the Counterclaims.

116.    Deny the allegations contained in ¶ 116 of the Counterclaims, except admit that the cease and desist email concluded by stating, "We demand that you immediately cease the use and distribution of all infringing works derived from [Fairey's Obey Giant work], and all copies, including electronic copies, of same, that you deliver to me, if applicable, all unused, undistributed copies of same, or destroy such copies immediately and that you desist from this or any other infringement of my rights in the future."

117.    Deny the allegations contained in ¶ 117 of the Counterclaims.

118.    Deny the allegations contained in ¶ 118 of the Counterclaims, except admit that after Orr responded to the first cease and desist email with a demand for a cease and desist notice via certified mail and signed by an actual attorney, Fairey's attorney sent a cease and desist letter to Orr explaining that Fairey owns copyrights, trademarks, and trade dress rights in the Obey Giant logo and name, which Orr used as part of a silk screened print he made available at <http://www.baxterorr.bigcartel.com/product/protect-yourself-obey-giant-signed-silkscreen-print>. The attorney's letter included this paragraph:

> One of the many factors contributing to the value and desirability of my Client's [defined in the letter as "Shepard Fairey and his related entities"] Intellectual Property is the limited licensed uses and his control over such uses. Such exclusivity commands a significant premium over the designs supplied by the average designer. My Client has long required the purchase of a license in connection with a right to use its Intellectual Property on goods, services, advertising, and publicity. My Client identifies the permitted uses in a License Agreement which accompanies each license granted. This agreement governs the use of the Intellectual Property. People and businesses seek out my Client and his distinctive artwork when they desire to have a certain look to their work and/or to appeal to a certain audience which favors my Client's work. My Client typically warrants that his licensees acquire exclusive rights in their licensed categories, and they expect my Client to pursue those who are using the same or confusingly similar marks on their goods and services and thus diminishing the value of their licenses. Indeed, it is through clients and potential clients that your use came to my Client's attention.

119.    Deny the allegations contained in ¶ 119 of the Counterclaims, except admit the Fairey's attorney's cease and desist letter to Orr contained the following paragraph:

> You have not secured a license to use and distribute the Intellectual Property either for its own uses or in connection with its products and marketing. Specifically, your apparent unlicensed appropriation, use, copying, dilution, and distribution of the Intellectual Property for your financial benefit and any other uses, are each infringements and dilutions of my Client's valuable trademarks and copyrights. Be advised that your actions may violate both federal and state unfair competition and trademark laws.

120.    Deny the allegations contained in ¶ 120 of the Counterclaims, except

admit Fairey's attorney's cease and desist letter to Orr contained the following paragraph:

> It is my Client's sincere wish to settle this matter in an amicable
> consensual manner. However, in the absence of a mutually acceptable
> agreement, we shall not hesitate to vigorously protect my Client's rights,
> including, if necessary, by filing a complaint in the appropriate court. We
> expect to receive your response no later than 2 weeks after the date of this
> letter. Unless and until we reach such an agreement, I must insist that you
> immediately cease and desist from all infringing uses of my Client's
> Intellectual Property.

121. Deny the allegations contained in ¶ 121 of the Counterclaims, except

admit that the attorney's cease and desist letter to Orr included the following paragraph:

> Finally, I want to call your attention to California Civil Code § 985, which
> reads in part "Letters and other private communications in writing belong
> to the person to whom they are addressed and delivered; but they cannot
> be published against the will of the writer, except by authority of law."
> Accordingly, I do not expect to see this letter in a public forum and you
> are not authorized to publish it, including (without limitation) by putting it
> on the Internet. This also applies to your posting of my Client's first cease
> and desist letter online. Demand is also made that you remove your public
> copies of my Client's correspondence.

122. Deny the allegations contained in ¶ 122 of the Counterclaims, except

admit that in February 2009 Fairey's representative sent a takedown request to

CafePress.com, which was facilitating the sale by the proprietors of

http://www.steelerbaby.com/ of t-shirts bearing the Obey trademarked name. When he

learned his representative sent the takedown notice, Fairey requested that his representative

withdraw it, and his representative rescinded the takedown sent to CafePress.com. The items

remain for sale on http://www.steelerbaby.com/ through the CafePress store.

123. Deny knowledge and information sufficient to form a belief as to the

allegations contained in ¶ 123 of the Counterclaims and on that basis deny the same.

124. State the allegations contained in ¶ 124 of the Counterclaims are

arguments and conclusions of law as to which no responsive pleading is necessary, but to the