extent any response is required deny the same.

125.  Deny the allegations contained in ¶ 125 of the Counterclaims, except admit that Fairey used the Obama Photo as a reference in creating the illustration that appears on the Obama Works.

126.  Deny knowledge and information sufficient to form a belief as to the allegations contained in ¶ 126 of the Counterclaims and on that basis deny the same.

127.  Deny the allegations contained in ¶ 127 of the Counterclaims, except admit that Fairey said he wanted to work from an image of Obama that was "Presidential" and in which Obama was "gazing off into the future, saying, 'I can guide you.'"

128.  Deny the allegations contained in ¶ 128 of the Counterclaims, except admit that Fairey used the Obama Photo as a reference in creating the illustration that appears on the Obama Works.

129.  Deny the allegations contained in ¶ 129 of the Counterclaims, except admit that Fairey used the Obama Photo as a reference in creating the illustration that appears on the Obama Works.

130.  State the allegations contained in ¶ 130 of the Counterclaims are arguments and conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required deny the same.

131.  State the allegations contained in ¶ 131 of the Counterclaims are arguments and conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required deny the same.

132.  Deny the allegations contained in ¶ 132 of the Counterclaims, except admit that Fairey used the Obama Photo as a reference in creating the illustration that appears

on the Obama Works, admit Fairey identified the wrong photograph in the original Complaint by mistake, admit that later Fairey realized his mistake but upon realizing his mistake Fairey went on to misrepresent the photograph he used.

133. Deny knowledge and information sufficient to form a belief as to the allegations contained in ¶ 133 of the Counterclaims and on that basis deny the same.

134. State the allegations contained in ¶ 134 of the Counterclaims are arguments and conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required deny the same.

135. Deny the allegations contained in ¶ 135 of the Counterclaims.

136. Deny the allegations contained in ¶ 136 of the Counterclaims, except admit that Fairey used the Obama Photo as a reference in creating the illustration that appears on the Obama Works.

137. Deny the allegations contained in ¶ 137 of the Counterclaims, except admit that Fairey used the Obama Photo as a reference in creating the illustration that appears on the Obama Works.

138. Deny the allegations contained in ¶ 138 of the Counterclaims, except admit that Fairey used the Obama Photo as a reference in creating the illustration that appears on the Obama Works.

139. Deny the allegations contained in ¶ 139 of the Counterclaims, except admit that Obey Giant Art, Inc. registered the copyright in the Obama Hope (Reg. No. VA0001651318), Obama Progress (Reg. No. VA 0001651319) and Obama Change (Reg. No. VA0001651320) works by Fairey, admit that Fairey used the Obama Photo as a reference in creating the illustration that appears on the "Hope" and "Progress" works and

admit that the copyright applications for "Hope," "Progress," and "Change" works do not identify the Obama Photo in the "Material Excluded" section of the application.

140. Deny the allegations contained in ¶ 140 of the Counterclaims, except admit that Fairey created the illustration of Obama contained in the Obama For America Campaign's poster (displayed on the right in ¶ 140) and that the Obama For America Campaign added the "VOTE" text and credits listed on the poster. Fairey admits he created the illustration of Obama using the photograph (displayed on the left in ¶ 140) as a visual reference, after the Obama Campaign gave him the photograph and asked him to create an illustration.

141. Admit the allegations contained in ¶ 141 of the Counterclaims.

142. Deny the allegations contained in ¶ 142, except admit that Fairey ~~and Obey Giant Art Inc. identify~~ used the Obama Photo as a reference in ~~the Complaint~~ creating the ~~photograph~~ illustration that appears on the Obama Works, admit Fairey ~~used as a visual reference to create~~ identified the ~~Obama Works, which is the~~ wrong photograph ~~displayed on the left~~ in ~~¶ 142 of the Counterclaims (what The AP labels the "Clooney Photo").~~ the original Complaint by mistake, admit that later Fairey realized his mistake but upon realizing his mistake Fairey went on to misrepresent the photograph he used.

143. Deny the allegations contained in ¶ 143, except admit that ~~Mr. Clooney is not in the photograph The AP labels~~ Fairey used the Obama Photo as a reference in creating the illustration that appears on the Obama Works, admit Fairey identified the wrong photograph in the original Complaint by mistake, admit that later Fairey realized his mistake but upon realizing his mistake Fairey went on to misrepresent the photograph he used, and admit that Mr. Clooney is not in the Obama Photo or in the Obama Works created by Fairey.

14

144. Deny information and knowledge sufficient to form a belief as to the allegations in ¶ 144 of the Counterclaims regarding what Fairey did not say during unspecified interviews in 2008 about the creation of the Obama Works, and on that basis deny the same. Deny the remaining allegations contained in ¶ 144 of the Counterclaims, except admit that Fairey used the Obama Photo as a reference in creating the illustration that appears on the Obama Works, admit Fairey identified the wrong photograph in the original Complaint by mistake, and admit that later Fairey realized his mistake but upon realizing his mistake Fairey went on to misrepresent the photograph he used.

145. State the allegations contained in ¶ 145 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required deny the same.

146. Deny information and knowledge sufficient to form a belief as to the allegations in ¶ 146 of the Counterclaims regarding steps The AP took to analyze the photo, and on that basis deny the same. Deny the remaining allegations of ¶ 146 of the Counterclaims, except admit Fairey's representative contacted The AP's in-house counsel on or around January 30, 2009, and during that conversation The AP's attorney alleged that Fairey's work infringed an AP photograph and stated The AP wanted not only a licensing fee but a percentage of all revenue generated by the Obama Works. Admit The AP's attorney stated the AP would donate the money to a fund for journalists.

147. Deny the allegations contained in ¶ 147 of the Counterclaims, except admit that on or about February 2, 2009, Fairey's counsel responded to The AP's in-house counsel, and informed her that Fairey's use was a fair use and The AP's counsel disagreed and made clear that The AP wanted not only a licensing fee but a percentage of all revenue

15

generated by the Obama Works.

148. Deny the allegations contained in ¶ 148 of the Counterclaims, except admit that on or about February 4, 2009, Fairey's counsel contacted The AP's in-house counsel and the parties agreed not to initiate any lawsuit prior to Friday, February 6.

149. Deny the allegations contained in ¶ 149 of the Counterclaims, except admit that Fairey's counsel received an email from The AP's in-house counsel at 11:53 a.m. (PST) on February 6, 2009, stating the AP would initiate suit against Fairey on Tuesday, February 10 at 2 p.m. in the Southern District of New York if the matter were not resolved by then, and Fairey's counsel did not call The AP's in-house counsel following receipt of that email.

150. Deny information and knowledge sufficient to form a belief as to the allegations contained in ¶ 150 of the Counterclaims, and on that basis deny the same.

151. Deny information and knowledge sufficient to form a belief as to the allegations contained in ¶ 151 of the Counterclaims and on that basis deny the same, except admit that Fairey's counsel received an email from The AP's in-house counsel at 11:53 a.m. (PST) stating the AP would initiate suit against Fairey on Tuesday, February 10 at 2 p.m. in the Southern District of New York if the matter were not resolved by then.

152. Deny the allegations contained in ¶ 152 of the Counterclaims, except admit that Fairey and Obey Giant Art. Inc. filed the instant lawsuit on Monday February 9, 2009, and counsel for Fairey and Obey Giant Art Inc. provided a courtesy copy of the complaint to The AP's in-house counsel by email at 7:43 a.m. (PST) that morning.

153. Deny the allegations contained in ¶ 153 of the Counterclaims, except admit that Fairey has built a sophisticated viral marketing enterprise based on his designs.

154. Deny the allegations contained in ¶ 154 of the Counterclaims, except admit that merchandise covered by the Obey® and related trademarks can be purchased at <http://shop.obeyclothing.com> and <http://obeygiant.com/>.

155. Deny the allegations contained in ¶ 155 of the Counterclaims, except admit that Fairey or his related entities have created successful art projects for Levi Strauss & Co., Mountain Dew, Universal Pictures, Express, Sunkist, Honda Civic, Dewars, Virgin Megastore, Guggenheim, Adidas and Motorola.

156. Deny the allegations contained in ¶ 156 of the Counterclaims, except admit that Studio Number One will launch a marketing campaign for Saks Fifth Avenue, which will include the display of Studio Number One's designs in the store and on shopping bags.

157. Deny the allegations contained in ¶ 157 of the Counterclaims, except admit that Fairey and Obey Giant Art Inc. have registered intellectual property rights to their works.

158. Deny the allegations contained in ¶ 158 of the Counterclaims, except admit that Fairey used the Obama Photo as a reference in creating the illustration that appears on the Obama Works.

159. Deny the allegations contained in ¶ 159 of the Counterclaims.

160. Deny information or knowledge sufficient to form a belief as to the allegations contained in ¶ 160, and on that basis deny the same, except admit that Fairey is free to establish a commercial, for-profit enterprise designed to make money from his work.

161. State that the allegations contained in ¶ 161 of the Counterclaims are

argument and conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

162. State that the allegations contained in ¶ 162 of the Counterclaims are argument and conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

### **FIRST COUNTERCLAIM – COPYRIGHT INFRINGEMENT**

163. Repeat and reallege each and every response to ¶¶ 53 to 162 above as if fully set forth herein.

164. State that the allegations contained in ¶ 164 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

165. State that the allegations contained in ¶ 165 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

### **SECOND COUNTERCLAIM — CONTRIBUTORY COPYRIGHT INFRINGEMENT**

166. Repeat and reallege each and every response to ¶¶ 53 to 165 above as if fully set forth herein.

167. State that the allegations contained in ¶ 167 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

168. State that the allegations contained in ¶ 168 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

169. State that the allegations contained in ¶ 169 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

170. Deny the allegations contained in ¶ 170 of the Counterclaims.

171. State that the allegations contained in ¶ 171 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

**THIRD COUNTERCLAIM — DECLARATORY JUDGMENT**

172. Repeat and reallege each and every response to ¶¶ 53 to 171 above as if fully set forth herein.

173. Deny the allegations contained in ¶ 173 of the Counterclaims, except admit that Obey Giant Art, Inc. registered the copyright in the Obama Hope (Reg. No. VA0001651318), Obama Progress (Reg. No. VA 0001651319), and Obama Change (Reg. No. VA0001651320) works.

174. State that the allegations contained in ¶ 174 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

175. State that the allegations contained in ¶ 175 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required denies that there is a justiciable controversy between the parties regarding The AP's right to use the Obama Photo it asserts a copyright in.

176. State that the allegations contained in ¶ 176 of the Counterclaims are

conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny a declaration is necessary and appropriate to affirm The AP's right to continue to make use of the Obama Photo.

177. State that the allegations contained in ¶ 177 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

178. State that the allegations contained in ¶ 178 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

### FOURTH COUNTERCLAIM — VIOLATION OF THE DMCA

179. Repeat and reallege each and every response to ¶¶ 53 to 178 above as if fully set forth herein.

180. Deny information and knowledge sufficient to form a belief as to the allegations contained in ¶ 180 of the Counterclaims and on that basis deny the same.

181. Deny the allegations contained in ¶ 181 of the Counterclaims.

182. Deny the allegations contained in ¶ 182 of the Counterclaims.

183. Deny the allegations contained in ¶ 183 of the Counterclaims.

184. State that the allegations contained in ¶ 184 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

185. State that the allegations contained in ¶ 185 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

186. State that the allegations contained in ¶ 186 of the Counterclaims are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required deny the same.

**PRAYER FOR RELIEF**

187. Repeat and reallege each and every response to ¶¶ 53 to 186 above as if fully set forth herein. Deny The AP is entitled to any relief whatsoever.

**COUNTERCLAIM-DEFENDANTS' AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

1. Defendant's counterclaims are barred because the alleged infringement is a non-infringing fair use as set forth in 17 U.S.C. § 107 and the common law.

**SECOND DEFENSE**

2. Defendant's counterclaims are barred in whole or in part by the First Amendment of the United States Constitution.

**THIRD DEFENSE**

3. Defendant's alleged copyright registration is invalid or unenforceable due to the failure to comply with the requirements of Title 17 of the United States Code.

## FOURTH DEFENSE

4. Defendant's counterclaims are barred in whole or in part by the equitable doctrine of unclean hands. Specifically, The AP claims copyright ownership in, and makes commercial use of, many photographs that consist almost entirely of copyrighted artwork of Fairey and other artists without permission. Copies of these photographs are offered for sale and licensed for use by The AP through its image licensing database available at http://www.apimages.com. These photographs include, but are by no means limited to, the following examples:

   a. The AP's image database includes the following photograph of Fairey's *Obama Hope Mural*. The AP did not obtain a license to use Fairey's work in this photograph.

