b.     The AP has used the above photograph and the *Obama Hope Mural* to market its image licensing database, as illustrated by this screen shot of the home page taken on March 27, 2009 at approximately 3:50 p.m (PST). The AP did not obtain a license to use Fairey's work in connection with the advertising and promotion of its image database.



23

c. The AP's image database includes the following photograph of Fairey's *Obama Hope* posters. The AP did not obtain a license to use Fairey's work in this photograph.



d. On January 7, 2009 The AP distributed a story entitled "Iconic Obama portrait headed to Smithsonian museum" by Brett Zongker. The AP's article included a photograph attributed to The AP, which depicted Fairey's *Obama Hope Stencil Collage* that now hangs in the National Portrait Gallery of the Smithsonian Institution. (A copy of the full article is attached as Exhibit A and available at http://www.suntimes.com/entertainment/1366421,w-obama-portrait-smithsonian-hope-010709.article.) The AP did not obtain a license to use Fairey's work in this photograph. As shown below, the photograph attributed to The AP consists of nothing more than a literal reproduction of Fairey's work.





e. The AP's image database contains the following photograph of Jeff Koons' sculpture entitled *Ushering In Banality*. On information and belief, The AP did not obtain a license to use Koons' work in this photograph.



e. The AP's image database contains the following photograph of Banksy's *Sketch for Essex Road*. On information and belief, The AP did not obtain a license to use Banksy's work in this photograph.



f. The AP's image database contains the following photograph of George Segal's *The Diner*. On information and belief, The AP did not obtain a license to use Segal's work in this photograph.



g. The AP's image database contains the following photograph of Kerry James Marshall's *Den Mother*. On information and belief, The AP did not obtain a license to use Marshall's work in this photograph.



h. The AP's image database contains the following photograph of Banksy's *Di-Faced Notes*. On information and belief, The AP did not obtain a license to use Banksy's work in this photograph.



i. The AP's image database contains the following photograph of Jeff Koons' *Stacked*. On information and belief, The AP did not obtain a license to use Koons' work in this photograph.



j. The AP's image database contains the following photograph of Keith Haring's *Hope*. On information and belief, The AP did not obtain a license to use Haring's work in this photograph.



k. The AP's image database contains the following photograph of Ron Mueck's *Mask II*. On information and belief, The AP did not obtain a license to use Mueck's work in this photograph.



29

1. The AP's image database contains the following photograph of Banksy's *Untitled*. On information and belief, The AP did not obtain a license to use Banksy's work in this photograph.



5. The doctrine of unclean hands and basic principles of equity prohibit The AP from contending that Counterclaim Defendants' Obama Works infringe The AP's copyrights when The AP itself exploits the copyrighted work of Fairey and other artists without permission and in a manner that is far less transformative than the Obama Works, as illustrated but not limited to, the photographs listed above.

### FIFTH DEFENSE

6. Defendant's counterclaims are barred in whole or in part by the equitable doctrine of judicial estoppel.

### SIXTH DEFENSE

7. Any damages and profits sought by Defendant are limited, in whole or in part, pursuant to 17 U.S.C. §504(b) and exclude deductible expenses and any elements of profit attributable to factors other than the alleged infringement of Defendant's copyrighted work.

## SEVENTH DEFENSE

8. Plaintiffs and Counterclaim Defendants have made no profit as a result of the complained of acts, including any profit under 17 U.S.C. §504(b) that is attributable to Defendant's allegedly infringed copyright.

## EIGHTH DEFENSE

9. Any statutory damages sought by Defendant pursuant to 17 U.S.C. §504(c) are limited, in whole or in part, because any alleged infringement was not committed willfully and Fairey was not aware and had no reason to believe that his acts constituted an infringement of copyright.

## NINTH DEFENSE

10. Defendant has failed to mitigate its purported damages and recovery of damages, if any, must be reduced accordingly.

## TENTH DEFENSE

11. Defendant's counterclaims are barred in whole or in part because Plaintiffs and Counterclaim Defendants were not aware and had no reason to believe that their acts constituted a violation of 17 U.S.C. § 1202.


DATED: ~~APRIL 14~~October 9, 2009                Respectfully Submitted,

                                                /s/
                                  Anthony T. Falzone (admitted *pro hac vice*)
                                  Julie A. Ahrens (JA0372)
                                  Stanford Law School
                                  Center for Internet and Society
                                  559 Nathan Abbott Way
                                  Stanford, CA 94305
                                  Telephone: (650) 736-9050
                                  Facsimile: (650) 723-4426

Email: falzone@stanford.edu

Mark Lemley (admitted *pro hac vice*)
Joseph C. Gratz (admitted *pro hac vice*)
Durie Tangri ~~Lemley Roberts & Kent,~~ LLP
332 Pine Street, Suite 200
San Francisco, CA 94104
Telephone: (415) 362-6666
Email: mlemley@durietangri.com

*Attorneys for Plaintiffs and Counterclaim Defendants*