Dale M. Cendali
Claudia Ray
Brendan T. Kehoe
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
Fax: (212) 446-4900

*Attorneys for Defendant, Counterclaim
Plaintiff, and Cross Claim Plaintiff/Defendant
The Associated Press*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHEPARD FAIREY and OBEY GIANT ART, INC., <br><br>                  Plaintiffs, <br><br>v. <br><br>THE ASSOCIATED PRESS, <br><br>       Defendant and Counterclaim Plaintiff, <br><br>v. <br><br>SHEPARD FAIREY, OBEY GIANT ART, INC., OBEY GIANT LLC, and STUDIO NUMBER ONE, INC., <br><br>       Counterclaim Defendants, <br>And <br><br>MANNIE GARCIA, <br><br>       Defendant, Counterclaim Plaintiff and Cross Claim Plaintiff/Defendant, <br><br>v. | Case No.:    09 CIV 01123 (AKH) <br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE ASSOCIATED PRESS FOR LEAVE TO AMEND ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS PURSUANT TO RULES 15(a) AND 21 OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

SHEPARD FAIREY AND OBEY GIANT ART, INC.,

                    Counterclaim Defendants,

And

THE ASSOCIATED PRESS,

                    Cross Claim Plaintiff/Defendant.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..........................................................................................1

FACTUAL BACKGROUND............................................................................................3
    A.    Procedural History................................................................................3
    B.    Amendments Relating To The Obama Photo........................................4
    C.    Amendments Relating To Fairey's Licensing Practices.........................5
    D.    Amendments Relating To The Sale Of The Infringing Works ..............5

ARGUMENT .....................................................................................................................6
    A.    Pleading Amendments Are To Be Liberally Allowed...........................6

CONCLUSION..................................................................................................................8

## SUPPORTING PAPERS

**Declaration of Dale M. Cendali in Support of Motion of The Associated Press for Leave to Amend Answer and Counterclaims Pursuant to Rules 15(a) and 21 of the Federal Rules of Civil Procedure**

Exhibit A: The Associated Press's First Amended Answer, Affirmative Defenses and Counterclaims

Exhibit B: Red-line comparison between The Associated Press's Answer, Affirmative Defenses and Counterclaims, and The Associated Press's First Amended Answer, Affirmative Defenses and Counterclaims

Exhibit C: Answer and Affirmative Defenses of Plaintiffs and Counterclaim Defendants, dated April 14, 2009

Exhibit D: Court's letter endorsement extending the deadline to amend pleadings and to add a party to October 30, 2009, dated August 24, 2009

The Associated Press ("The AP"), by its attorneys Kirkland & Ellis LLP, hereby moves this Court for leave to amend its Answer, Affirmative Defenses and Counterclaims, dated March 11, 2009, to include the additional claims and allegations as set forth in its proposed First Amended Answer, Affirmative Defenses and Counterclaims.[1]

## PRELIMINARY STATEMENT

The AP seeks leave to amend its counterclaims based on newly discovered information revealed in discovery. Specifically, The AP seeks to amend its counterclaims as follows:

1. To update the pleadings in light of Shepard Fairey's recent revelation that he fabricated evidence and destroyed or attempted to destroy other evidence relating to which sources image he used to create the graphic posters of Barack Obama at issue in this case ("Obama Posters");[2]

2. To update the counterclaims with recent information learned in discovery regarding the fact that, in other circumstances, Shepard Fairey or third parties working on his behalf have licensed and credited The AP when using an AP photo to create other derivative works, thus demonstrating that there was no reason they could not have done so here; and

3. To add One 3 Two, Inc. d/b/a Obey Clothing ("Obey Clothing") as a counterclaim defendant, as discovery has recently revealed that, upon information and belief, this entity is the exclusive licensee of Counterclaim Defendant Obey Giant LLC for the use of Shepard Fairey's trademarks and designs on clothing, and that Obey Clothing has generated substantial revenue from the commercial exploitation of the Obama Posters on T-shirts and other merchandise.

Counsel for Fairey initially said that they would not oppose The AP's amendment, but later said that they wanted to review a draft first. The AP informed Counsel for Plaintiffs and

---

[1] The AP's proposed First Amended Answer, Affirmative Defenses and Counterclaims is submitted herewith as Exhibit A to the accompanying Declaration of Dale M. Cendali, dated October 20, 2009. ("Cendali Declaration"). A red-lined version comparing the proposed First Amended Answer, Affirmative Defenses and Counterclaims to the original Answer, Affirmative Defenses and Counterclaims is attached as Exhibit B to the Cendali Declaration.

[2] The AP also intends to move for sanctions with respect to the admitted spoliation and fabrication of evidence in this case.

1

Counterclaim Defendants Shepard Fairey, Obey Giant Art, Inc. ("Obey Giant Art"), Obey Giant LLC ("Obey Giant"), and Studio Number One, Inc. ("SNO") (collectively, "Fairey") last evening when counsel contacted them about their new position that The AP intended to file this morning and would send them a draft this morning when it was finalized; which in fact, The AP did. The AP, however, has not gotten a response yet from Fairey's counsel, but given the desire to move promptly in light of Fairey's Friday night filing, we are proceeding with the filing this morning as we had informed them. Counsel for third party intervenor Mannie Garcia ("Garcia") does not oppose The AP's motion to amend with the proviso that discovery be extended. Garcia's counsel also indicated their intention to join this motion to add Obey Clothing as a party in light of the recent discovery concerning the Obama Posters and sales of related merchandise ("the Infringing Works").

These amendments are both necessary and timely in light of the myriad new revelations that have occurred in this case. In addition, this motion is being made within the October 30, 2009 deadline set by the Court. This is The AP's first application for leave to amend in this action.

The proposed amendments are also proper because they will not cause any prejudice to the parties. As a preliminary matter, Fairey's motion to amend its pleadings, if granted, would permit The AP to amend its answer. Although The AP would have 10 days to respond as of right, it is prepared to file its First Amended Answer, Affirmative Defenses and Counterclaims immediately, as the proposed pleading attached to the Cendali Declaration shows. Furthermore, even before the recent disclosures in this case regarding Shepard Fairey's attempted and successful destruction of evidence and subsequent fabrication of evidence, the parties had discussed seeking an extension of fact discovery to accommodate unexpected scheduling

conflicts regarding depositions. In light of the recent revelations, certain depositions that the parties had expected to complete by the close of fact discovery have also been postponed and will need to be rescheduled, even absent The AP's proposed amendment. Given the above, the parties have discussed requesting that the Court extend fact discovery to December 15, 2009 or whatever date the Court deems appropriate in light of the recent developments and proposed amendments.

Based on the foregoing and the liberal amendment policy under Rule 15(a) and Rule 21, The AP respectfully requests that the Court permit the proposed First Amended Answer and Counterclaims.

## FACTUAL BACKGROUND

### A. Procedural History

Fairey filed this action on February 9, 2009, seeking a declaration that it had not infringed The AP's rights in a photograph of then-Senator Barack Obama depicted with actor George Clooney (the "Clooney Photo") by using that photo to create the Infringing Works. Fairey's principal argument was that its use of the Clooney Photo fell within the "fair use" exception set forth in 17 U.S.C. § 107.

In its counterclaims, The AP asserted that the photograph used was not the Clooney Photo, but rather a different, close-up photograph depicting just Barack Obama (the "Obama Photo") that was taken at the same event as the Clooney Photo by AP staff photographer Mannie Garcia ("Garcia"). The AP contended that the Obama Photo was copied in its entirety, including its red, white and blue patriotic motif, to make the Infringing Works. The AP also asserted that Fairey had made substantial revenues from the Infringing Works. The AP asserted claims of copyright infringement, contributory copyright infringement, and violations of the Digital

3

Millennium Copyright Act, and sought a declaratory judgment that Fairey's copyright registration in the Obama Posters had been obtained by fraud.

In Fairey's Answer, it asserted that it "made no profit as a result of the complained acts."[3] Later in the case, former AP staff photographer Garcia intervened to challenge The AP's copyright ownership in the underlying photograph.

On August 24, 2009, the Court extended the deadline to amend the pleadings or join additional parties to October 30, 2009.[4]

B.     **Amendments Relating To The Obama Photo**

From the inception of this case, The AP has diligently sought discovery to confirm what photograph was copied to create the Infringing Works. While Fairey contended that he used the Clooney Photo, The AP challenged this assertion, sought the production of documents relating to Fairey's selection of the image, and closely analyzed the electronic files that Fairey produced. Based on inconsistencies in the evidence Fairey submitted in response these efforts, The AP continued to press Fairey about the identity of the source photo, sought to meet and confer with Fairey's counsel numerous times, including proposing a forensic analysis of Shepard Fairey's computer, and drafted and exchanged with Fairey's counsel a proposed joint motion to the Court pursuant to the Court's rules to resolve these open discovery issues. Ultimately on October 1, 2009, The AP sent an email to Fairey asking that they search for responsive documents within certain particular file directories The AP identified as relating to the creation of the Obama Posters and also asked Fairey to confirm whether such materials existed or had been destroyed.

---

[3]   *See* Answer and Affirmative Defenses of Plaintiffs and Counterclaim Defendants, ¶ 8 of Affirmative Defenses, attached as Exhibit C to the Cendali Declaration.

[4]   This Court's endorsed letter extending the deadline to amend the pleadings or join additional parties is attached as Exhibit D to the Cendali Declaration.

4

As a result of these efforts, Fairey's counsel sent a letter to counsel for The AP on Friday evening, October 9, 2009, admitting that Fairey had fabricated evidence and destroyed or attempted to destroy other evidence regarding the identity of the source image for the Obama Posters. The AP has no way of knowing at this point how much evidence Fairey succeeded in destroying and what those materials contained. The proposed amendments address Fairey's revelation, as well as Shepard Fairey's proffered excuse for his spoliation and fabrication of evidence.

### C. Amendments Relating To Fairey's Licensing Practices

The AP also seeks to update its pleading because discovery has shown that while Fairey claimed not to need a license to use the photograph at issue here, Fairey and others working on his behalf have sought, on other occasions, to obtain a license prior to copying an AP photograph. For example, evidence has been produced in discovery relating to a different AP photo of Barack Obama that Fairey subsequently licensed and copied to generate a graphic for use on the cover of a recent issue of *Rolling Stone* magazine. The AP's proposed amendments simply seek to update its pleading to incorporate these new facts recently uncovered during the course of discovery.

### D. Amendments Relating To The Sale Of The Infringing Works

Although Fairey has claimed from the beginning of this case that it did not make any money from the Infringing Works, The AP has diligently sought discovery trying to identify any revenues and profits attributable to Fairey's commercial sale of the Infringing Works. The AP recently obtained documents and, in late September, took testimony from one of Fairey's 30(b)(6) witnesses, which revealed the magnitude of the revenue earned on the Infringing Works

5

by the original parties. This discovery also revealed that Obey Clothing generated revenue from the sale and distribution of the Infringing Works and thus should be made a party to this action.

## ARGUMENT

### A.     Pleading Amendments Are To Be Liberally Allowed

In the Second Circuit, "Rule 15(a) generally governs the amendment of complaints, but in the case of proposed amendments where new defendants are to be added, Rule 21 governs." *JPMorgan Chase Bank, N.A. v. The IDW Group, LLC*, 2009 WL 1357946, at *2 (S.D.N.Y. May 12, 2009) (*citing Momentum Luggage & Leisure Bags v. Jansport*, 2001 WL 58000, at *1 (S.D.N.Y. Jan 23, 2001)).

Under Rule 21, a party may be added to an action "at any time, on just terms." Fed. R. Civ. P. 21. In deciding whether to permit joinder, a court should be "guided by 'the same standard of liberality afforded to motions to amend pleadings under Rule 15.'" *JPMorgan, N.A.*, 2009 WL 1357946, at *2.

The Second Circuit has long held that "[a]mendments should be granted liberally" under Federal Rule of Civil Procedure 15(a), explaining that "[n]arrow pleading rules should not be applied to foil an honest plaintiff's efforts to gain redress." *Middle Atlantic Utilities Co. v. S.M.W. Development Corp.*, 392 F.2d 380, 385 (2d Cir. 1968) (applying *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).

Courts in the Second Circuit determine whether a proposed amendment would be prejudicial by considering "whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial;

6

(ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *JPMorgan*, 2009 WL 1357946 at **3 (*citing Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). An amendment "will not unduly prejudice the defendant" when the amendment "was obviously one of the objects of discovery and related closely to the original claim . . . ." *State Teachers*, 654 F.2d at 856. Amendment should generally be allowed "absent a showing by the non-moving party of bad faith or undue prejudice." *Anthony & Wright v. City of New York, et al.*, 339 F.3d 129, 138 n.5 (2d Cir. 2003).

Here, there has been no bad faith on the part of The AP, the proposed amendments will not cause any undue prejudice to the parties, and at least one of the parties (Garcia) has already consented to them. The AP only recently learned of the facts underlying its proposed amendments, in some cases only days ago. Moreover, these proposed amendments are well within this Court's deadline to amend the pleadings or add parties. Furthermore, The AP has already sought and, presumably, received much of the discovery it would seek regarding Obey Clothing. In particular, The AP has already served a *subpoena duces tecum* on Obey Clothing and obtained responsive documents. It is likely that any additional discovery needed would be limited and targeted, such as taking the deposition of Obey Clothing's 30(b)(6) witness most knowledgeable about its revenues derived from the Infringing Works. Moreover, as discussed above, the parties had already been negotiating a proposed extension of fact discovery due to various scheduling conflicts (relating primarily to Shepard Fairey's travel commitments and a death in Garcia's immediate family, both of which have caused the postponement of key depositions), and have continued those discussions in light of Fairey's recent revelations.

Given this liberal amendment policy under Rule 15(a) and Rule 21 of the Federal Rules of Civil Procedure and the limited bases for denying such a motion to amend, none of which

apply here, The AP respectfully requests that the Court grant this motion and permit the proposed amendments.

## CONCLUSION

For the foregoing reasons, The AP's First Amended Answer and Counterclaims is not unduly delayed, would not unduly prejudice Plaintiffs and Counterclaim Defendants, and is not futile. The AP respectfully requests that the Court grant the attached motion to amend.

Dated: October 20, 2009

Kirkland & Ellis LLP

By: _____
Dale M. Cendali
Claudia Ray
Brendan T. Kehoe

601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
Fax: (212) 446-4900

*Attorneys for*
THE ASSOCIATED PRESS