Anthony T. Falzone (admitted *pro hac vice*)
Julie A. Ahrens (JA0372)
Stanford Law School
Center for Internet and Society
559 Nathan Abbott Way
Stanford, CA 94305
Telephone: (650) 736-9050
Facsimile: (650) 723-4426
Email: falzone@stanford.edu

Mark Lemley (admitted *pro hac vice*)
Joseph C. Gratz (admitted *pro hac vice*)
Durie Tangri LLP
332 Pine Street, Suite 200
San Francisco, CA 94104
Telephone: (415) 362-6666
Email: mlemley@durietangri.com

*Attorneys for Plaintiffs and Counterclaim Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHEPARD FAIREY and OBEY GIANT ART, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> THE ASSOCIATED PRESS, <br><br> Defendant and Counterclaim Plaintiff, <br><br> -against- <br><br> SHEPARD FAIREY, OBEY GIANT ART, INC., OBEY GIANT LLC and STUDIO NUMBER ONE, INC. <br><br> Counterclaim Defendants, <br><br> And | Case No.: 09-01123 (AKH) <br><br> ECF Case <br><br><br> **MOTION FOR SUBSTITUTION OF COUNSEL** |

| |
|---|
| MANNIE GARCIA, |
|         Defendant, Counterclaim Plaintiff and Cross-claim Plaintiff/Defendant, |
| v. |
| SHEPARD FAIREY AND OBEY GIANT ART, INC., |
|         Counterclaim Defendants, |
| And |
| THE ASSOCIATED PRESS, |
|         Cross-claim Plaintiff/Defendant. |

      Pursuant to Local Civil Rule 1.4, Plaintiffs and Counterclaim Defendants Shepard Fairey, Obey Giant Art, Inc., Obey Giant LLC, and Studio Number One, Inc. ("Plaintiffs") move this Court for an order substituting the law firm of Jones Day and law professors William W. Fisher III and John Palfrey ("substitute counsel") for the Center for Internet and Society at Stanford Law School and Durie Tangri LLP ("present counsel") as Plaintiffs' counsel. Substitute counsel has entered an appearance on behalf of Plaintiffs. Plaintiffs join with present and substitute counsel in requesting that the Court approve this substitution.

      The facts underlying Plaintiffs' motion for substitution are set forth in Plaintiffs' Motion for Leave to Amend, filed on October 16, 2009. D.I. 41. In Plaintiffs' original complaint for declaratory judgment and in their answers to claims alleged against them by The AP and Mannie Garcia, Plaintiffs alleged that Mr. Fairey used a photograph of George Clooney and Barack Obama (identified in the original Complaint as the "Garcia Photograph" and identified by The

2

AP in its Counterclaims as the "Clooney Photograph") as a photographic reference to create the illustration of Barack Obama that appears in the Obama Works at issue in this case. In addition, Plaintiffs denied that Mr. Fairey used a different photograph of Barack Obama alone (also taken for The AP by Mannie Garcia, and identified by The AP in its counterclaims as the "Obama Photograph") as the photographic reference he used. *See id.*

On October 2, 2009, present counsel learned new information revealing that Plaintiffs' assertions were incorrect. Mr. Fairey was apparently mistaken about the photograph he used when his original complaint for declaratory relief was filed on February 9, 2009. After the original complaint was filed, Mr. Fairey realized his mistake. Instead of acknowledging that mistake, Mr. Fairey attempted to delete the electronic files he had used in creating the illustration at issue. He also created, and delivered to present counsel for production, new documents to make it appear as though he had used the Clooney Photograph as his reference. *See id.*

On October 9, 2009, present counsel sent a letter to counsel for The AP and counsel for Mannie Garcia notifying them of the situation and of the need to amend Plaintiffs' pleadings accordingly. Present counsel enclosed proposed amendments with that letter, and specifically advised counsel for The AP and Mr. Garcia that Plaintiffs no longer contend Mr. Fairey used the Clooney Photograph in creating the Obama Works at issue in this case, and that Plaintiffs do not deny he used the Obama Photograph. In this letter, present counsel also informed opposing counsel that Plaintiffs no longer contend that certain documents Plaintiffs produced in discovery (bearing Bates numbers FAIREY00669 through FAIREY00672) were used in the creation of the Obama Works, and that Mr. Fairey had created these documents in 2009, after the original complaint was filed in this matter. Present counsel also produced additional documents (bearing Bates numbers FAIREY104735 through FAIREY104766), and explained that Mr. Fairey had

3

attempted to delete some or all of these documents at or around the same time he created the documents bearing Bates numbers FAIREY00669 through FAIREY00672, but that he had been unsuccessful in deleting all copies of them.  Finally, the letter corrected certain misstatements present counsel had previously made (understanding them to have been true at the time) while meeting and conferring on discovery.  *See id.*

On October 16, 2009, Plaintiffs moved to amend their pleadings.  D.I. 41.  On October 20, 2009, the Associated Press moved to amend its pleadings, and to add a new party, One Three Two, Inc. d/b/a Obey Clothing, to the case.  D.I. 42.

For the following reasons, the Court should permit the substitution of Jones Day and law professors William W. Fisher III and John Palfrey for present counsel, as Plaintiffs and their present and substitute counsel request.

## I. ARGUMENT

### A. Withdrawal is proper under Local Civil Rule 1.4.

Local Civil Rule 1.4, "Withdrawal or Displacement of Attorney of Record," provides as follows:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

Practice before this Court is governed by the New York Rules of Professional Conduct.  *See* Local Civil Rule 1.3.  The Second Circuit has held that applicable rules of professional conduct provide "guidance for the court as to what constitutes 'good cause' to grant leave to withdraw as counsel."  *Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999).

Given the events set forth above, present counsel have concluded that it is no longer prudent or feasible for present counsel to represent Plaintiffs in this matter, because these events present a potential for conflicts of interest between counsel and client. This is itself sufficient to justify substitution. *See* NYRPC 1.7(a). Present counsel have explained these issues to Plaintiffs, and with the advice of separate counsel Plaintiffs have joined in the requested substitution. *See* NYRPC 1.16(c)(10) (withdrawal is appropriate where "the client knowingly and freely assents to termination of the employment"). Withdrawal is also appropriate here because it "can be accomplished without material adverse effect on the interests of the client." NYRPC 1.16(c)(1). Plaintiffs have obtained new counsel, and present counsel will work diligently with substitute counsel to assist in their transition into the case. *See* GEOFFREY C. HAZARD JR. & W. WILLIAM HODES, THE LAW OF LAWYERING (3d Ed. 2008) § 20.9 at 20-21 ("If there is no material adverse effect on the client, any reason or no reason [for withdrawal] will do."). There are additional grounds that for reasons of professional obligation present counsel could explain in camera if the court felt it was necessary.

The additional considerations Local Civil Rule 1.4 identifies also make withdrawal appropriate. That rule directs the Court to consider "the posture of the case, including the position, if any, on the calendar." Fact discovery in the case is ongoing, and the recently discovered events undoubtedly will occasion demands for additional discovery, which The Associated Press has already indicated it intends to seek**.** No dates for expert discovery, dispositive motions, or trial have been set. Thus, the case's posture favors withdrawal. *Cf. Brown v. National Survival Games, Inc*., No. 91-CV-221, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994) (granting a motion to withdraw because "[discovery] is not complete and the case

5

is not presently scheduled for trial . . . granting the instant motion [to withdraw] will not likely cause undue delay").

**B. The AP's stated grounds for opposing withdrawal are unpersuasive.**

The Associated Press has alleged in its proposed amended counterclaims that it intends to oppose the instant motion on the ground that "it would significantly prejudice The AP as it would take new counsel a substantial amount of time to come up to speed." Cendali Decl. (D.I. 44) Ex. B ¶ 177 (AP's proposed First Amended Answer and Counterclaims). This basis for opposing withdrawal is unpersuasive.

*First*, if present counsel is permitted to withdraw, they will work with substitute counsel to transfer all files to substitute counsel and to assist substitute counsel to become knowledgeable about the case as quickly as possible. Present counsel intends to go well beyond the obligations imposed by the New York Rules of Professional Conduct in this respect. *See* NYRPC 1.16(e) ("Even when withdrawal is otherwise permitted or required, upon termination of representation, a lawyer shall take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client, including … delivering to the client all papers and property to which the client is entitled . . . .").

*Second*, the AP itself is currently attempting to add a wholly new party, One Three Two, Inc. d/b/a Obey Clothing, to the case. One Three Two is neither owned nor controlled by Plaintiffs, and is represented by its own separate counsel. The AP's addition of One Three Two to the case, if successful, would by itself necessitate the addition of a substantial amount of time to the case schedule. While The AP has already taken discovery from One Three Two pursuant to a non-party subpoena, One Three Two has not had the opportunity to take any discovery. It is difficult to imagine that One Three Two could be added to the case, serve document requests,

6

receive documents, and take the necessary depositions based on those documents by December 15th.  Thus, it is the AP's own decision to add a new party that will cause the greatest disruption to the case schedule, not the substitution of counsel.

In addition, The AP also alleges in its amended counterclaim that the substitution of counsel "would also inevitably lead to additional expenses for The AP[.]"  Cendali Decl. (D.I. 44) Ex. B ¶ 177.  Permitting Fairey to substitute counsel would not create any work or expense for the AP.  The work of the transition will be conducted entirely by present counsel and substitute counsel.

Finally, The AP alleges in its amended counterclaim that "The AP must also press forward with Fairey's counsel to determine, among other things, whether other relevant documents have been destroyed, fabricated, or otherwise not produced to The AP."  Cendali Decl. (D.I. 44) Ex. B ¶ 178.  This is no basis to oppose substitution.  Substitute counsel will receive all of present counsel's work product regarding document discovery in this case, and present counsel will remain available as a resource for substitute counsel.  Substitution of counsel will in no way frustrate the AP's efforts to uncover any properly discoverable facts regarding the situation that gave rise to Fairey's recent amendments to his pleadings.   In fact, it is The AP's desire to "press forward with Fairey's counsel to determine" what Mr. Fairey did and how present counsel learned of his actions that presents a serious source of potential conflicts of interest between Plaintiffs and present counsel and may leave present counsel in an untenable position, if not disabled, from advising and representing Plaintiffs as these inquiries proceed.

## II. CONCLUSION

Substitution is justified under applicable law, and necessary to avoid potential conflicts of interest. It will cause minimal disruption to the case and no undue prejudice to any party. Accordingly, this Court should issue an order permitting the substitution of Jones Day and law professors William W. Fisher III and John Palfrey for present counsel.

DATED: October 29, 2009

Respectfully Submitted,

/s/

Anthony T. Falzone (admitted *pro hac vice*)
Julie A. Ahrens (JA0372)
Stanford Law School
Center for Internet and Society
559 Nathan Abbott Way
Stanford, CA 94305
Telephone: (650) 736-9050
Facsimile: (650) 723-4426
Email: falzone@stanford.edu

Mark Lemley (admitted *pro hac vice*)
Joseph C. Gratz (admitted *pro hac vice*)
Durie Tangri LLP
332 Pine Street, Suite 200
San Francisco, CA 94104
Telephone: (415) 362-6666
Email: mlemley@durietangri.com

*Attorneys for Plaintiffs and Counterclaim Defendants*