# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

SHEPARD FAIREY and OBEY GIANT ART, INC.,

        Plaintiffs,

    v.

THE ASSOCIATED PRESS,

        Defendant and
        Counterclaim Plaintiff,

And

SHEPARD FAIREY, OBEY GIANT ART, INC., OBEY GIANT LLC, STUDIO NUMBER ONE, INC., and ONE 3 TWO, INC. (d/b/a OBEY CLOTHING),

        Counterclaim Defendants.

And

MANNIE GARCIA,

        Defendant, Counterclaim
        Plaintiff and Cross Claim
        Plaintiff/Defendant,

    v.

SHEPARD FAIREY, OBEY GIANT ART, INC., OBEY GIANT LLC, STUDIO NUMBER ONE, INC. and ONE 3 TWO, INC. (d/b/a/ OBEY CLOTHING)

        Counterclaim Defendants,

And

THE ASSOCIATED PRESS,

        Cross Claim
        Plaintiff/Defendant.

Case No.   09-1123 (AKH)
       ECF Case

**FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND CROSS CLAIMS OF DEFENDANT-INTERVENOR MANNIE GARCIA**

Defendant-Intervener Mannie Garcia ("Garcia") by and through his attorneys, hereby answers the Complaint of Plaintiffs Shepard Fairey ("Fairey") and Obey Giant Art, Inc. ("Obey Inc.") (collectively "Plaintiffs") in this action dated February 9, 2009, and asserts Counterclaims against Plaintiffs and Counterclaim Defendants, and Cross-Claims against Defendant, Associated Press ("the AP") as follows:

## NATURE OF THE ACTION

1.      Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 1 of the Complaint and therefore denies the same, except admits that Plaintiffs have asserted claims for declaratory and injunctive relief.

2.      Denies knowledge or information sufficient as to form a belief as to allegations contained in ¶ 2 of the Complaint, except admits that the photograph at issue was taken by Mannie Garcia at a panel discussion at the National Press Club in April 2006 with actor George Clooney, and further admits that Plaintiffs have asserted claims for declaratory and injunctive relief which seek, among other things, a declaration that Plaintiffs have not infringed the AP's copyrights.

## PARTIES

3.      Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 3 of the Complaint and therefore denies the same.

4.      Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 4 of the Complaint and therefore denies the same.

5.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 5 of the Complaint, except the AP is a news organization.

## JURISDICTION AND VENUE

6.     States that the allegations contained in ¶ 6 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, admits that this Court has subject matter jurisdiction over Plaintiffs' claims.

7.     States that the allegations contained in ¶ 7 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the Court's personal jurisdiction over the AP.

8.     States that the allegations contained in ¶ 8 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, admits that venue is proper in this District.

## FACTUAL ALLEGATIONS

9.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 9 of the Complaint and therefore denies the same.

10.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 10 of the Complaint and therefore denies the same.

11.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 11 of the Complaint and therefore denies the same.

12.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 12 of the Complaint and therefore denies the same.

13.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 13 of the Complaint and therefore denies the same.

14.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 14 of the Complaint and therefore denies the same, except admits that Mannie Garcia took photographs of then-Senator, now-President Barack Obama ("President Obama") at an event held at the National Press Club.

15.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 15 of the Complaint and therefore denies the same, except admits that among the photographs that Mannie Garcia took of President Obama at the National Press Club on April 27, 2006 was a photograph depicting President Obama looking up and to his left.

16.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 16 of the Complaint and therefore denies the same, except admits that Fairey has publicly stated that he has created various posters and other merchandise depicting President Obama, which posters were based on a photograph for which Mannie Garcia owns the copyright.

17.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 17 of the Complaint and therefore denies the same, except admits that Fairey has publicly stated that he has created various posters and other merchandise depicting President Obama, which posters were based on a photograph for which Mannie Garcia owns the copyright.

18.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 18 of the Complaint and therefore denies the same, except admits that Fairey has publicly stated that he has created various posters and other merchandise depicting President Obama, which posters were based on a photograph for which Mannie Garcia owns the copyright.

19.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 19 of the Complaint and therefore denies the same, except admits that Fairey has publicly stated that he has distributed various posters and other merchandise depicting President Obama, which posters were based on a photograph for which Mannie Garcia owns the copyright.

20.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 20 of the Complaint and therefore denies the same.

21.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 21 of the Complaint and therefore denies the same.

22.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 22 of the Complaint and therefore denies the same.

23.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 23 of the Complaint and therefore denies the same.

24.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 24 of the Complaint and therefore denies the same, except admits that Fairey has publicly stated that he has created various works depicting President Obama based on a photograph for which Mannie Garcia owns the copyright.

25.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 25 of the Complaint and therefore denies the same.

26.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 26 of the Complaint and therefore denies the same, except admits that President Obama was elected on November 4, 2008.

27.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 27 of the Complaint and therefore denies the same.

28.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 28 of the Complaint and therefore denies the same.

29.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 29 of the Complaint and therefore denies the same, except admits that Fairey has publicly stated that he has created various posters that were based on a photograph for which Mannie Garcia owns the copyright.

30.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 30 of the Complaint and therefore denies the same, except admits that an individual named James Danziger has posted material on the Internet discussing Plaintiffs' posters depicting President Obama and the works owned by Mannie Garcia on which such posters were based.

31.     Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 31 of the Complaint and therefore denies the same, except admits that an individual named Michael Cramer has posted material on the Internet discussing Plaintiffs' posters speculating as to the source of the images depicted in Plaintiffs' posters of President Obama.

32. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 32 of the Complaint and therefore denies the same, except admits that Mr. Danziger has posted material on the Internet discussing Plaintiffs' posters speculating as to the source of the images depicted in Plaintiffs' posters of President Obama.

33. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 33 of the Complaint and therefore denies the same, except admits that an individual named Tom Gralish has posted material on the Internet discussing Plaintiffs' posters speculating as to the source of the images depicted in Plaintiffs' posters of President Obama.

34. Denies the allegations contained in ¶ 34 of the Complaint, except admits that Fairey used a photograph of President Obama taken by Mannie Garcia at the National Press Club on April 27, 2006 as the basis for his *Obama Hope* poster.

35. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 35 of the Complaint and therefore denies the same.

36. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 36 of the Complaint and therefore denies the same.

37. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 37 of the Complaint and therefore denies the same.

38. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 38 of the Complaint and therefore denies the same.

39. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 39 of the Complaint and therefore denies the same.

40. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 40 of the Complaint and therefore denies the same.

## FIRST CAUSE OF ACTION

41. Repeats and realleges each and every response to ¶¶ 1-40 above as if fully set forth herein.

42. States that the allegations contained in ¶ 42 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that, to the extent any response is required, admits that there is a dispute between the parties as to whether the various unauthorized posters created by Plaintiffs using Garcia photograph constituted copyright infringement.

43. Denies the allegations contained in ¶ 43 of the Complaint.

## SECOND CAUSE OF ACTION

44. Repeats and realleges each and every response to ¶¶ 1-43 above as if fully set forth herein.

45. States that the allegations contained in ¶ 45 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that, to the extent any response is required, admits that there is a dispute between the parties as to whether the various unauthorized posters created by Plaintiffs infringe The AP's purported rights in and to such photograph, but state that the copyright is owned by Mannie Garcia and the Plaintiffs' use is not fair use.

46. Denies the allegations contained in ¶ 46 of the Complaint, except admit that Plaintiffs used the photograph which was taken by and whose copyright is owned by Mannie Garcia.

47. Denies the allegations contained in ¶ 47 of the Complaint, except admits that prior to Plaintiffs' creation of their posters, the Mannie Garcia photograph had been published.

48. Denies the allegations contained in ¶ 48 of the Complaint.

49. Denies the allegations contained in ¶ 49 of the Complaint.

50. Denies the allegations contained in ¶ 50 of the Complaint.

## INTERVENOR MANNE GARCIA'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

51. The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

52. Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel and unclean hands.

## INTERVENOR MANNIE GARCIA'S COUNTERCLAIMS AND CROSS CLAIMS

### NATURE OF THE ACTION AND RELIEF SOUGHT

53. Mannie Garcia's claims arise from the fact that he took the subject photograph ("Garcia photo") and owns its copyright Registration No. VA1-665-426 effective March 17, 2009. Neither the Fair Use Doctrine, nor the Work for Hire Doctrine apply. The photograph from which Plaintiff is believed to have copied is reproduced as Exhibit B to AP's Answer and Counterclaim.

54.     Mannie Garcia is an independent, freelance professional photographer, operating out of Maryland, who worked for the AP for approximately five weeks taking photographs at various events in and around Washington D.C.

55.     He worked from his apartment and his car and used his own equipment. Further, Mr. Garcia selected what photographs to take and performed a classic "skill" service. Of two hundred seventy-five (275) photo images taken by Mr. Garcia on April 27, 2006, sixteen (16) were selected by him to transmit on to AP.

56.     Because he was not an AP employee, Mr. Garcia was not eligible to join, and did not join, the union. He received no health, unemployment or other benefits from the AP and never agreed to assign his copyright rights in his photographs to the AP.

57.     Mr. Garcia was free to – and did – work for other individuals and corporations while working with the AP as long as his other work did not interfere with his work for AP. He was never an AP employee, but was the creative author and is the rightful owner of the photograph referenced multiple times in the Complaint as the "Garcia Photograph."

58.     The photograph at issue was taken by Mr. Garcia on April 27, 2006 at the National Press Club and was "made distinctive by Mr. Garcia's creative and artistic input, including (1) his deliberate selection of a specific moment in time to capture President Obama's expression; (2) his choice in using a particular type of lens and light for optimal impact; and (3) his careful and unique composition of the photograph. These facts, combined with Mr. Garcia's experience, skill and judgment, resulted in the creation of a distinctive image of a unique moment and expression of President Obama." March 11, 2009 Answer and Counterclaims of the AP ("AP Answer"), ¶58.

59. The Garcia Photograph was ultimately used by Plaintiffs and Counterclaim Defendants in the posters that became known as "Obama HOPE" and "Obama PROGRESS" which have been sold by Plaintiffs since as early as 2008. The same photo was subsequently used in, and sold as, *inter alia* posters titled "HISTORY", "YES WE DID", and "BE THE CHANGE." In addition the Garcia Photograph was used by Plaintiffs on the sale of sundry items such as tee shirts, buttons, etc.

60. Plaintiffs and Counterclaim Defendants have profited from the sales of Mr. Garcia's copyrighted photographic image and have claimed that the Fair Use Doctrine applies to avoid infringement damages.

61. Defendant AP seeks to reap some of the profit by claiming that it – and not Mr. Garcia – is the rightful owner of the photograph's copyright because it claims the Work for Hire Doctrine applies.

62. The Plaintiffs, the Counterclaim Defendants and the Defendant AP all knew the work done by Mannie Garcia was copyrighted and not to be used without Mannie Garcia's consent. Use of the photo without consent is a violation of the Copyright Act of 1976.

63. The Plaintiffs and the Counterclaim Defendants have misappropriated Mannie Garcia's rights by developing a series of posters and other merchandise ("the Infringing Merchandise") based on the Garcia Photo and selling the merchandise through various distribution channels.

64. The Infringing Merchandise retains the creative essence of the Garcia Photo and it is undisputed that it is based upon that the photograph image taken by Mr. Garcia..

**Fairey's Infringing Work is Commercial**

65. Plaintiffs and Counterclaim Defendants are selling the Garcia photo on a variety of different medium, i.e. sweatshirts, posters, etc. in a variety of different ways, including their website: http://www.obeygiant.com/store in direct violation of Mannie Garcia's rights.

66. Plaintiffs and Counterclaim Defendants to date have made substantial revenue from selling the infringing merchandise, which upon information and belief has generated far in excess of $400,000 in sales.

67. The Garcia Photo appropriated by Fairey was made distinctive by Mannie Garcia's experience, creative instincts and artistic input. He selected the angle and moment to capture the iconic photo of Obama. Mannie Garcia chose the equipment, proper lighting necessary to take the photo and composed the photo to capture a unique and inspiring image.

68. The Infringing Merchandise maintains the most distinctive and important elements that make it recognizable as the Garcia Photo, including the lighting, the angle of Obama's head, his expression and the intensity of his gaze.

69. Plaintiffs and Counterclaim Defendants used the Garcia Photo for commercial benefit without notice, credit or compensation to Mannie Garcia, the copyright owner.

## PARTIES

70. The AP is a New York not-for-profit corporation with its principal place of business at 450 West 33rd Street, New York, New York 10001.

71. Shepard Fairey is an individual who resides at 1331 West Sunset Boulevard, Los Angeles, California 90026. He is an artist, graphic designer, merchandiser and business owner.

72. Obey Inc. is a California corporation located at 1331 West Sunset Boulevard, Los Angeles, California 90026. Obey Inc. engages in the business of selling and distributing Fairey's artwork, graphic designs and merchandise.

73.     Obey Giant LLC is a California limited liability corporation located at 1331 West Sunset Boulevard, Los Angeles, California 90026. Upon information and belief, Obey Giant LLC engages in the business of selling and distributing Fairey's artwork, graphic designs and merchandise.

74.     Studio Number One, Inc. ("Studio One") is a California corporation located at 1331 West Sunset Boulevard, Los Angeles, California 90026. Upon information and belief, Studio One engages in the business of corporate brand identity and manages the Obey® and Shepard Fairey brands, as well as distributing Fairey's artwork, graphic designs and merchandise.

75.     Obey Clothing is a California corporation located at 2313 Susan Street, Santa Ana, California 92704.  Upon information and belief, Obey Clothing is the exclusive licensee of Obey Giant LLC for the use of Fairey's trademarks and designs on clothing.

76.     Intervenor Mannie Garcia is an individual residing at 2608 McComas Avenue, Kensington, Md. 20895.

## JURISDICTION AND VENUE

77.     This action asserts cross claims and counterclaims arising under the Copyright Act, 17 U.S.C. § 101 et seq., and the DMCA, 17 U.S.C. § 1202.  This Court has federal question jurisdiction over Mannie Garcia's cross claims and counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b) and subject matter jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

78.     Upon information and belief, this Court has personal jurisdiction over all Plaintiffs and Counterclaim Defendants because they have committed tortious acts outside New York causing injury within the State of New York and derive substantial revenue from interstate commerce.  Upon information and belief, this Court also has personal jurisdiction over all Plaintiffs and Counterclaim Defendants because they transact business in New York.  Further, this Court has personal jurisdiction over Fairey and Obey, Inc. because they have chosen to avail themselves of the laws and protections of this Court and the AP's claims arise from the same series of operative facts that Fairey and Obey, Inc. allege.

79.     This Court has personal jurisdiction over the AP because it is a New York not-for-profit corporation and does business in the State of New York.

80.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (d).

## FACTUAL BACKGROUND

### The Garcia Photo

81.     Mannie Garcia owns a copyright, Reg. No. VA1-665-426 in the subject photo which he took on April 27, 2006 at the National Press Club.

82.     Although Mannie Garcia was working on assignment from the AP when covering the event at the National Press Club on April 27, 2006, he was not an employee of the AP and did not assign his copyrights in the photographs he took that day to the AP.

83.     The Garcia Photo reflects Mr. Garcia's thought, craft, patience and judgment that he brought to bear on its creation.  It also reflects Mr. Garcia's artistic choice of angle, focus, pose, lighting, depth of field and his selection of the proper facial expression, manner and

demeanor of his subject. Out of two hundred seventy-five (275) images taken by Mr. Garcia at the National Press Club, he chose to transmit sixteen (16) of them to the AP.

84.     Upon information and belief, Plaintiffs and Counterclaim Defendants began misappropriating the Garcia Photo for their own commercial gain sometime around January 2008.

85.     Plaintiffs' and Counterclaim Defendants' changes to the Garcia Photo do not change the character or essence of the work and amount to a wholesale copying of the photo and then adding an overlay of computer-generated red, white and blue shading. The expression of the photo as one that captures a vision of President Obama has not been altered by Plaintiffs and Plaintiffs' changes and use of the photo do not serve a different purpose than the original work. The distinctive qualities of the original work remain distinctive and integral to the Infringing Merchandise.

86.     Plaintiffs' and Counterclaim Defendants' unauthorized use of the Garcia Photo has caused
substantial impairment to the potential market for the original photo, namely Mannie Garcia's ability to license its use to both commercial and non-commercial customers. As an independent photographer, such licensing is a right of Mannie Garcia's business.

### Fairey and the Other Plaintiffs' Bad Faith Conduct

87.     Fairey has demonstrated by his own actions a sophisticated understanding of intellectual property licensing and enforcement and thus surely knew that he needed a license to use the Garcia Photo and to credit Mr. Garcia for his use, yet he failed to do so.

88      Upon information and belief, Fairey and his related entities defrauded the U.S. Copyright Office by failing to state in the application to register the copyright in the Infringing

Merchandise (Reg. Nos. VA0001651320, VA0001651318 and VA0001651319) that they were actually derivative works of the Garcia Photo. To obtain a copyright registration, applicants must disclose, and exclude from the registration application, any pre-existing material or material not owned by the applicant — i.e., applicants must disclose whether the work is wholly new or rather is a derivative work based on a pre-existing work. Upon information and belief, Fairey's copyright applications for the Infringing Merchandise failed to identify the Obama Photo in the "Material Excluded" section of the applications even though Fairey is now forced to admit that his posters were derived from the Garcia Photo. Fairey's failure to properly identify his Infringing Merchandise as derivative of the Garcia Photo constitutes fraud on the Copyright Office, further demonstrating Fairey's cavalier attitude towards the intellectual property rights of others and disregard for the copyright laws.

89.     Upon information and belief, in a further act of bad faith, Plaintiffs and Counterclaim Defendants deliberately misrepresented the source of the Infringing Merchandise in their Complaint. Specifically, upon information and belief, although Plaintiffs and Counterclaim Defendants were well aware that the Infringing Merchandise were based on the Garcia Photo, Plaintiffs deliberately misidentified in their Complaint another photo taken by Mr. Garcia, which included an image of the actor George Clooney seated next to President Obama (the "Clooney Photo"), as the source of the Infringing Merchandise. A true and correct copy of the Clooney Photo is attached as Exhibit C to the Answer and Counterclaims of the AP.

### The AP's Bad Faith Conduct

90.     The AP has been well aware since the Garcia Photo was taken that the copyright in that photo belongs to Mannie Garcia as an independent contractor who was working as such at the time he took the Garcia Photo.  Further, the AP is aware – and was aware at the time of filing

its copyright application in the Garcia Photo – that it was not the true owner of the rights to that photo.

91.     Despite knowledge that the photo belongs to Mannie Garcia, the AP filed and obtained a copyright in the Garcia Photo, and has asserted itself as the rightful owner of the copyright in the Garcia Photo in this lawsuit.

## FIRST COUNTERCLAIM — COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 et seq.)
### (Against Plaintiffs)

92.     Mannie Garcia incorporates by reference ¶¶ 1-90 above as if fully set forth herein.

93.     By the actions alleged above, Plaintiffs and Counterclaim Defendants have infringed and will continue to infringe Mannie Garcia's copyright in the Garcia Photo by using this original copyrighted photograph as a basis for the Infringing Merchandise without permission.

94.     Mannie Garcia is entitled to recover from Plaintiffs and Counterclaim Defendants the damages, including attorneys' fees, he has sustained and will sustain, and any gains, profits and advantages obtained by Plaintiffs and Counterclaim Defendants as a result of their acts of infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained, but will be established according to proof at trial. Mannie Garcia is also entitled to recover statutory damages for Fairey's willful infringement of their copyright.

## SECOND COUNTERCLAIM — CONTRIBUTORY
## COPYRIGHT INFRINGEMENT

- - 17

95.     Mannie Garcia incorporates by reference ¶¶ 1-93 above as if fully set
forth herein.

96.     By the actions alleged above, Plaintiffs and Counterclaim Defendants have
encouraged, assisted, induced, caused, and/or materially contributed to a vast number of actual or
imminent copyright infringements of the Garcia Photo in violation of 17 U.S.C. §§ 106 and 501.

97.     Fairey knows or has reason to know of the actual or imminent direct infringement
of Mannie Garcia's copyright in the Garcia Photo. Fairey has actively promoted the
infringements through the sale of products and merchandise bearing the Garcia Photo.

98.     The infringements of Mannie Garcia's copyrighted works that Fairey encourages,
assists, induces, causes and/or materially contributes to through the conduct described above is
without Mannie Garcia's consent and not otherwise permissible under the Copyright Act.

99.     The foregoing acts of infringement by Plaintiffs and Counterclaim Defendants
have been willful, intentional, purposeful, and with indifference to Mannie Garcia's rights.

100.    Mannie Garcia is entitled to recover from Plaintiffs the damages, including
attorneys' fees, it has sustained and will sustain, and any gains, profits and advantages obtained
by Plaintiffs and Counterclaim Defendants as a result of their acts of infringement alleged above.
At present, the amount of such damages, gains, profits and advantages cannot be fully
ascertained, but will be established according to proof at trial. Mannie Garcia is also entitled to
recover statutory damages for Fairey's willful infringement of its copyright.

**DECLARATORY JUDGMENT**
**(28 U.S.C. §§ 2201 and 2202)**
**(Against Plaintiffs and the AP)**

101. Mannie Garcia incorporates by reference ¶¶ 1-99 above as if fully set forth herein.

102 Both Plaintiffs and the AP improperly obtained copyright registrations pertaining to the Garcia Photo.

103. Plaintiffs obtained copyright registrations in three of the Infringing Merchandise, which are unauthorized derivative works, Registration Nos. VA0001651320, VA0001651318, and VA0001651319 (the "Unauthorized Registrations"). Such conduct constitutes fraud on the U.S. Copyright Office as Plaintiffs were required to disclose that their Unauthorized Registrations were based on Pre-Existing Materials.

104. The AP also obtained an invalid copyright registration in the Garcia Photo, knowing full well that such rights belong to Mannie Garcia.

105. As such, Mannie Garcia requests that this Court declare that the Unauthorized Registrations were obtained through fraud, and thus not subject to copyright protection under 17 U.S.C. § 409, and order the U.S. Copyright Office to cancel the Unauthorized Registrations.

106. By reason of the foregoing, there now exists between the parties an actual and justiciable controversy concerning Plaintiffs', the AP's, and Mannie Garcia's respective rights and obligation to the use of the Garcia Photo, requiring declaratory relief.

107. The aforesaid declaration is necessary and appropriate at this time to affirm Mannie Garcia's right to continue to make use of the Garcia Photo.

108. Mannie Garcia has no adequate remedy at law.

109. Accordingly, Mannie Garcia seeks, pursuant to 28 U.S.C. §§ 2201 and

2202, a judgment from this Court that both the Plaintiffs' copyright registration in the Infringing Merchandise is invalid and should be cancelled and that the AP's copyright registration in the Garcia Photo is invalid and should be cancelled.

## PRAYER FOR RELIEF

WHEREFORE, Mannie Garcia requests:

(a)     That the Complaint be dismissed with prejudice;

(b)     That the Court find that Plaintiffs and Counterclaim Defendants have infringed Mannie Garcia's copyright in the Garcia Photo;

(c)     That the Court enter judgment for Mannie Garcia against Plaintiffs and Counterclaim Defendants for Mannie Garcia's actual damages according to proof, and for any profits attributable to infringement of Mannie Garcia's intellectual property in accordance with proof;

(d)     That the Court enter judgment for Mannie Garcia and against Plaintiffs and Counterclaim Defendants for statutory damages based upon their acts of infringement pursuant to the Copyright Act of 1976, 17 U.S.C. § 101, et seq.;

(e)     That the Court find that Plaintiffs cannot assert copyright protection in any of the Infringing Merchandise;

(f)     That the Court declare that Mannie Garcia and not Plaintiffs or the AP, holds a valid copyright in the Garcia photo;

(g)     An award against Plaintiffs of three times the greater of

(i) Mannie Garcia's damages for the wrongful acts of Plaintiffs in an amount the Court deems appropriate, together with appropriate interest on such damages; or

(ii) Plaintiffs' profits in accordance with the accounting demanded in the

preceding paragraph, pursuant to 15 U.S.C. § 1117, and

(h)     An award of Mannie Garcia's costs and disbursements of this action, including

reasonable attorneys' fees, pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117;

(i)     Such other, further, and different relief as the Court deems just and proper.


Date:  December 3, 2009          **BOIES, SCHILLER & FLEXNER, LLP**


By: _____

George F. Carpinello (GC 4229)
Jeffrey S. Shelly (JS 5119)
10 North Pearl Street, 4th Floor
Albany, NY  12207
Phone: (518) 434-0600

Michael Underhill
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
Phone:  (202) 274-1120


**KILE GOEKJIAN REED & McMANUS, PLLC**
Bradford E. Kile
Robert J. McManus
Matthew P. Thielemann
1200 New Hampshire Avenue NW
Suite 570
Washington, D.C. 20036
Phone: (202) 659-8000

*Attorneys for Intervenor Mannie Garcia*


TO:   **JONES DAY**
Geoffrey S. Stewart
Meir Feder
222 East 41st Street
New York, NY 10017

Phone: (212) 326-3939
Email: gstewart@JonesDay.com
      mfeder@jonesday.com

**HARVARD LAW SCHOOL**
William W. Fisher, III
1575 Massachusetts Avenue
Cambridge, MA 02138
San Francisco, CA 94104
Phone: (617) 495-0957
Email: tfisher@law.harvard.edu

*Attorneys for Shepard Fairey, Obey Giant Art, Inc.,*
*Obey Giant, LLC and Studio Number One, Inc.*

**KIRKLAND & ELLIS LLP**
Dale M. Cendali
Brendan T. Kehoe
601 Lexington Avenue
New York, NY 10022
Phone: (212) 446-4800
Email: dale.cendali@kirkland
      brendan.kehoe@kirkland.com

Claudia E. Ray
153 East 53rd Street
New York, NY 10022
Phone: (212) 446-4800
E-mail: cray@kirkland.com

Michael F. Williams
655 Fifteenth Street, NW
Suite 1200
Washington, DC 20005
Phone: (202) 879-5123
E-mail: mwilliams@kirkland.com

*Attorneys for The Associated Press*

**BRUNE & RICHARD LLP**
Charles A. Michael
Theresa M. Trzaskoma
80 Broad Street, 30th Floor
New York, NY 10004
Phone: (212) 668-1900
E-mail: cmichael@brunerichard.com
        ttrzaskoma@brunerichard.com

*Attorneys for One 3 Two, Inc. d/b/a Obey Clothing*

S:\wpdata\7510001\MG First Amended Answer, Aff Def.doc