Robyn C. Crowther *(admitted pro hac vice)*
Jeanne A. Fugate *(admitted pro hac vice)*
Laurie C. Martindale *(admitted pro hac vice)*
CALDWELL LESLIE & PROCTOR, PC
1000 Wilshire Boulevard, Suite 600
Los Angeles, CA  90017-2463
Telephone: (213) 629-9040
Facsimile:  (213) 629-9022
crowther@caldwell-leslie.com
fugate@caldwell-leslie.com
martindale@caldwell-leslie.com

Theresa Trzaskoma
Charles Michael
BRUNE & RICHARD LLP
80 Broad Street
New York, NY 10004
Tel: (212) 668-1900
Fax: (212) 668-0315
ttrzaskoma@bruneandrichard.com
cmichael@bruneandrichard.com

*Attorneys for Counterclaim Defendant*

ONE 3 TWO, INC. d/b/a OBEY CLOTHING

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHEPARD FAIREY AND OBEY GIANT ART, INC., <br><br>Plaintiffs,<br><br>v.<br><br>THE ASSOCIATED PRESS,<br><br>    Defendant and Counterclaim Plaintiff,<br><br>v.<br><br>SHEPARD FAIREY, OBEY GIANT ART, INC., OBEY GIANT LLC, STUDIO NUMBER ONE, INC., and ONE 3 TWO, INC. (d/b/a OBEY CLOTHING),<br><br>    Counterclaim Defendants.<br><br>And<br><br>MANNIE GARCIA, | ECF<br><br>Case No. 09-0-1123 (AKH)<br><br><br>**ANSWER AND AFFIRMATIVE DEFENSES BY COUNTERCLAIM DEFENDANT ONE 3 TWO, INC. d/b/a OBEY CLOTHING TO FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND CROSS CLAIMS OF DEFENDANT-INTERVENOR MANNIE GARCIA**<br><br>**JURY TRIAL DEMANDED** |

| Defendant, Counterclaim Plaintiff and Cross-claim Plaintiff/Defendant, |
| v. |
| SHEPARD FAIREY AND OBEY GIANT ART, INC., |
| Counterclaim Defendants, |
| And |
| THE ASSOCIATED PRESS, |
| Cross-claim Plaintiff/Defendant. |

Counterclaim Defendant One 3 Two, Inc. d/b/a Obey Clothing ("One 3 Two") hereby responds to the Counterclaims contained in the First Amended Answer, Affirmative Defenses, Counterclaims and Cross Claims of Defendant-Intervenor Mannie Garcia ("First Amended Counterclaims") filed on December 3, 2009, by admitting, denying and alleging as follows:

## GENERAL DENIAL

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, except as specifically identified below, Counterclaim Defendant One 3 Two generally denies each and every allegation in Mannie Garcia's First Amended Counterclaims, including any and all allegations that it has engaged in any wrongful conduct, and it denies that it has any liability in this matter. Where the allegations in the First Amended Counterclaims are not directed at One 3 Two, no response is required and no response has been provided below. Any lack of response should not be construed as an admission by One 3 Two that the facts alleged or the characterizations asserted in those paragraphs are accurate.

## SPECIFIC RESPONSES TO INDIVIDUAL ALLEGATIONS

53. Answering paragraph 53, the allegation that "[n]either the Fair Use Doctrine, nor the Work for Hire Doctrine apply," states a legal conclusion to which no responsive pleading is necessary, but to the extent any response is required, One 3 Two denies this allegation. One 3 Two lacks sufficient information to admit or deny the remaining allegations contained in this paragraph, and on that basis denies each and every allegation.

54. Answering paragraph 54, One 3 Two lacks sufficient information to admit or deny the allegations contained in this paragraph, and on that basis denies each and every such allegation.

55. Answering paragraph 55, One 3 Two lacks sufficient information to admit or deny the allegations contained in this paragraph, and on that basis denies each and every such allegation.

56. Answering paragraph 56, One 3 Two lacks sufficient information to admit or deny the allegations contained in this paragraph, and on that basis denies each and every such allegation.

57. Answering paragraph 57, One 3 Two lacks sufficient information to admit or deny the remaining allegations contained in this paragraph, and on that basis denies each and every such allegation.

58. Answering paragraph 58, One 3 Two states that the photograph speaks for itself, and denies the allegations to the extent they try to characterize the image. One 3 Two lacks sufficient information to admit or deny the remaining allegations contained in this paragraph, and on that basis denies each and every such allegation.

59. Answering paragraph 59, this paragraph uses the undefined term "Counterclaim Defendants" (which One 3 Two will assume includes One 3 Two for purposes of this Answer). One 3 Two denies the allegations to the extent they claim that One 3 Two engaged in the conduct alleged and denies that it has information or knowledge sufficient to form a belief as to the remaining allegations, except that One 3 Two admits that it sold clothing bearing an image of President Barack Obama that had been provided to it by other Counterclaim Defendants (the "Obama Clothing").

60. Answering paragraph 60, this paragraph uses the undefined term "Counterclaim Defendants" (which One 3 Two will assume includes One 3 Two for purposes of this Answer). One 3 Two denies the allegations to the extent they claim that One 3 Two engaged in the conduct alleged and denies that it has information or knowledge sufficient to form a belief as to the

remaining allegations, except that it admits that any actions taken by Counterclaim Defendants were protected.

61. Answering paragraph 61, One 3 Two lacks sufficient information to admit or deny the allegations contained in this paragraph, and on that basis denies each and every such allegation.

62. Answering paragraph 62, this paragraph uses the undefined term "Counterclaim Defendants" (which One 3 Two will assume includes One 3 Two for purposes of this Answer). One 3 Two denies the allegations to the extent they claim that One 3 Two engaged in the conduct alleged and denies that it has information or knowledge sufficient to form a belief as to the remaining allegations.

63. Answering paragraph 63, this paragraph uses the undefined term "Counterclaim Defendants" (which One 3 Two will assume includes One 3 Two for purposes of this Answer). One 3 Two denies the allegations to the extent they claim that One 3 Two engaged in the conduct alleged and denies that it has information or knowledge sufficient to form a belief as to the remaining allegations.

64. Answering paragraph 64, One 3 Two states that the photograph speaks for itself, and denies the allegations to the extent they try to characterize the image. One 3 Two lacks sufficient information to admit or deny the remaining allegations contained in this paragraph, and on that basis denies each and every such allegation.

65. Answering paragraph 65, this paragraph uses the undefined term "Counterclaim Defendants" (which One 3 Two will assume includes One 3 Two for purposes of this Answer). One 3 Two denies the allegations to the extent they claim that One 3 Two engaged in the conduct alleged and denies that it has information or knowledge sufficient to form a belief as to the remaining allegations, except that it admits that One 3 Two sold clothing bearing an image of President Barack Obama that had been provided to it by other Counterclaim Defendants.

66. Answering paragraph 66, this paragraph uses the undefined term "Counterclaim Defendants" (which One 3 Two will assume includes One 3 Two for purposes of this Answer). One 3 Two denies the allegations to the extent they claim that One 3 Two engaged in the conduct

alleged and denies that it has information or knowledge sufficient to form a belief as to the remaining allegations, except that it admits that One 3 Two's sale of the Obama Clothing generated sales in excess of $400,000.

67. Answering paragraph 67, One 3 Two states that the photograph speaks for itself, and denies the allegations to the extent they try to characterize the image. One 3 Two lacks sufficient information to admit or deny the remaining allegations contained in this paragraph, and on that basis denies each and every such allegation.

68. Answering paragraph 68, One 3 Two denies each and every allegation contained in this paragraph.

69. Answering paragraph 69, this paragraph uses the undefined term "Counterclaim Defendants" (which One 3 Two will assume includes One 3 Two for purposes of this Answer). One 3 Two denies the allegations to the extent they claim that One 3 Two engaged in the conduct alleged and denies that it has information or knowledge sufficient to form a belief as to the remaining allegations.

70. Answering paragraph 70, One 3 Two lacks sufficient information to admit or deny the allegations contained in this paragraph, and on that basis denies each and every such allegation.

71. Answering paragraph 71, One 3 Two lacks sufficient information to admit or deny the allegations contained in this paragraph, and on that basis denies each and every such allegation.

72. Answering paragraph 72, One 3 Two lacks sufficient information to admit or deny the allegations contained in this paragraph, and on that basis denies each and every such allegation.

73. Answering paragraph 73, One 3 Two lacks sufficient information to admit or deny the allegations contained in this paragraph, and on that basis denies each and every such allegation.

74. Answering paragraph 74, One 3 Two lacks sufficient information to admit or deny the allegations contained in this paragraph, and on that basis denies each and every such allegation.

75. Answering paragraph 75, One 3 Two admits the allegations contained in this paragraph.

76. Answering paragraph 76, One 3 Two lacks sufficient information to admit or deny the allegations contained in this paragraph, and on that basis denies each and every such allegation.

77. Answering paragraph 77, these allegations state a legal conclusion to which no responsive pleading is necessary, but to the extent any response is required, One 3 Two admits that the Court has subject matter jurisdiction.

78. Answering paragraph 78, these allegations state a legal conclusion to which no responsive pleading is necessary, but to the extent any response is required, One 3 Two admits that the Court has personal jurisdiction over One 3 Two in this matter.

79. Answering paragraph 79, these allegations state a legal conclusion to which no responsive pleading is necessary, but to the extent any response is required, One 3 Two admits that the Court has personal jurisdiction over The Associated Press in this matter.

80. Answering paragraph 80, these allegations state a legal conclusion to which no responsive pleading is necessary, but to the extent any response is required, One 3 Two admits that venue is proper in this District.

81. Answering paragraph 81, One 3 Two lacks sufficient information to admit or deny the allegations contained in this paragraph, and on that basis denies each and every such allegation.

82. Answering paragraph 82, One 3 Two lacks sufficient information to admit or deny the allegations contained in this paragraph, and on that basis denies each and every such allegation.

83. Answering paragraph 83, One 3 Two states that the photograph speaks for itself, and denies the allegations to the extent they try to characterize the image. One 3 Two lacks

sufficient information to admit or deny the remaining allegations contained in this paragraph, and on that basis denies each and every such allegation.

84. Answering paragraph 84, this paragraph uses the undefined term "Counterclaim Defendants" (which One 3 Two will assume includes One 3 Two for purposes of this Answer). One 3 Two denies the allegations to the extent they claim that One 3 Two engaged in the conduct alleged and denies that it has information or knowledge sufficient to form a belief as to the remaining allegations.

85. Answering paragraph 85, One 3 Two states that the photograph speaks for itself, and denies the allegations to the extent they try to characterize the image. This paragraph uses the undefined term "Counterclaim Defendants" (which One 3 Two will assume includes One 3 Two for purposes of this Answer). One 3 Two denies the allegations to the extent they claim that One 3 Two engaged in the conduct alleged and denies that it has information or knowledge sufficient to form a belief as to the remaining allegations.

86. Answering paragraph 86, this paragraph uses the undefined term "Counterclaim Defendants" (which One 3 Two will assume includes One 3 Two for purposes of this Answer). One 3 Two denies the allegations to the extent they claim that One 3 Two engaged in the conduct alleged and denies that it has information or knowledge sufficient to form a belief as to the remaining allegations.

87. Answering paragraph 87, One 3 Two lacks sufficient information to admit or deny the allegations contained in this paragraph, and on that basis denies each and every such allegation.

88. Answering paragraph 88, One 3 Two denies the allegations to the extent they claim that One 3 Two engaged in the conduct alleged and denies that it has information or knowledge sufficient to form a belief as to the remaining allegations.

89. Answering paragraph 89, this paragraph uses the undefined term "Counterclaim Defendants" (which One 3 Two will assume includes One 3 Two for purposes of this Answer). One 3 Two denies the allegations to the extent they claim that One 3 Two engaged in the conduct

alleged and denies that it has information or knowledge sufficient to form a belief as to the remaining allegations.

90. Answering paragraph 90, One 3 Two lacks sufficient information to admit or deny the allegations contained in this paragraph, and on that basis denies each and every such allegation.

91. Answering paragraph 91, One 3 Two lacks sufficient information to admit or deny the allegations contained in this paragraph, and on that basis denies each and every such allegation.

### As to the First Counterclaim

92. Answering paragraph 92, One 3 Two repeats and realleges its responses in each of the preceding paragraphs.

93. Answering paragraph 93, One 3 Two denies each and every allegation contained in this paragraph.

94. Answering paragraph 94, One 3 Two denies each and every allegation contained in this paragraph.

### As to the Second Counterclaim

95. Answering paragraph 95, One 3 Two repeats and realleges its responses in each of the preceding paragraphs.

96. Answering paragraph 96, One 3 Two denies each and every allegation contained in this paragraph.

97. Answering paragraph 97, One 3 Two denies each and every allegation contained in this paragraph.

98. Answering paragraph 98, One 3 Two denies each and every allegation contained in this paragraph.

99. Answering paragraph 99, One 3 Two denies each and every allegation contained in this paragraph.

100. Answering paragraph 100, One 3 Two denies each and every allegation contained in this paragraph.

## As to the Third Counterclaim

101. Answering paragraph 101, One 3 Two repeats and realleges its responses in each of the preceding paragraphs.

102. Answering paragraph 102, One 3 Two lacks sufficient information to admit or deny the allegation contained in this paragraph, and on that basis denies this allegation.

103. Answering paragraph 103, One 3 Two lacks sufficient information to admit or deny the allegation contained in this paragraph, and on that basis denies this allegation.

104. Answering paragraph 104, One 3 Two lacks sufficient information to admit or deny the allegation contained in this paragraph, and on that basis denies this allegation.

105. Answering paragraph 105, this paragraph states a legal conclusion to which no responsive pleading is necessary, but to the extent any response is required, One 3 Two denies this allegation.

106. Answering paragraph 106, this paragraph states a legal conclusion to which no responsive pleading is necessary, but to the extent any response is required, One 3 Two admits that there is a justiciable controversy regarding the parties' respective rights and obligations.

107. Answering paragraph 107, this paragraph states a legal conclusion to which no responsive pleading is necessary, but to the extent any response is required, One 3 Two denies this allegation.

108. Answering paragraph 108, this paragraph states a legal conclusion to which no responsive pleading is necessary, but to the extent any response is required, One 3 Two denies this allegation.

109. Answering paragraph 109, this paragraph states a legal conclusion to which no responsive pleading is necessary, but to the extent any response is required, One 3 Two denies this allegation.

## RESPONSE TO PRAYER FOR RELIEF

110. Answering paragraphs (a) through (i) of the prayer for relief, One 3 Two denies that Mannie Garcia is entitled to the relief sought in these paragraphs and denies that Mannie Garcia is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, and without conceding that they bear the burden of proof as to any of these issues, One 3 Two asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

111. Mannie Garcia's First Amended Counterclaims, and each cause of action alleged therein, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

112. Mannie Garcia's First Amended Counterclaims, and each cause of action alleged therein, are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

113. Mannie Garcia's First Amended Counterclaims, and each cause of action alleged therein, are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

114. Mannie Garcia's First Amended Counterclaims, and each cause of action alleged therein, are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

115. Mannie Garcia's First Amended Counterclaims, and each cause of action alleged therein, are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

116. Mannie Garcia's First Amended Counterclaims, and each cause of action alleged therein, are barred because his alleged copyright registration is invalid or enforceable due to the failure to comply with the requirements of Title 17 of the United States Code.

### SEVENTH AFFIRMATIVE DEFENSE

117. Mannie Garcia's First Amended Counterclaims, and each cause of action alleged therein, are barred by the First Amendment to the United States Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

118. Any damages and profits sought by Mannie Garcia are limited, in whole or in part, pursuant to 17 U.S.C. § 504(b) and exclude deductible expenses and any elements of profit attributable to factors other than the alleged infringement of Mannie Garcia's allegedly copyrighted work.

### NINTH AFFIRMATIVE DEFENSE

119. Mannie Garcia's First Amended Counterclaims, and each cause of action alleged therein, are barred because One 3 Two's use of the subject material constitutes fair use.

### TENTH AFFIRMATIVE DEFENSE

120. Mannie Garcia's First Amended Counterclaims, and each cause of action alleged therein, are barred because One 3 Two's use of the subject material is de minimis.

### ELEVENTH AFFIRMATIVE DEFENSE

121. Any statutory damages sought by Mannie Garcia pursuant to 17 U.S.C. § 504 are limited, in whole or in part, because any alleged infringement was not committed willfully and One 3 Two was not aware and had no reason to believe that its acts constituted an infringement of copyright.

### TWELFTH AFFIRMATIVE DEFENSE

122. As to each and all of the claims for relief based on alleged infringement of the alleged copyright allegedly owned by Mannie Garcia, he is barred from recovering damages based on such alleged infringement in violation of 17 U.S.C. § 1202, or such damages should be reduced, because any infringement by One 3 Two was innocent and without notice or knowledge of Mannie Garcia's purported rights.

### THIRTEENTH AFFIRMATIVE DEFENSE

123. As to each and all of the claims for relief based on alleged infringement of the alleged copyright owned by Mannie Garcia, his actions constitute misuse of his alleged copyright .

## FOURTEENTH AFFIRMATIVE DEFENSE

124. To the extent that Mannie Garcia is entitled to recover from One 3 Two, One 3 Two is entitled to equitable indemnity from other persons and parties causing or contributing to such damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

125. Because there was no primary violation of the Copyright Act, 17 U.S.C. § 101, et seq., One 3 Two cannot be held vicariously or secondarily liable.

## SIXTEENTH AFFIRMATIVE DEFENSE

126. Mannie Garcia failed to mitigate his damages, if there were any, which One 3 Two expressly denies.

## SEVENTEENTH AFFIRMATIVE DEFENSE

127. The damages alleged in Mannie Garcia's First Amended Counterclaims are impermissibly remote and speculative, and, therefore, Mannie Garcia is barred from the recovery of any such damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

128. Mannie Garcia's claims are barred by the doctrine of justification and privilege, in that all actions by One 3 Two were lawful and were fair and reasonable under all circumstances.

## NINETEENTH AFFIRMATIVE DEFENSE

129. One 3 Two reserves the right to assert additional affirmative defenses that may arise in the course of discovery or during any trial of this matter.

## PRAYER FOR RELIEF

WHEREFORE, One 3 Two prays as follows:

1. That Mannie Garcia take nothing by reason of his First Amended Counterclaims;

2. That judgment be rendered in favor of One 3 Two;

3. That One 3 Two be awarded its costs of suit incurred in the defense of this action, including reasonable attorneys' fees to the extent such fees are authorized; and

4.       For such other and further relief as the Court may deem just and proper.

Dated: Los Angeles, California    Respectfully submitted,
       January 12, 2010

By:_____/s/_____
   Robyn C. Crowther
   (admitted *pro hac vice*)
   Jeanne A. Fugate
   (admitted *pro hac vice*)
   Laurie C. Martindale
   (admitted *pro hac vice*)
Caldwell Leslie & Proctor, PC
1000 Wilshire Boulevard, Suite 600
Los Angeles, CA 90017-2463
Telephone: (213) 629-9040
Facsimile: (213) 629-9022
crowther@caldwell-leslie.com
fugate@caldwell-leslie.com
martindale@caldwell-leslie.com

Theresa Trzaskoma
Charles Michael
Brune & Richard LLP
80 Broad Street
New York, NY 10004
Telephone: (212) 668-1900
Facsimile: (212) 668-0315
ttrzaskoma@bruneandrichard.com
cmichael@bruneandrichard.com

*Counsel for Counterclaim Defendant One 3 Two, Inc. (d/b/a Obey Clothing)*

**DEMAND FOR JURY TRIAL**

    Counterclaim Defendant One 3 Two d/b/a Obey Clothing hereby demands trial by jury in this action.

Dated: Los Angeles, California  
       January 12, 2010

Respectfully submitted,

By:\_\_\_\_/s/_____
   Robyn C. Crowther  
(admitted *pro hac vice*)  
   Jeanne A. Fugate  
(admitted *pro hac vice*)  
   Laurie C. Martindale  
   (admitted *pro hac vice*)  
Caldwell Leslie & Proctor, PC  
1000 Wilshire Boulevard, Suite 600  
Los Angeles, CA 90017-2463  
Telephone: (213) 629-9040  
Facsimile: (213) 629-9022  
crowther@caldwell-leslie.com  
fugate@caldwell-leslie.com  
martindale@caldwell-leslie.com

Theresa Trzaskoma  
Charles Michael  
Brune & Richard LLP  
80 Broad Street  
New York, NY 10004  
Telephone: (212) 668-1900  
Facsimile: (212) 668-0315  
ttrzaskoma@bruneandrichard.com  
cmichael@bruneandrichard.com

*Counsel for Counterclaim Defendant One 3 Two, Inc. (d/b/a Obey Clothing)*