# Caldwell Leslie

Caldwell Leslie & Proctor, PC
1000 Wilshire Boulevard, Suite 600  Los Angeles, CA  90017-2463  Tel 213.629.9040  Fax 213.629.9022  www.caldwell-leslie.com

January 11, 2010

Hon. Alvin K. Hellerstein
United States Courthouse
500 Pearl Street
New York, New York 10007

[RECEIVED JAN 1 0 2010 ALVIN K. HELLERSTEIN U.S.D.J.]

*Handwritten annotation:* A 60-day extension is granted. Assuming good faith discovery proceedings, no further extension will be granted. 1/13/10 /s/ AKHellerstein

Re:   *Fairey, et al. v. The Associated Press*, 09 Civ. 1123 (AKH)(S.D.N.Y.)

Dear Judge Hellerstein:

Pursuant to Rule 2(E) of the Court's Individual Rules and the Court's Order dated December 29, 2009, the parties jointly submit the following summary of the parties' positions regarding the request of Counterclaim Defendant One 3 Two, Inc. d/b/a Obey Clothing ("One 3 Two") for a 60-day extension of the fact discovery cut-off, from January 30, 2010 to March 31, 2010. As set forth below, the extension has been agreed to by each party in this action with the exception of the Associated Press ("The AP").

This is One 3 Two's first request for an extension of the discovery cut-off.

### Counsel's Meet-and-Confer Efforts

On December 18, 2009, Jeanne Fugate, counsel for One 3 Two, circulated a letter requesting a 60-day extension of the discovery cut-off, in order to have time to analyze the extensive discovery that they had only received in the second week of December and thus better target their own discovery requests. On December 21, 2009, Chris Lopata, counsel for Shepard Fairey, Obey Giant Art, Inc., Obey Giant LLC and Studio Number One, Inc. (collectively "Fairey"), indicated that his clients did not oppose the request for an extension. On December 22, Michael Underhill, counsel for Mannie Garcia, similarly indicated that his client did not oppose the request, provided that the other upcoming deadlines be moved accordingly.

On December 22, 2009, Brendan Kehoe, counsel for The AP, stated by email that The AP was unwilling to agree to any extension and explained the reasons for this refusal in detail. On December 23, 2009, Mr. Kehoe indicated via email that The AP had reconsidered the request and was willing to agree to a 15-day extension as a courtesy and in light of the holidays. On December 24, Ms. Fugate sent an email to Mr. Kehoe informing him that a 15-day extension was insufficient. On December 26, Ms. Fugate emailed Mr. Kehoe and proposed as a compromise a 30-day extension, but noted that this would be without prejudice to any party seeking an additional extension. On December 28, 2009, Claudia Ray, who is also counsel for The AP, responded to Ms.

January 11, 2010
Page 2


Fugate, stating that The AP could not agree to One 3 Two's request for a 30-day extension and explaining that, among other things, the fact that One 3 Two insisted on reserving its rights to seek another extension after that 30-day period, made The AP concerned that One 3 Two's request might result in yet further extensions, well beyond the proposed 30-day period.

**One 3 Two's Position**

Although this case has been pending for almost a year, One 3 Two is a newcomer that quite simply has not had sufficient time to conduct and complete the discovery necessary to defend itself despite its diligent efforts to do so, and the fact that it has had a business relationship with one of the parties to the lawsuit, Fairey, does not change that. In particular, One 3 Two is the exclusive licensee for use of Fairey's designs on clothing. This means that, for the past decade, the company has made and sold t-shirts and similar clothing that contains numerous designs created by Fairey. It is not involved in the imagining or creation of Fairey's designs. More importantly for the matter at hand, its arms-length commercial dealings with Fairey did not in any way lead it to bone up on the details of this lawsuit, either by scrutinizing the pleadings or obtaining and reviewing discovery, until it was itself named a party at the end of October 2009.[1]

Prior to that time, One 3 Two's only involvement in the case was as one of among the dozen third parties who have received third-party subpoenas for documents from The AP. And, given One 3 Two's lack of participation in (or even knowledge about) Fairey's creation of the Obama design at issue, it fully believed that its part was done when, on September 11, 2009, it produced 255 pages of documents to The AP. The AP did not indicate that it was considering adding One 3 Two as a party until October 20, 2009, when it sought permission to amend its counterclaims.

Once added to the lawsuit on November 11, 2009, One 3 Two has been diligent, first conducting its own investigation in order to answer the counterclaims and to provide its initial disclosures. It also sought to catch up on the discovery that had already been completed by informally asking the parties for their previous document productions.

Unfortunately, One 3 Two's efforts to come up to speed on discovery were not successful. On November 18, 2009, The AP's counsel contacted One 3 Two's counsel to obtain our consent to the proposed amended scheduling order, which had been discussed at a November 10 conference that One 3 Two did not attend since it was at

---

[1] Although there is an indemnification agreement between Fairey and One 3 Two as the Associated Press points out below, Fairey did not, and has not, tendered that indemnity to One 3 Two.

that hearing that the Court granted The AP's motion for leave to amend. During that conversation, The AP's counsel assured us that they would promptly provide The AP's documents if One 3 Two would agree to answer rather than move to dismiss. By then, Mr. Fairey's counsel had similarly indicated they would work with One 3 Two to provide their previous productions in short order. Accordingly, One 3 Two did not object to the proposed amended scheduling order, even though the January 30 deadline provided a very tight timeline in which to complete discovery. The next day, we informed The AP that One 3 Two would be answering rather than moving to dismiss. We also informed The AP that we expected to receive The AP's discovery forthwith.

Notwithstanding this prompt request, we did not get any documents from The AP until December 7, 2009. The same week, we received documents from Mr. Fairey's counsel, which had been delayed due to technical problems with the vendor. These documents—not even counting the voluminous electronic discovery provided by third parties—alone total 108,000 pages. On December 18, 2009, having assessed the voluminous nature of the documents produced to date, as well the amount of discovery yet to be completed (which is discussed in greater detail in Fairey's position below), we circulated a request among the parties for a 60-day extension of the discovery cut-off, to which all of the parties but the Associated Press have consented.

Without an extension of time to conduct discovery, One 3 Two unquestionably will suffer prejudice. First, One 3 Two has not served any deposition notices, as it is still analyzing the extensive discovery produced to date, some of which apparently it has not even received from the parties. Further, although One 3 Two served discovery requests on The AP and Mr. Garcia on December 30, 2009 given the current January 30 deadline, that discovery was not as targeted as it could have been able and undoubtedly did not include avenues of inquiry that would have become apparent with more time to analyze the discovery and issues in the case.

On the other hand, The AP's complaints of prejudice—based on a two-month delay in the judicial determination of its rights and purported additional expense—are makeweight at best. First, The AP *chose* to add One 3 Two as a party on October 20, 2009, knowing full well that the addition of a new party could, and likely would, cause delay and added expense. If The AP were concerned solely about a judicial determination of its rights, it could have easily done so in the absence of One 3 Two, which had nothing to do with the creation of the Obama image. Then, after making the decision to add One 3 Two, The AP chose to withhold its previously served documents from One 3 Two for three weeks in an effort to wrest its own litigation advantage. Even to date it is withholding discovery from the parties by refusing to answer contention interrogatories on the ground that its own investigation and discovery are not yet complete, by belatedly identifying witnesses, by refusing to give dates for witnesses and

by insufficiently preparing those witnesses who are produced (as discussed in greater detail in Fairey's position, below).

In short, all of the parties, including The AP, would benefit from a short extension of the discovery cut-off. In any case, The AP should not be permitted to refuse to cooperate with discovery on the one hand, and then use that intransigence to its own competitive advantage in the litigation by curtailing One 3 Two's ability to obtain the discovery necessary to defend itself.

As a final point, One 3 Two is not somehow "in league" with Fairey, or anyone else, to try to delay The AP's day in court. One 3 Two made its request for an extension just two weeks after it first appeared in the case, on December 18, 2009—which was also one week *before* Fairey's motion for a protective order was filed. More importantly, One 3 Two is confident in its defenses; it merely needs more than a few short weeks in which to develop them. This is particularly the case if the Court denies Fairey's motion for a protective order, which will, effectively, leave One 3 Two defending against the counterclaims by itself, having only had two months to absorb more than 100,000 pages of documents (many of which were produced by Fairey) and insufficient time to consider what further discovery will be necessary for its solo defense. One 3 Two therefore requests a 60-day extension of fact discovery.

**The Associated Press's Position**

The arguments by One 3 Two, Fairey's exclusive clothing licensee, and by Fairey in favor of a 60-day extension of the discovery cutoff in this matter are nothing more than an exercise in misdirection. Although they claim that an extension is necessary so that One 3 Two can take discovery and because there are outstanding discovery issues, what Fairey and One 3 Two (collectively, the "Counterclaim Defendants") are really trying to do is distract the Court's attention from the fact that their case that has been hopelessly compromised by the admitted lies and discovery violations of their key witness, Mr. Fairey.

Fairey's former counsel had previously described this case as one turning primarily on legal issues with little need for fact discovery. Now that Mr. Fairey has undermined his own fair use defense, however, it is clear that Counterclaim Defendants can no longer argue, as they had, that The AP was mistaken about which photo Mr. Fairey used in creating the Obama Poster, or that he made substantial changes to the original work in creating the Obama Poster. In fact, Mr. Fairey has now effectively admitted that he copied The AP's photo in its entirety. Given this reality, Counterclaim Defendants apparently have decided to switch to "Plan B" and adopt a new strategy, that of a scorched-earth approach to this litigation. Accordingly, they have embarked on a concerted effort to drag out the fact discovery period in this matter for as long as

humanly possible, in the transparent hope that, by forcing The AP to run up excessive costs as a result of their maneuvers, they can persuade it to drop this case. As the Court well knows, fact discovery in this matter commenced on April 22, 2009 -- almost nine months ago -- and the fact discovery cutoff has already been extended twice. Counterclaim Defendants should not be permitted to drag this matter out even longer than they already have.

As for One 3 Two's claim that its "arms-length commercial dealings with Mr. Fairey did not in any way lead it to bone up on the details of this lawsuit," and that it was merely one of a number of third parties who had received a subpoena in connection with this matter, this argument grossly misrepresents the nature of One 3 Two's relationship with Mr. Fairey and its interest in this case. Unlike most licensing relationships in which the licensee is indemnified by the licensor for claims arising out of the use of the licensed material, here the reverse is actually true -- under its license agreement with Mr. Fairey, One 3 Two has actually agreed to indemnify Mr. Fairey for any claims arising out of its use of his works, including the Obama Poster image at issue in this case. On March 14, 2009, The AP filed its Answer and Counterclaims, asserting claims against Fairey for copyright infringement based on the use of the Obama Poster on merchandise, including millions of dollars worth of clothing manufactured and sold by One 3 Two, which not only made clear that One 3 Two is intimately involved in the commercial exploitation of The AP's copyrighted work but also triggered One 3 Two's indemnity obligation to Fairey, giving it a direct interest in the outcome of this case.

Nor did One 3 Two's awareness of this case end there. The AP served a third-party subpoena on One 3 Two on August 19, 2009 and One 3 Two produced responsive documents on September 11, 2009. In addition, on October 20, 2009, The AP moved to amend its pleadings to include One 3 Two as a counterclaim defendant. It is reasonable to assume that Fairey's counsel forwarded One 3 Two a copy of the proposed amended pleadings at that time. Indeed, One 3 Two was well aware of the potential claims against it when it participated in a settlement conference with The AP and all other parties on October 28, 2009. Given One 3 Two's direct interest in this case's outcome, and its close relationship with Fairey, it strains credulity for One 3 Two to argue, as it does now, that it paid no attention to this matter until it was served with The AP's Amended Answer and Counterclaims on November 11, 2009.

As for One 3 Two's claims that it has worked diligently to come up to speed, any alleged inability to complete discovery at this point is due to the failure of it and the other Counterclaim Defendants to be proactive. The Court previously made clear during the November 10th conference that "January 31 is the discovery cutoff. It will not be adjourned. Everything must be finished by January 31." (Tr. at 20:25-21:1.) In setting this new discovery deadline, the Court expressly took into account Fairey's counsel's argument that the joinder of One 3 Two warranted more time for discovery. Specifically,

the Court stated: "You can serve [One 3 Two] by next week. Their answer is due in 20 days. You can take a deposition right after that. The issues don't seem to be so complicated...January 31 is the discovery cutoff." (Tr. at 20:15-25.)

Since the November 10th conference, The AP has worked diligently to ensure that One 3 Two and the other parties could complete discovery by the end of January. The AP promptly served One 3 Two with the amended counterclaims on November 11th, the day after the Court granted it leave to amend. At that time, The AP explained to One 3 Two that it would serve its documents promptly after One 3 Two answered the Counterclaims, to avoid giving One 3 Two an unfair procedural advantage. Instead of answering promptly in order to facilitate discovery, however, One 3 Two asked for and received an extension to serve its Answer. Once One 3 Two served its Answer on Friday, December 4, 2009, The AP produced its documents to One 3 Two on Monday, December 7, 2009. Far from being "voluminous," The AP's production numbered less than 3,000 pages and could easily have been reviewed quickly. Further, instead of serving any discovery requests when it was served with the Counterclaims on November 11, 2009, One 3 Two waited for over a month, until December 30, 2009, to serve its requests, although it was aware of the claims and defenses in this case and could have served discovery requests much earlier. This is hardly indicative of diligence on the part of One 3 Two.

As for the impact that the requested two-month extension would have on The AP, contrary to One 3 Two's assertions, a delay would be severely prejudicial. The AP has a legitimate interest in bringing this litigation to a resolution and lifting the doubt among the public on the issue of whether The AP is entitled to licensing fees in certain situations, which threatens The AP's revenue stream. In addition, such a significant further delay would unfairly burden The AP—a not-for-profit cooperative in an industry whose members are already grappling with significant adverse economic realities—with additional and unnecessary expenses. Counterclaim Defendants have already sought to delay and complicate discovery, and there is no reason to expect that they will abandon such tactics during any extended discovery period. On the contrary, they likely will take advantage of any extension to continue on their current course of inundating The AP with additional discovery, forcing it to expend additional resources on this matter, and driving up its costs, which will necessarily divert resources from The AP's valuable newsgathering and distribution efforts. Nor is there any assurance that this current request will be the last. While The AP is willing to be reasonable, and had offered as a compromise to join in seeking a 15-day extension, One 3 Two made it very clear that even its own proposed compromise of a 30-day extension was to be without prejudice to any party, and not just One 3 Two, seeking yet another extension of the discovery period. The AP could not agree to those terms, as they offered no assurance that fact discovery in this case will ever end, let alone in another 30 days.

Because One 3 Two has not established good cause to warrant a modification of the Court's Case Management Order, dated November 23, 2009, The AP respectfully requests that the Court deny One 3 Two's request for a two-month extension of fact discovery. To the extent the Court is inclined to grant any extension, The AP believes that it should be modest in scope and should be conditioned on the submission of an agreed deposition schedule to ensure the timely completion of all remaining depositions, including that of Mr. Fairey.

As for Fairey's position regarding the need for an extension of the discovery period, as a threshold matter The AP was surprised to see that Fairey seems to be using One 3 Two's request for such extension as a vehicle for raising other discovery issues, in apparent violation of This Court's rules for addressing such disputes. As to some of the issues that Fairey raises below, The AP and Fairey are already separately meeting and conferring. As to others, they are far from ripe for consideration by the Court as Fairey has raised them here for the first time. In addition, it should be noted that Fairey's request to extend discovery comes at the same time that it otherwise is seeking to delay this case pursuant to its motion for a protective order. It seems very clear that both defendants are doing what they can to be obstructionist in order to obtain a tactical advantage.

With respect to the substantive issues Fairey raises, the grounds that it offers for seeking an extension of fact discovery are largely of its own making. Fairey's wholly unsupported assertion that two of The AP's Rule 30(b)(6) witnesses "were completely unprepared on topics for which they were designated" is simply wrong. Fairey's prior counsel took the deposition of Laura Malone, The AP's Associate General Counsel, nearly four months ago, on September 15, 2009. At that time, Fairey's counsel questioned Ms. Malone extensively over the course of a full seven-hour day and did not hold her deposition open. Tellingly, there was no complaint about Ms. Malone's deposition by Fairey from the date of that deposition until January 5, 2010, when Fairey's newly retained counsel sent The AP a letter asserting that Ms. Malone was unable to testify adequately about her designated topics. Similarly, Ellen Hale -- The AP's Vice President of Corporate Communications and the President of the AP Emergency Relief Fund -- testified adequately about her designated topics regarding The AP's communications and the AP Emergency Relief Fund, despite questioning from Fairey's counsel that was repeatedly unclear, argumentative, and far beyond the scope of Ms. Hale's designated topics. Each of these witnesses was, herself, the person most knowledgeable within The AP about the topics for which she was produced. As such, there was nothing inappropriate in their preparation for their depositions. *See Rahman v. The Smith & Wollensky Restaurant Group, Inc.*, 2009 WL 773344 (S.D.N.Y. Mar. 18, 2009) (formal preparation was unnecessary where witness was "intimately familiar" with the topic).

With respect to Fairey's claim that there are outstanding discovery disputes that need to be resolved, Fairey is correct -- The AP has a number of issues with Fairey's production, which it will be raising with the Court in a separate joint letter. Without belaboring those issues, suffice it to say that Fairey has failed to fully comply with the Court's November 10th Order requiring it to produce the documents that prior counsel had agreed to produce (which involved requests for production that had been served in April and June 2009), has failed to produce any documents in response to The AP's Third and Fourth Sets of Requests for Production (which were served in September 2009), has resisted The AP's efforts to meet and confer on these issues, and has insisted that The AP accept a take-it-or-leave-it proposal that would require The AP to simply abandon requests for documents relating to such central issues as Fairey's bad faith and willfulness in using The AP's copyrighted photo.

The remaining arguments that Fairey offers are equally unavailing:

- The claim, made for the first time in Fairey's letter, that The AP's document production is somehow deficient because it numbers fewer pages than does Fairey's can only be described as surreal. Surely Fairey is not arguing that quantity is the measure of completeness, given Mr. Fairey's own admission that Fairey's voluminous production deliberately omitted such key documents as those bearing on the creation of the works in issue.

- Equally nonsensical is Fairey's attempt to manufacture disputes out of discovery requests, itemized at great length in Fairey's portion of this letter, below, to which responses are not yet due. Suffice it to say that by Fairey's own admission, the due dates for the responses to all of the requests Fairey references fall within the current discovery period.

- Regarding The AP's recent First Amended Answer and Cross Claim with respect to Mr. Garcia, even a casual review of that pleading indicates that the amendments are very limited and will have no impact on the scope of discovery as to the claims between The AP and Mr. Garcia.

- The AP's recent updating of its initial disclosures is wholly in keeping with its obligation to update its discovery responses. And the additional persons likely to have discoverable information that The AP identified were all referenced in The AP's document production.

- Fairey's claims regarding the scheduling of The AP's 30(b)(6) witnesses are particularly baseless. The AP has repeatedly offered Fairey dates for these witnesses since at least August 2009. Fairey, however, had refused to take these depositons, such that by the time Mr. Fairey's admissions of spoliation and

> fabrication came to light Fairey had only deposed two of The AP's witnesses, both in September 2009. Even after Mr. Fairey's admissions came to light, The AP continued itsefforts to make its witnesses available for their depositions, but Fairey's insisted that nothing could be done with respect to discovery until after Fairey's new counsel was in place. It was not until December 4, 2009 -- some three and a half weeks after the November 10th conference -- that Fairey suddenly asked for new dates for The AP's remaining witnesses, stating that it wanted to all of these depositions in December -- although Fairey had yet to offer any dates for Mr. Fairey's own deposition. While The AP has tried to be accommodating, even making Ms. Hale available during the week between the Christmas and New Year's holidays, it simply was not possible to make all of the witnesses available in December on such short notice as many of them had prior commitments including travel plans over the holidays. The AP suspects that Fairey made its request knowing that it would not actually be possible to schedule all of The AP's reminaing witnesses in December, and in fact did not really want to take them then, but was just trying to give the appearance of moving forward with discovery. Nevertheless, The AP continued move forward with scheduling depositions and working up a potential schedule that would have allowed all of the depositions to be completed by January 31 -- including that of Mr. Fairey -- only to have recent developments, including Fairey's motion for a protective order, derail those efforts.

- Regarding Messrs. Hall and Margasak, the witnesses that Mr. Garcia noticed on December 3, 2009, The AP had offered dates for both witnesses during the first week in January. It was unable to get any response from Mr. Garcia to this offer until January 5, 2010, when Mr. Garcia asked that these witnesses be produced on different dates the following week. While The AP is trying to work with Mr. Garcia on this issue, agreeing to produce Mr. Margasak on the requested date and attempting to work out a date for Mr. Hall, the delay in scheduling these depositions cannot fairly be laid at the door of The AP.

- Finally, regarding Fairey's claim that little third-party discovery has been taken, nothing could be further from the truth. In fact, there have been three depositions of third-party witnesses, including Sean Bonner, Glenn Friedman and James Danziger, and at least 9 other third parties, including Saks Fifth Avenue, Evolutionary Media Group, Abrams Publishing, Rolling Stone Magazine, and Upper Playground Enterprises, have produced documents in response to third party subpoenas served by various parties in this case.

In sum, The AP is in no way seeking to have fact discovery in this case "artificially restricted," as Fairey asserts. All that The AP asks is that the Court exercise some restraint over parties who clearly have none of their own and who are seeking to use the

discovery process as a way to gain a litigation advantage, now that their star witness, Mr. Fairey, has unequivocally demonstrated that he did not act fairly in taking The AP's copyrighted photo for us own use without any compensation or credit.

**The Position of Shepard Fairey, Obey Giant Art, Inc., Obey Giant LLC, and Studio Number One, Inc.**

Plaintiffs and Counterclaim Defendants Shepard Fairey and Obey Giant Art, Inc. and Counterclaim Defendants Obey Giant LLC and Studio Number One, Inc. (collectively "Fairey" or the "Fairey Parties") join in One 3 Two's request for an extension of the fact discovery cut-off. In addition to One 3 Two's reasons for the requested extension, we submit that an extension is also necessary because it is unlikely that fact discovery can properly be completed by January 31. Much of the reason for that, moreover, is the result of actions and delays of the AP—the only party that opposes an extension.[2]

In particular:

- The AP has abjured its obligations under Rule 30(b)(6). At the time Fairey's new counsel entered the case, six of the eight Rule 30(b)(6) witnesses the AP designated remained to be deposed. On December 4, 2009, Fairey requested dates for those six witnesses, but only one of those six has since been produced for examination, and the AP has yet even to propose a date with respect to four of them (Bruce, Dale, DeGrave and Partlow). Further, two of the three witnesses the AP has produced thus far (Malone and Hale) were completely unprepared on topics for which they were designated, and the AP has not offered dates for the completion of those depositions. (The AP's assertion that these witnesses "testified adequately" about their designated topics cannot be taken seriously. See, e.g., Hale Tr. 101-02 ("What did I do to learn the details of AP's decision? In advance of today? . . . I didn't do anything.")).

---

[2] We think it important to note, at the outset, that we have been hampered in responding to the AP's submission by the AP's manipulation of the Court's procedures for the submission of joint letters about discovery matters. The Court's endorsed order of December 29, 2009, specified that the joint letter was to be submitted by noon on Monday, December 11. After receiving full submissions from all parties, counsel for One 3 Two circulated a complete draft letter shortly after 4:30 on Thursday, January 8, asking for revisions by 1:00 Friday afternoon. Notwithstanding this request, the AP withheld its revisions until after 10 p.m. on Sunday evening, at which time it provided a nearly complete rewrite of the AP's earlier submission. As a result of this gamesmanship, we have only a limited opportunity to respond to the AP's assertions.

- We have spent an inordinate amount of time and effort dealing with discovery disputes raised by the AP. While the AP has produced relatively few documents, it continually insists that Fairey produce more and more materials of less and less relevance. Simple facts reveal this disparity: so far, the AP has turned over about 1,250 documents (less than 3,000 pages), while Fairey has produced about 48,000 documents (more than 105,000 pages).

- There are numerous pending discovery requests, including requests from both the AP and Fairey as to which responses are not due until January 31. Even as to those requests with responses due sooner, the responses will be served no sooner than mid-month, allowing insufficient time to resolve discovery disputes, complete discovery and take any depositions required by the discovery.

The pending discovery requests include:

| Date Served | Party Serving | Party Served | Discovery Request | Date Due |
|---|---|---|---|---|
| 12/11/09 | Fairey | AP | Plaintiffs' Second Set of Requests for Production of Documents and Things to The Associated Press | 1/13/10 |
| 12/11/09 | Fairey | Garcia | Plaintiffs' First Set of Requests for Production of Documents and Things to Mannie Garcia | 1/13/10 |
| 12/23/09 | AP | Fairey | Defendant and Counterclaim Plaintiff The Associated Press' Fifth Set of Request for Production of Documents and Things to Plaintiffs and Counterclaim Defendants Shepard Fairey and Obey Giant Art, Inc. and Counterclaim Defendants Obey Giant LLC, and Studio Number One Inc | 1/25/10 |
| 12/23/09 | AP | One 3 Two | Defendant, Counterclaim Plaintiff, and Cross-Claim Plaintiff The Associated Press's First Set of Interrogatories to One 3 Two Inc. (d/b/a Obey Clothing) | 1/25/10 |
| 12/23/09 | AP | One 3 Two | Defendant, Counterclaim Plaintiff, and Cross-Claim Plaintiff The Associated Press's First Set of Requests for Production of Documents and things to One 3 Two Inc. (d/b/a Obey Clothing) | 1/25/10 |
| 12/30/09 | One 3 Two | AP | Counterclaim Defendant One 3 Two, Inc. (d/b/a Obey Clothing) First Set of Interrogatories to Defendant, Counter-claim Plaintiff and Cross Claim | 1/29/10 |

| | | | | |
|---|---|---|---|---|
| | | | Plaintiff/Defendant The Associated Press | |
| 12/30/09 | One 3 Two | AP | Counterclaim Defendant One 3 Two, Inc. (d/b/a Obey Clothing) First Set of Request For Production to Defendant, Counter-claim Plaintiff and Cross Claim Plaintiff/Defendant The Associated Press | 1/29/10 |
| 12/30/09 | One 3 Two | Garcia | Counterclaim Defendant One 3 Two, Inc. (d/b/a Obey Clothing) First Set of Interrogatories to Defendant, Counter-claim Plaintiff and Cross Claim Plaintiff/Defendant Mannie Garcia | 1/29/10 |
| 12/30/09 | One 3 Two | Garcia | Counterclaim Defendant One 3 Two, Inc. (d/b/a Obey Clothing) First Set of Requests For Production to Defendant, Counter-claim Plaintiff and Cross Claim Plaintiff/Defendant Mannie Garcia | 1/29/10 |
| 12/31/09 | Fairey | AP | Plaintiffs' Third Set Of Requests For Production Of Documents And Things To The Associated Press | 1/31/10 |
| 12/31/09 | Fairey | AP | Plaintiffs' Second Notice Of Deposition To The Associated Press Pursuant To Fed.R.Civ.P. 30(b)(6) And 30(b)(2) | 1/31/10 |
| 12/31/09 | AP | Fairey | Associated Press's Second Set Of Interrogatories To Plaintiffs and Counterclaim Defendants Shepard Fairey and Obey Giant Art, Inc. and Counterclaim Defendants Obey Giant LLC and Studio Number One Inc. | 1/31/10 |

- Issue has only recently been joined; the AP did not serve its First Amended Answer and Cross Claim against Mannie Garcia until December 31, 2009.

- It was also not until December 31, 2009, that the AP served an amended set of initial disclosures which, among other things, identified four additional witnesses never previously identified by the AP, and therefore not yet deposed (Butler-Ellison, Castoro, Feldman, and Galianese).

- To date, eight depositions have been taken, including the three Rule 30(b)(6) witnesses proffered by the AP mentioned before. Five of the eight Rule 30(b)(6) witnesses the AP has identified remain to be deposed (in addition to the two witnesses who must be re-examined), yet, in response to Fairey's request over one

  month ago, the AP has failed even to identify an available date for four of those five.

- In addition, Garcia has noticed two AP witnesses (Hall and Margasak), but the dates for the examination have not been set. Fairey has served a supplemental Rule 30(b)(6) notice to address issues identified in depositions and in document discovery, and intends to notice the four newly-identified AP witnesses as well. There are at least four third-party subpoenas outstanding (two served by the AP and two by Fairey). Neither Garcia nor Fairey has yet been deposed, although both have been noticed. Witnesses from One 3 Two have yet to be deposed and One 3 Two has yet to notice any depositions. If the AP has, as it claims in this letter, "mov[ed] forward" with "working up a potential schedule" for these witnesses, we have seen no evidence of it.

- Little third-party discovery has been taken and—given the incomplete state of discovery, including the AP's incomplete compliance with its discovery obligations—the Fairey Parties (and presumably other parties) are not yet able to identify what third parties to subpoena.

Furthermore, the AP's claim that discovery should be artificially restricted because it fears being "unfairly burden[ed]" with "additional and unnecessary expenses" rings hollow. The AP offers no basis for this fear, and it is the AP itself that has been responsible for "unfairly burden[ing]" others with unnecessary expense, as discussed above. Likewise, the AP's status as a "not-for-profit cooperative" provides no support for its position: the AP is a cooperative venture *of for-profit entities*, including some of the largest media organizations in the country, and its resources dwarf those of the other parties to this case, including Mr. Fairey.

Fairey continues to believe that the key issues in this case are questions of law that can be decided on summary judgment. However, the AP seemingly seeks to create a morass of far-reaching and ever-expanding discovery demands—including serving extensive new discovery requests on December 23 and 31, 2009—while at the same time resisting Fairey's more limited efforts at obtaining discovery. This discovery is Fairey's sole chance to prepare for trial if we do not prevail on summary judgment, and the AP should not be be permitted to unfairly restrict that right based on entirely nebulous claims of burden.

**Mannie Garcia's Position**

Defendant and Counterclaim Plaintiff Mannie Garcia does not oppose One 3 Two's motion for a 60-day extension for the fact discovery cut-off or Mr. Fairey's motion for a protective order adjourning Mr. Fairey's deposition for six months. We assume that, if

Mr. Fairey's motion is granted, all deadlines will be advanced by six months. Mr. Garcia's counsel believes that it would be inappropriate to close discovery or require the parties to disclose expert opinions without having taken Mr. Fairey's deposition.

**Conclusion**

One 3 Two respectfully requests the Court grant at least a 60-day continuance of all of the dates in the Case Management Order. The AP respectfully requests that the Court deny One 3 Two's request for a 60-day continuance.

Respectfully,

*Jeanne Fugate /by CAM*

Jeanne A. Fugate
Counsel to One 3 Two, Inc.

Enclosures

| cc: | Robyn C. Crowther | Michael Francis Williams | Geoffrey Stewart |
|---|---|---|---|
| | Theresa Trzaskoma | George F. Carpinello | Meir Feder |
| | Charles Michael | Michael Underhill | Chris J. Lopata |
| | Dale M. Cendali | Bradford E. Kile | William Fisher |
| | Claudia E. Ray | Robert J. McManus | John Palfrey |
| | Brendan T. Kehoe | Matthew P. Thielemann | |