**Confidential – Filed Under Seal Pursuant to Protective Order**

Geoffrey S. Stewart
Meir Feder
Chris J. Lopata
Jones Day
222 E. 41st Street
New York, NY 10017-6702
Telephone: (212) 326-3939
Email: gstewart@jonesday.com

William W. Fisher III (admitted *pro hac vice*)
1575 Massachusetts Avenue
Cambridge, Massachusetts 02138
Telephone: (617) 495-0957
Email: tfisher@law.harvard.edu

*Attorneys for Plaintiffs and Counterclaim Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHEPARD FAIREY and OBEY GIANT ART, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE ASSOCIATED PRESS, <br><br> Defendant and Counterclaim Plaintiff, <br><br> v. <br><br> SHEPARD FAIREY, OBEY GIANT ART, INC., OBEY GIANT LLC and STUDIO NUMBER ONE INC. and ONE 3 TWO, INC. (d/b/a OBEY CLOTHING), <br><br> Counterclaim Defendants. | Case No.: 09-01123 (AKH) <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** |

and

MANNIE GARCIA,

        Defendant, Counterclaim
        Plaintiff and Cross-claim
        Plaintiff/Defendant,

     v.

SHEPARD FAIREY and OBEY GIANT ART, INC.,

        Counterclaim Defendants.

and

THE ASSOCIATED PRESS,

        Cross-claim
        Plaintiff/Defendant.

## **<u>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER</u>**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

FACTUAL BACKGROUND ............................................................................................... 3

ARGUMENT ....................................................................................................................... 4

I.     A Postponement of Mr. Fairey's Deposition Is Warranted to Protect His Fifth
Amendment Rights in the Face of the Criminal Investigation .......................................... 4

       A.     Legal Standards ................................................................................................ 4

       B.     Prejudice to Mr. Fairey .................................................................................... 6

       C.     Prejudice to Opposing Parties ......................................................................... 7

       D.     The Interests of the Public and the Court ........................................................ 9

       E.     The Status of the Criminal Proceeding .......................................................... 10

II.    In The Alternative, Mr. Fairey's Deposition Should Be Limited In Scope By A
Protective Order From This Court .................................................................................... 12

CONCLUSION .................................................................................................................. 14

# TABLE OF AUTHORITIES

**Page**

CASES

*Am. Express Bus. Fin. Corp. v. RW Prof'l Leasing Servs. Corp.*,
225 F. Supp. 2d 263 (E.D.N.Y. 2002) ...................................................................6

*Baxter v. Palmigiano*,
425 U.S. 308 (1976)..................................................................................................7

*Brock v. Tolkow*,
109 F.R.D. 116 (E.D.N.Y. 1985) ....................................................................10, 11

*Capdeboscq v. Francis*,
No. 03-0556, 2003 U.S. Dist. LEXIS 16479 (E.D. La. Sept. 10. 2003)............13, 14

*Citibank, N.A. v. Hakim*,
No. 92 CIV. 6233, 1993 U.S. Dist. LEXIS 16299 (S.D.N.Y. Nov. 18, 1993) ........12

*City of New York v. A-1 Jewelry & Pawn, Inc.*,
No. 06-CV-2233 (JBW), 2008 U.S. Dist. LEXIS 16708 (E.D.N.Y. Mar. 4, 2008) ...............13

*Fid. Funding of Cal. v. Reinhold*,
190 F.R.D. 45 (E.D.N.Y. 1997) .............................................................................11

*In re Worldcom, Inc. Sec. Litig.*,
Nos. 02 Civ. 3288 (DLC), 02 Civ. 4816 (DLC), 2002 U.S. Dist. LEXIS 23172
(S.D.N.Y. Dec. 5, 2002)...........................................................................................10

*Morris v. Am. Fed'n of State, County & Mun. Employees*,
No. 99 Civ. 5125 (SWK), 2001 U.S. Dist. LEXIS 1208 (S.D.N.Y. Feb. 21, 2001)...............5

*Savalle v. Kobyluck, Inc.*,
No. 00CV675 (WWE), 2001 U.S. Dist. LEXIS 20158 (D. Conn. Aug. 16, 2001) .................6

*Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*,
175 F. Supp. 2d 573 (S.D.N.Y. 2001)..........................................................5, 11, 12

*Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*,
886 F. Supp. 1134 (S.D.N.Y. 1995)........................................................................12

*United States v. 4003-4005 5th Avenue*,
55 F.3d 78 (2d Cir. 1995) .........................................................................................5

*United States v. $557,933.89, More or Less, in United States Funds*,
No. 95-CV-3978 (JG), 1998 U.S. Dist. LEXIS 22252 (E.D.N.Y. Mar. 9, 1998)...................11

*United States v. Talco Contractors, Inc.*,
    153 F.R.D. 501 (W.D.N.Y. 1994) ........................................................................12

*Wehling v. Columbia Broad. Sys.*,
    608 F.2d 1084 (5th Cir. 1979) ...........................................................................11

STATUTES

18 U.S.C. § 1512(c) ...........................................................................................1, 3

18 U.S.C. § 1621 ...............................................................................................1, 3

OTHER AUTHORITIES

Fed. R. Civ. P. 16(b)(4) ..........................................................................................4

Fed. R. Civ. P. 26(c)(1) ..........................................................................................4

Fed. R. Civ. P. 30(b)(6) ......................................................................................... 9

U.S. Const. amend. V........................................................................................ passim

## INTRODUCTION

Plaintiffs and Counterclaim Defendants Shepard Fairey, Obey Giant Art, Inc., Obey Giant LLC, and Studio Number One, Inc. ("Plaintiffs") respectfully submit this memorandum in support of their motion for a protective order postponing the deposition of Shepard Fairey until completion of a federal criminal investigation concerning matters at issue in this case, but in all events not to exceed six months. If the Court determines not to grant the requested relief, movants request an order limiting the scope of Mr. Fairey's deposition for now to the merits issues, and excluding issues concerning spoliation of evidence. We have asked for, but not received, the consent of Defendant and Counterclaim Plaintiff The Associated Press ("AP") — the party that has noticed Mr. Fairey's deposition — for this relief. *See* Declaration of Meir Feder (Dec. 24, 2009) ("Feder Decl.") ¶ 17.[1]

Plaintiffs submit that there is a compelling case for the postponement. Mr. Fairey is now the subject of a criminal investigation of potential violations of 18 U.S.C. §§ 1512(c) and 1621. It appears that the AP is, at a minimum, encouraging and supporting that criminal investigation. Mr. Fairey's criminal defense counsel believes that a deposition at this time would prejudice him and impair counsel's ability to properly represent Mr. Fairey. Therefore, if a deposition does take place while the criminal investigation is pending, counsel would advise Mr. Fairey to invoke his Fifth Amendment right against self-incrimination. *See* Feder Decl. ¶¶ 6-7. Accordingly, a deposition on the current schedule (which now includes a January 31, 2010 deadline for fact

---

[1] This motion is being filed under seal, and all opposing papers should likewise be filed under seal. Under this Court's Stipulated Protective Order, dated August 14, 2009, if confidential information is described or included in a motion before this Court, the motion may be submitted under seal. *See* Order ¶ 17. The fact that Mr. Fairey is under criminal investigation is confidential, and should remain that way to preserve the integrity of the investigation and grand jury proceedings. While this Court's Stipulated Protective Order states that there should be redacted and un-redacted versions of a motion filed under seal, because the entirety of this motion concerns confidential information, there cannot be an un-redacted version for this motion.

discovery)[2] would leave Mr. Fairey with an untenable choice between asserting his Constitutional right against self-incrimination and maintaining his right to testify in his defense in this case, a case in which the AP seeks to impose a bankrupting judgment upon him. Moreover, the requested postponement is of a reasonable duration; we understand that the investigation is likely to proceed quickly, and expect that Mr. Fairey could possibly sit for his deposition within a few months and, in any event, no later than June. *See id.* ¶ 5. Especially given the fact that the pleadings have only recently closed, and substantial document discovery remains, we do not believe that this postponement would significantly prejudice other parties, materially delay the completion of discovery, or delay the trial itself. Finally, the AP — which is evidently encouraging and supporting the criminal investigation — cannot reasonably complain about a delay made necessary by that investigation.

The interests of justice support a postponement. Any prejudice to Defendants is outweighed by the prejudice to Mr. Fairey from being required to testify at this time. In addition, the interests of the public and the Court in having this case resolved on the merits weigh heavily in favor of the requested relief: If Mr. Fairey is compelled to testify and exercises his Fifth Amendment rights per his criminal counsel's advice, the consequences of invoking those rights would severely impair his ability to defend this case on the merits — and this Court's ability to resolve it on the merits. The spoliation, in short, would effectively swallow the merits of this case, an outcome the Court rejected during the parties' November 10, 2009 appearance.

---

[2] A request is currently pending from Counterclaim Defendant One 3 Two, Inc. — which the AP joined as a party in mid-November — for an extension of fact discovery to March 31, 2010. *See* Feder Decl. Ex. 1. All parties except the AP have consented to this request. *See* Feder Decl. ¶ 18.

## FACTUAL BACKGROUND

On November 9, 2009, the United States Attorney for the Southern District of New York served grand jury subpoenas concerning "an alleged violation of: 18 U.S.C. §§ 1512(c) [and] 1621" on Shepard Fairey; his wife, Amanda Fairey; Obey Giant Art, Inc.; Obey Giant LLC; Studio Number One, Inc; Worthy Worthen LLC; and Elysian Sunset LLC. *See* Feder Decl. Exs. 2-8. The subpoenas make clear that the focus of the investigation is the destruction or deletion of documents relating to the instant case. *See* Feder Decl. Exs. 2-8, ¶¶ 10-12.

After receiving the subpoenas, Mr. Fairey and his wife each retained criminal counsel. We are advised by Mr. Fairey's criminal counsel, based on his discussions with the U.S. Attorney's Office, that the government is indeed considering criminal charges against Mr. Fairey, and that a resolution with the government is expected to take between three and six months. *See* Feder Decl. ¶ 5. Mr. Fairey intends to cooperate in the investigation and to seek as speedy a resolution as possible. *See id.* ¶ 8.

As is customary in circumstances where there are parallel civil and criminal proceedings, and based on his initial investigation and discussions with the U.S. Attorney's Office, Mr. Fairey's criminal counsel has concluded that it would be prejudicial for Mr. Fairey to testify in this case before the government has completed its inquiry. *See id.* ¶ 6. He has therefore advised Mr. Fairey to not testify at a deposition in this case before the U.S. Attorney's Office has had the opportunity to interview Mr. Fairey and the other material witnesses and determine whether or not to proceed with criminal charges. *See id.* ¶ 7. However, at that point, regardless of whether a criminal prosecution moves forward, Mr. Fairey intends to testify here. *See id.* ¶ 9.

Shortly after criminal defense counsel informed Mr. Fairey's counsel in this case of this advice, we contacted the AP, on December 17, 2009, to request a postponement of Mr. Fairey's deposition for a period not to exceed six months. *Id.* ¶ 17. After several telephone and

electronic mail exchanges, counsel for Fairey and the AP conferred telephonically on December 22. During that telephone conference, Fairey's counsel asked for the AP's consent to a postponement for no more than six months. Later that day, counsel for the AP informed us that it would not consent to a postponement of any duration. *Id.*

## ARGUMENT

**I.     A Postponement of Mr. Fairey's Deposition Is Warranted to Protect His Fifth Amendment Rights in the Face of the Criminal Investigation**

### A.     Legal Standards

This Court has the authority to issue a protective order "for good cause, . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Court likewise may modify a scheduling order "for good cause." *Id.* 16(b)(4). According to this Court's Amended Case Management Order, all fact discovery is to be completed by January 31, 2010, *see* Feder Decl. Ex. 9, although there is currently a request pending from Counterclaim Defendant One 3 Two, Inc., to extend that date to March 31, 2010. *See* Feder Decl. Ex. 1. Here, there is "good cause" for a protective order, and any necessary adjustment of the Case Management Order, to protect Mr. Fairey's Fifth Amendment rights and avoid unfair prejudice.

The Second Circuit has recognized that courts should make every effort to accommodate civil litigants whose Fifth Amendment rights against self-incrimination are implicated in civil proceedings. As the court has explained, "because *all* parties – those who invoke the Fifth Amendment and those who oppose them – should be afforded every reasonable opportunity to litigate a civil case fully and because exercise of Fifth Amendment rights should not be made unnecessarily costly, courts . . . should seek out those ways that further the goal of permitting as much testimony as possible to be presented in the civil litigation, despite the assertion of the

privilege." *United States v. 4003-4005 5th Avenue*, 55 F.3d 78, 83-84 (2d Cir. 1995) (citation omitted). Thus, "the court should explore all possible measures in order to select that means which strikes a fair balance and accommodates both parties." *Id.* at 84 (internal quotation marks and alterations omitted). The accommodation reached by the court should "further the goal of permitting as much testimony as possible to be presented in the civil litigation, despite the assertion of the privilege." *Id.* One possible measure that may be appropriate is "a stay of discovery or the civil action until parallel criminal proceedings have run their course." *Id.* at 84 n.6.

Courts consult several factors in deciding whether to stay or limit discovery pending a related criminal proceeding. The test is a fact-sensitive inquiry into "the extent to which the defendant's fifth amendment rights are implicated, as well as such factors as (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 576 (S.D.N.Y. 2001) (citation and internal quotation marks omitted); *accord Morris v. Am. Fed'n of State, County & Mun. Employees*, No. 99 Civ. 5125 (SWK), 2001 U.S. Dist. LEXIS 1208, at *5 (S.D.N.Y. Feb. 9, 2001).[3]

---

[3] This articulation of the applicable test addresses a party facing criminal investigation who is a defendant in the civil case. Here, Mr. Fairey is nominally both a plaintiff and a defendant but is effectively a defendant: He sought protective declaratory and injunctive relief only after the AP stated that it planned to sue him; and it is the AP that alleges copyright

### B.    Prejudice to Mr. Fairey

The prejudice to Mr. Fairey from proceeding with his deposition now would be severe. "Although it is not unconstitutional to force a party to choose between invoking his Fifth Amendment rights and risking adverse inferences in a civil action, the risk of impairing the party's Fifth Amendment rights presents a stronger case for staying discovery, particularly when there are similar issues between the civil and criminal cases, as in this case." *Am. Express Bus. Fin. Corp. v. RW Prof'l Leasing Servs. Corp.*, 225 F. Supp. 2d 263, 265 (E.D.N.Y. 2002) (citations omitted); *see also Savalle v. Kobyluck, Inc.*, No. 3:00CV675 (WWE), 2001 U.S. Dist. LEXIS 20158, at *6 (D. Conn. Aug. 16, 2001) ("Although requiring a defendant to choose between waiving his Fifth Amendment rights and suffering the adverse inference which results in the civil case from invoking his privilege does not violate due process, forcing the defendant to make this choice greatly increases the potential prejudice facing him in the absence of a stay."). Here, the criminal investigation is squarely focused on potential charges against Mr. Fairey arising out of his actions in this case, and his criminal defense counsel has advised that his testifying at a deposition conducted by the Associated Press — which evidently perceives criminal charges against Mr. Fairey to be in its interest in this litigation — would significantly interfere with his ability to come to a favorable resolution with the government in the criminal investigation.  *See* Feder Decl. ¶ 6.

Because of this potential prejudice, criminal counsel has advised Mr. Fairey not to testify in the instant case at this juncture.  *See id.* ¶ 7.  This, of course, places Mr. Fairey in an untenable position if he is required to appear for his deposition during the conduct of the federal

_____

(continued…)

infringement and seeks damages here.  In any event, the interests that must be balanced are the same without regard to party label.

investigation.  If Mr. Fairey invokes his Fifth Amendment privilege, the jury will be free to draw adverse inferences against him on issues crucial in this litigation, in which he faces counterclaims for bankrupting damages.  *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) ("[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify . . . .").  Mr. Fairey has already admitted engaging in misconduct and accepts that he will face sanctions by the Court at a later stage of this case.  But his error, however serious, should not force him to choose between abandoning his Fifth Amendment rights and forfeiting his right to testify in this civil action and to defend the action on the merits.  Of course, the Court can impose sanctions upon Mr. Fairey if it deems them appropriate, and the U.S. Attorney can choose to file criminal charges against him.  But the triple punishment of potentially crippling civil liability — based not on the merits, but on his inability to testify during this particular brief period — would be unjust.

C.    **Prejudice to Opposing Parties**

Any prejudice to opposing parties would be minimal, since other discovery can proceed in the interim and very considerable discovery still remains to be done.  Indeed, it is already highly unlikely that fact discovery can be completed by January 31, 2010.  Among other things:

- Counterclaim Defendant One 3 Two, Inc. — which the AP chose to add as a defendant only one month ago — has requested an extension of fact discovery to March 31, 2010 to permit it a fair opportunity to participate in discovery and defend the action.  *See* Feder Decl. Ex. 1.  The criminal investigation, and with it Mr. Fairey's need for a postponement of his deposition, may be concluded by that time, and at a minimum should be concluded within a reasonable time thereafter.  Indeed, even counsel for Garcia (who, like the AP, has made claims against

Fairey) has agreed to a two month extension of the January 31 cut-off.  *See* Feder

Decl. ¶ 18.

- Extensive document discovery is still ongoing.  While Plaintiffs already have
produced over 100,000 pages of documents, the AP has demanded the production
of even more categories of documents, which would require a very substantial
additional document production by Fairey.  *See id.* ¶ 13.  In addition, on
December 11, 2009, Plaintiffs served a supplemental document request on the AP
and an initial set of document requests upon Garcia; even assuming they interpose
no objections, neither party will produce documents until January 10.  On
December 18, the AP served broad subpoenas on two third parties, whose
production – assuming, again, that there are no objections – will not happen until
early January.  Moreover, One 3 Two, Inc., has yet to serve or respond to
document requests.  *See id.* ¶ 14.  Finally, there is substantial document and
deposition discovery to be taken from third parties.  *See id.* ¶ 15.

- Late last night, December 22, 2009, the AP served a new, 15-page set of
document requests on Plaintiffs, including several requests that expressly demand
the production of "communications with counsel."  Feder Decl. Ex. 10.  Leaving
to one side the inevitable need to negotiate, and quite possibly litigate, difficult
issues of privilege, Plaintiffs' response to those requests will not be due until late
January.  *See* Feder Decl. ¶ 13.

- Both the AP and Garcia produced additional documents today, December 23,
2009.

- At least six Rule 30(b)(6) witnesses Plaintiffs have noticed from the AP have yet to be deposed, and the AP's counsel has informed us that only one of these can appear before the end of the calendar year. *See* Feder Decl. ¶ 10. Defendant Mannie Garcia has also not yet been deposed, and the AP has filed a notice for Garcia to be deposed on January 22, 2010. *See id.* ¶ 11.

- At least two Rule 30(b)(6) witnesses noticed by Garcia also have yet to be examined. *See id.* ¶ 12.

In short, there would be little prejudice to the AP from the requested delay. Further, any prejudice to the AP should be weighed against the fact that the AP itself appears to have played a significant role in creating the need for this delay by promoting, and possibly instigating, the criminal investigation.[4] There can be no cognizable prejudice to the AP under these circumstances, and certainly none that outweighs the interests favoring a postponement.[5]

### D. The Interests of the Public and the Court

The interests of the public and this Court strongly support a postponement of Mr. Fairey's deposition. As noted, Mr. Fairey's criminal defense counsel has advised him to assert his Fifth Amendment privilege if he is required to testify at this time. Invoking this privilege

---

[4] The AP denies having brought the matter to the attention to the U.S. Attorney's Office. However, the original November 9, 2009 grand jury subpoenas are difficult to square with that assertion. For example, one of the grand jury subpoenas was directed to Mr. Fairey's wife, Amanda Fairey. *See* Feder Decl. Ex. 3. The U.S. Attorney's Office would have no reason to know that Ms. Fairey had any involvement in this case — her deposition, which the AP took on September 18, 2009, was not public knowledge, *see* Feder Decl. ¶ 4 — unless her putative involvement was called to the government's attention, presumably by the AP. Moreover, the AP seeming has played an ongoing role in encouraging charges against Mr. Fairey, through continuing communications with the U.S. Attorney's Office that go beyond merely responding to a grand jury subpoena. *Id.*

[5] Finally, we have offered to mitigate any prejudice to the AP by agreeing to alternative means of discovery during any period of postponement. This could include certain factual stipulations or, with the Court's approval, the use of interrogatories, that would provide clarity about, for example, factual issues relevant to the preparation of expert opinions and testimony.

would be likely to have serious, and damaging, consequences to Mr. Fairey here, a result contrary to the public interest in a case where important public issues are at stake. It is in the interests of justice for this case to be resolved on its merits, and not on evidentiary inferences arising from Mr. Fairey's inability to testify. Simply put, it would disserve the public interest and the interests of this Court to have spoliation issues trump the merits.

As this Court has recognized, in a case granting a stay pending criminal proceedings, "a concern for judicial efficiency does not necessarily militate against the granting of a stay." *In re Worldcom, Inc. Sec. Litig.*, Nos. 02 Civ. 3288 (DLC), 02 Civ. 4816 (DLC), 2002 U.S. Dist. LEXIS 23172, at *24 (S.D.N.Y. Dec. 5, 2002). Here, as discussed above, any gains in judicial efficiency would be small given the short duration of the postponement and the ability to conduct other discovery in the interim. And the short postponement would achieve the significant benefit of enabling Mr. Fairey to testify fully at his deposition and enabling this Court to resolve the important issues raised in this case on their merits.

### E. The Status of the Criminal Proceeding

While some courts have expressed reluctance to grant a stay before an indictment in a criminal proceeding, in cases like the instant one — where the defendant is clearly the subject of the investigation and the requested delay is of a limited duration — courts have recognized that a delay is appropriate. For example, in *Brock v. Tolkow*, the district court deferred discovery pending the outcome of a criminal investigation "[b]ecause the nature of the [grand jury] subpoena requests indicates that the criminal prosecution may be based on the same facts as the complaint in the instant case," and the defendants "fear that any deposition testimony they give in this proceeding will be used against them in a criminal case." 109 F.R.D. 116, 118 (E.D.N.Y. 1985). "The fact that an indictment has not yet been returned—while it may be a factor counseling against a stay of civil proceedings—does not make consideration of the stay motion

any less appropriate." *Id.* at 119 n.2. Likewise, in *United States v. $557,933.89, More or Less, in United States Funds*, the court held that "a stay is warranted despite the fact that [the defendant] has not been indicted," because "the information the government seeks to extract presents a realistic threat of incrimination" and "the length of the requested stay—less than one year and four months—is not so long that its imposition would prejudice the government." No. 95-CV-3978 (JG), 1998 U.S. Dist. LEXIS 22252, at *12, *13 n.3 (E.D.N.Y. Mar. 9, 1998). Other courts have taken the same approach. *See, e.g.*, *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1089 (5th Cir. 1979) (holding that the district court abused its discretion by denying a request to stay discovery for three years, prior to indictment, after the defendant had testified in front of a grand jury). The situation here fits squarely within the reasoning of these cases: Mr. Fairey has been served with a grand jury subpoena, he is the subject of the criminal investigation, that investigation concerns activity in this case, and the stay request is of limited duration.

In contrast, the cases that have rejected pre-indictment stays have done so based on reasoning that is inapplicable here. In many pre-indictment circumstances, it is "unclear to the Court just how much the unindicted defendant really has to fear" and "the delay imposed on the plaintiff is potentially indefinite." *Sterling Nat'l Bank*, 175 F. Supp. 2d at 577. Indeed, courts typically focus on the uncertain scope and duration of the criminal investigation in cases denying pre-indictment relief in the civil proceeding. *See, e.g.*, *id.* at 580 ("[T]he stay requested would substantially halt the civil litigation indefinitely, without any predictability as to when the case would return to the Court's active docket."); *Fid. Funding of Cal. v. Reinhold*, 190 F.R.D. 45, 53 (E.D.N.Y. 1997) ("[Defendant's] motion for what amounts to an indefinite stay of the civil proceedings against him must be denied."); *United States v. Talco Contractors, Inc.*, 153 F.R.D. 501, 516 (W.D.N.Y. 1994) ("Of paramount importance in this case is the lack of any pending

criminal prosecution and the absence of any solid indication that a criminal investigation is underway or contemplated."); *Citibank, N.A. v. Hakim*, No. 92 CIV. 6233, 1993 U.S. Dist. LEXIS 16299, at *6 (S.D.N.Y. Nov. 18, 1993) (noting that defendant's requested stay would "delay indefinitely, and possibly derail, plaintiff's action").

Here, unlike those cases, the duration of the requested postponement for the criminal investigation is definite and brief, and there is no doubt that Mr. Fairey is the focus of the investigation and could face a criminal indictment. Indeed, the length of the delay here is more similar to post-indictment cases than the pre-indictment cases that refused to grant a stay. *See, e.g.*, *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1140-41 (S.D.N.Y. 1995) (granting an estimated six-month stay post-indictment because "[t]he inconvenience and delay to plaintiffs that will unfortunately be caused by a stay are outweighed by the defendants' significant Fifth Amendment concerns"). The limited *scope* of the requested postponement in this case, whereby other discovery can proceed, also distinguishes the instant case. *Cf. Sterling Nat'l Bank*, 175 F. Supp. 2d at 579 (noting that "the relief sought effectively stops the case in its tracks" because the depositions at issue were "all that remains to be done for the case to proceed to trial"). Even in cases denying a stay, this Court has expressly recognized that "a court has discretion to stay a civil litigation even in favor of a pending investigation that has not ripened into an indictment." *Id.* at 577. The exercise of that discretion is warranted based on the circumstances in this case.

## II.    In The Alternative, Mr. Fairey's Deposition Should Be Limited In Scope By A Protective Order From This Court

If this Court is not prepared to postpone Mr. Fairey's deposition, we submit that it should limit the scope of the deposition to the merits issues in the case, and postpone for now examination into matters relating to issues of spoliation. This solution is imperfect because there

is likely to be some overlap between these issues; however, a limited deposition would be a superior alternative to forcing Mr. Fairey to choose between not testifying in this action or entirely forfeiting his Fifth Amendment rights. We would further suggest that the deposition be taken before a magistrate judge or another Court officer to ensure fairness and compliance with the protective order.

In analogous cases, courts have held that a protective order limiting the scope of the deposition was appropriate. *See, e.g.*, *City of New York v. A-1 Jewelry & Pawn, Inc.*, No. 06-CV-2233 (JBW), 2008 U.S. Dist. LEXIS 16708, at *7-9 (E.D.N.Y. Mar. 4, 2008). Because "the civil and criminal cases d[id] not arise from the same underlying events," the court held that it could respect the interests of all parties by precluding the plaintiff from "questioning" the defendant "about the events underlying the criminal indictment pending against him," and from asking "any questions which might reasonably require [defendant] to reveal the facts related to the specific criminal charges resulting from his conduct." *Id.* at *8-*9. Likewise, in a case where the criminal and civil proceedings were "based on different set of facts," but "there [was] a substantial risk of self-incrimination if Plaintiffs [were] allowed to inquire about the alleged [criminal] conduct," the court issued a protective order preventing questioning regarding the facts surrounding the alleged criminal activity. *Capdeboscq v. Francis*, No. 03-0556, 2003 U.S. Dist. LEXIS 16479, at *6-*9 (E.D. La. Sept. 10, 2003) (emphasis omitted).

Here, the AP has little legitimate interest in questioning Mr. Fairey at this time about non-merits issues that relate to Mr. Fairey's actions in this litigation rather than to the underlying facts relevant to the copyright issues. Thus, the basic reasoning of the above cases — that limiting questioning can accommodate the plaintiff's need for information while limiting the interference with the defendant's Fifth Amendment rights — applies here. Indeed, in

*Capdeboscq*, there was "some similarity in both" the civil and criminal cases, and "certain evidence might [have been] probative in both proceedings," but limitations on the deposition questioning was still found to be the most equitable option. *Id.* at *6.

## CONCLUSION

For the foregoing reasons, Plaintiffs and Counterclaim Defendants respectfully request a six-month postponement Mr. Fairey's deposition, or in the alternative, a protective order limiting the scope of Mr. Fairey's deposition to the merits issues, and excluding issues concerning spoliation of evidence.


Dated: December 23, 2009                                    Respectfully Submitted,

                                                             /s/ Meir Feder
                                                            Geoffrey S. Stewart
                                                            Meir Feder
                                                            Chris J. Lopata
                                                            Jones Day
                                                            222 E. 41st Street
                                                            New York, NY 10017-6702
                                                            Telephone: (212) 326-3939
                                                            Email: gstewart@jonesday.com

                                                            William W. Fisher III
                                                            1575 Massachusetts Avenue
                                                            Cambridge, Massachusetts 02138
                                                            Telephone: (617) 495-0957
                                                            Email: tfisher@law.harvard.edu

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served today, December 23, 2009, by electronic mail on all counsel.

JONES DAY

By: /s/ Meir Feder

Meir Feder
222 East 41st Street
New York, New York 10017-6702
(212) 326-3939