**Confidential – Filed Under Seal Pursuant to Protective Order**

Geoffrey S. Stewart
Meir Feder
Chris J. Lopata
Jones Day
222 E. 41st Street
New York, NY 10017-6702
Telephone: (212) 326-3939
Email: gstewart@jonesday.com

William W. Fisher III (admitted *pro hac vice*)
1575 Massachusetts Avenue
Cambridge, Massachusetts 02138
Telephone: (617) 495-0957
Email: tfisher@law.harvard.edu

*Attorneys for Plaintiffs and Counterclaim Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHEPARD FAIREY and OBEY GIANT ART, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE ASSOCIATED PRESS, <br><br> Defendant and Counterclaim Plaintiff, <br><br> v. <br><br> SHEPARD FAIREY, OBEY GIANT ART, INC., OBEY GIANT LLC and STUDIO NUMBER ONE INC. and ONE 3 TWO, INC. (d/b/a OBEY CLOTHING), <br><br> Counterclaim Defendants. | Case No.: 09-01123 (AKH) <br><br> **REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** |

and

MANNIE GARCIA,

        Defendant, Counterclaim
        Plaintiff and Cross-claim
        Plaintiff/Defendant,

    v.

SHEPARD FAIREY and OBEY GIANT ART, INC.,

        Counterclaim Defendants.

and

THE ASSOCIATED PRESS,

        Cross-claim
        Plaintiff/Defendant.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1
ARGUMENT ....................................................................................................................... 2
I.   A Postponement Of Mr. Fairey's Deposition Is Warranted To Protect His Fifth
     Amendment Rights In The Face Of The Criminal Investigation ..................................... 2
     A.   Legal Standards ...................................................................................................... 2
     B.   Absent Relief, There Would Be Severe Prejudice To Mr. Fairey ......................... 3
     C.   The AP Has Entirely Failed To Show That It Would Suffer Prejudice ................. 6
     D.   The Interests Of The Public And The Court Weigh In Favor Of Relief ............... 7
     E.   The Status Of The Criminal Proceeding ............................................................... 8
II.  In The Alternative, Mr. Fairey's Deposition Should Be Limited In Scope By A
     Protective Order From This Court ................................................................................. 10
CONCLUSION .................................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Am. Express Bus. Fin. Corp. v. RW Prof'l Leasing Servs. Corp.*,
    225 F. Supp. 2d 263 (E.D.N.Y. 2002) ...............................................................................4

*Brock v. Tolkow*,
    109 F.R.D. 116 (E.D.N.Y. 1985) ........................................................................................8

*Capdeboscq v. Francis*,
    No. 03-0556, 2003 U.S. Dist. LEXIS 16479 (E.D. La. Sept. 10. 2003) ..................................10

*Citibank N.A. v. Hakim*,
    No. 92 Civ. 6233, 1993 WL 481335 (S.D.N.Y. Nov. 18, 1993) ..........................................8, 9

*City of New York v. A-1 Jewelry & Pawn, Inc.*,
    No. 06-CV-2233 (JBW), 2008 U.S. Dist. LEXIS 16708 (E.D.N.Y. Mar. 4, 2008) ................10

*In re Par Pharmaceutical, Inc. Sec. Litig.*,
    133 F.R.D. 12 (S.D.N.Y. 1990) ........................................................................................10

*J.W. Greentree Capital, L.P. v. Whittier Trust Co.*,
    No. 05 Civ. 2985(HB), 2005 WL 1705244 (S.D.N.Y. July 22, 2005) ......................................9

*Quint v. Freda*,
    No. 98 Civ 4285(DLC), 1999 WL 65046 (S.D.N.Y. Feb. 11, 1999) ........................................9

*Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*,
    175 F. Supp. 2d 573 (S.D.N.Y. 2001) ...............................................................................8, 9

*United States v. $557,933.89, More or Less, in United States Funds*,
    No. 95-CV-3978 (JG), 1998 U.S. Dist. LEXIS 22252 (E.D.N.Y. Mar. 9, 1998) ......................8

*United States v. 4003-4005 5th Avenue*,
    55 F.3d 78 (2d Cir. 1995) ...............................................................................................2, 4

*United States v. Dist. Council of N.Y. City & Vicinity of United Bhd. of Carpenters &
    Joiners of Am.*,
    782 F. Supp. 920 (S.D.N.Y. 1992) .....................................................................................9

*Wehling v. Columbia Broad. Sys.*,
    608 F.2d 1084 (5th Cir. 1979) ...........................................................................................8

**OTHER AUTHORITIES**

Consolidated Financial Statements for The Associated Press and Subsidiaries for Year
    Ended 2008, at 3, *available at*
        http://www.ap.org/annual09/media/APFinancials08.pdf......................................................6, 7

Fed. R. Civ. P. 16(b)(4)......................................................................................................2

Fed. R. Civ. P. 26(c)(1)......................................................................................................2

U.S. Const. amend. V ................................................................................................. passim

**INTRODUCTION**

As established in Plaintiffs' opening brief on this motion, there is a compelling case for a protective order postponing Shepard Fairey's deposition, because the harm — to Mr. Fairey and to the interests of justice — from proceeding with his deposition now greatly outweighs any harm to the AP from a short delay in deposing him:

- Mr. Fairey is the target of an active federal criminal investigation that involves the very topics about which the AP states that it wishes to depose him;

- Mr. Fairey's criminal defense counsel would advise him to invoke his Fifth Amendment rights rather than testify while the criminal investigation is pending;

- Plaintiffs seek a postponement only until the U.S. Attorney's Office determines whether or not to proceed with criminal charges — which could occur prior to the March 31, 2010 fact discovery deadline — and in no event beyond June;

- Absent the requested relief, Mr. Fairey will be faced with an untenable choice between his Constitutional right against self-incrimination and his right to defend himself against the bankrupting liability the AP seeks to impose in this case; and

- The interests of the public and this Court in having this case resolved on its merits also favor the requested postponement.

The AP's brief in opposition to the motion fails to identify any substantial reason to deny the requested relief. The AP's makeweight claim that any delay will "unfairly burden" it with "additional and unnecessary expenses" is utterly unsupported, save for the generic assertions that "work expands to fill the time" and the AP will "be forced to ramp up again." AP Br. 17. Moreover, the AP's authority consists largely of inapposite cases in which the requested stay was of indefinite duration, and/or the criminal jeopardy facing the party requesting the stay was

unclear, whereas neither is the case here.  Ultimately, the AP's position appears to be that —
notwithstanding the enormous disparity in the potential prejudice to each side — Mr. Fairey
*deserves* to lose his ability to defend this case on its merits:  it "rings hollow," the AP says (AP
Br. 13), for Mr. Fairey to invoke the principle that in the case of overlapping civil and criminal
proceedings, "all parties … should be afforded every reasonable opportunity to litigate a civil
case fully."  *United States v. 4003-4005 5th Avenue*, 55 F.3d 78, 83-84 (2d Cir. 1995).

Hollow though it may ring to the AP, that is, as it ought to be, the law in this Circuit.  Mr.
Fairey already faces the prospect of both sanctions and potential criminal prosecution.  There is
no basis in the case law or in simple fairness for punishing him further — and in derogation of
the public interest in having this case resolved on its merits — by insisting that his deposition
occur in the brief window during which his criminal defense counsel has advised him to invoke
his Fifth Amendment rights.

## ARGUMENT

**I.  A Postponement Of Mr. Fairey's Deposition Is Warranted To Protect His Fifth Amendment Rights In The Face Of The Criminal Investigation**

### A.  Legal Standards

The AP does not dispute that the correct test for this Court to apply in deciding whether
to issue a protective order or modify a scheduling order is the "good cause" standard.  *See* Fed. R.
Civ. P. 26(c)(1); *see also id.* 16(b)(4).  Here, there is "good cause" to grant the requested
postponement of Mr. Fairey's deposition.

As discussed in Plaintiffs' opening memorandum ("Pl. Br.") at 4-5, the Second Circuit
has recognized that "*all* parties . . . should be afforded every reasonable opportunity to litigate a
civil case fully and … exercise of Fifth Amendment rights should not be made unnecessarily
costly."  *4003-4005 5th Ave.*, 55 F.3d at 83-84 (footnote omitted).  The AP attempts to

distinguish *4003-4005 5th Ave.* on the ground that it did not directly rule on a stay of civil discovery, *see* AP Br. 13, but the AP does not even attempt to explain why the broad principles articulated by the court are not equally applicable here.

In any event, the AP acknowledges that this Court should consider the following factors: (1) the prejudice to Mr. Fairey from requiring him to be deposed now; (2) the prejudice to opposing parties from delay in Mr. Fairey's deposition; and (3) the interests of the public and this Court. *See* Pl. Br. 5; AP Br. 10. These factors weigh heavily in favor of the requested postponement.

### B. Absent Relief, There Would Be Severe Prejudice To Mr. Fairey

There would be severe prejudice to Mr. Fairey from proceeding with his deposition now because he would be forced to choose between waiving his Fifth Amendment rights, or refusing to testify in this litigation, which could lead to crippling liability against him based on adverse inferences rather than the facts. As discussed in Plaintiffs' moving papers, Mr. Fairey's criminal counsel has advised him not to testify at this time because a deposition conducted by the AP would significantly interfere with Mr. Fairey's ability to come to a favorable resolution with the U.S. Attorney's Office. *See* Pl. Br. 3; Declaration of Meir Feder ¶¶ 6, 7 (Dec. 24, 2009). That prejudice is even clearer in light of the AP's response, which makes plain that the AP intends to question Mr. Fairey in detail about the spoliation issues that are the focus of the U.S. Attorney's Office's investigation. *See* AP Br. 23 (arguing that the merits issues are "inextricably intertwined with Mr. Fairey's misrepresentations and spoliation").

The AP's assorted attempts to minimize the potential prejudice to Mr. Fairey are uniformly without merit. *First*, the AP repeatedly suggests that prejudice to Mr. Fairey is irrelevant because "Mr. Fairey is the plaintiff who decided to initiate this lawsuit against The AP." AP Br. 12; *see also id.* 1, 11, 17. This argument is disingenuous at best: Mr. Fairey —

3

who is both a plaintiff and a counterclaim defendant — sought a declaratory judgment only after receiving an ultimatum from the AP stating that "if we have not amicably resolved this, we will be filing our lawsuit in US District Court in the Southern District of New York on Tuesday, February 10, 2009 at or about 2:00 pm EST." *See* Reply Declaration of Meir Feder Ex. 11 (Jan. 19, 2009). In any meaningful sense, he is primarily a defendant — it is the AP, in its counterclaim, that is the party seeking damages.[1] In any event, the prejudice to Mr. Fairey does not turn on whether he is labeled as a plaintiff or defendant. *See* Pl. Br. 5-6 n.3.

*Second*, the AP argues that the choice between Fifth Amendment rights and the ability to defend a civil case is unremarkable and therefore does not constitute "undu[e] prejudice." AP Br. 20. Indeed, the AP even goes so far as to suggest that any prejudice Mr. Fairey suffers amounts to his just deserts, *i.e.*, that it "rings hollow" for him to claim any right to avoid such prejudice. *See* AP Br. 13. This is simply incorrect. While the choice between Fifth Amendment rights and the ability to defend a civil case does not *invariably* require the grant of a stay, it clearly results in substantial prejudice, and the cases cited in Plaintiffs' opening brief — but ignored by the AP — establish that the threat to Fifth Amendment rights or the adverse inferences from a refusal to testify are harms that courts must take into account in deciding whether to grant a stay. *See* Pl. Br. 6 (citing *Am. Express Bus. Fin. Corp. v. RW Prof'l Leasing Servs. Corp.*, 225 F. Supp. 2d 263, 265 (E.D.N.Y. 2002); *Savalle v. Kobyluck, Inc.*, No. 3:00CV675 (WWE), 2001 U.S. Dist. LEXIS 20158, at *6 (D. Conn. Aug. 16, 2001)); *see also 4003-4005 5th Ave.*, 55 F.3d at 83-84 ("*[A]ll* parties . . . should be afforded every reasonable opportunity to litigate a civil case fully

---

[1] The AP also dismisses the crushing liability it seeks to impose, based on the misleading assertion that "Mr. Fairey, his companies, and his exclusive licensee have earned more than $2 million in revenue" from Mr. Fairey's Obama Hope artwork. AP Br. 18. The AP offers no basis for (1) pretending that the revenues of a licensee belonged to Mr. Fairey, or (2) failing to note that Mr. Fairey as a practice did not retain proceeds related to the Obama Hope artwork but rather donated them for political and charitable purposes.

4

and … exercise of Fifth Amendment rights should not be made unnecessarily costly.") (footnote omitted).

*Third*, the AP questions whether Mr. Fairey has a "genuine concern about self-incrimination," because he has indicated that he intends to testify after the investigation and he has not "explain[ed] how … a deposition in this case would pose any greater threat to his Fifth Amendment rights" than that posed by what he has already admitted. AP Br. 21-22. However, notwithstanding Mr. Fairey's admission of wrongdoing, the AP itself has continued to contend in its pleadings that Mr. Fairey is being untruthful about *additional* facts, and has apparently engaged in ongoing efforts to persuade the U.S. Attorney's Office that Mr. Fairey has *not* been fully truthful and deserves to be prosecuted.[2] Under these circumstances, the AP's suggestion that Mr. Fairey would not be prejudiced by being subjecting to adversarial questioning from the AP — a party that has every incentive to (1) find ways to induce Mr. Fairey to invoke his Fifth Amendment privilege, and/or (2) interfere with his ability to resolve the investigation without criminal charges — cannot be taken seriously.

Further, while the AP suggests that Mr. Fairey seeks some unspecified tactical advantage, AP Br. 21, it is unable to identify one. Mr. Fairey does not seek to avoid testifying in this case, and has limited the relief he requests to ensure that any delay in this case will be minimal. The AP, in contrast, clearly does seek the tactical advantage that it would reap from forcing Mr. Fairey to sit for his deposition during the criminal investigation.

In short, absent the relief he seeks, Mr. Fairey will suffer severe prejudice.

---

[2] Notably, the AP responds to the suggestion that it "appears to have played a significant role in … promoting, and possibly instigating, the criminal investigation" by vehemently denying any role in instigating the investigation while conspicuously *not* denying its role in promoting the investigation. *See* AP Br. 17 n.2.

5

### C. The AP Has Entirely Failed To Show That It Would Suffer Prejudice

There would be minimal, if any, prejudice to the AP from granting the requested postponement of Mr. Fairey's deposition. *See* Pl. Br. 7-9. To begin with, any delay would be short: Mr. Fairey is cooperating fully with the investigation, *see* Declaration of Meir Feder ¶ 8 (Dec. 24, 2009), and it is possible that the investigation will be concluded before the March 31, 2010 fact discovery deadline in this case. At a maximum, moreover, the protective order Plaintiffs seek — which requested a period of six months from the time this motion was filed in December 2009 — would go less than three months beyond that deadline. In addition, while the AP claims that Mr. Fairey's deposition is important to the issues in this case, *see* AP Br. 19, the AP does not dispute that considerable other discovery can continue in its absence, *see* Pl. Br. 7, and remains to be done, *see id.* at 7-8.

Moreover, the AP fails to show prejudice from this short delay. The AP contends that it will have extra expenses because "work expands to fill the time" and there will be "duplicate work" when lawyers "ramp up." AP Br. 17. Given the short duration of the delay, and the other discovery to be conducted in the interim, there is no reason to credit either of these boilerplate assertions.

The AP likewise provides no basis for its claim that this case "threatens its revenue stream" by creating "doubt among the public" about whether it is entitled to licensing fees in "certain situations." AP Br. 18. The AP offers no evidence of this "doubt"; no definition of the "certain situations" at issue; and no reason to believe that even under the broadest possible definition of those situations — covering all licensing of its photographs for the creation of artistic works — this case affects a "revenue stream" that is substantial either in absolute terms or relative to the AP's approximately $750 million in annual revenues. *See* Consolidated Financial Statements for The Associated Press and Subsidiaries for Year Ended 2008, at 3,

*available at* http://www.ap.org/annual09/media/APFinancials08.pdf. Furthermore, this case can be resolved in a way that removes the doubt the AP identifies only if it is decided on the merits, rather than based on Mr. Fairey's inability to testify in his own defense.

Finally, the AP claims that a delay would "impede [its] ability to develop its defense" and "afford Mr. Fairey an unfair tactical advantage," AP Br. 17, but does not identify how its defense will be impaired, or what advantage Mr. Fairey will gain, from a brief delay to give Mr. Fairey the opportunity to testify at his deposition — particularly in light of the alternative means of discovery Plaintiffs have offered during any period of postponement. *See* Pl. Br. 9 n.4.

In short, the AP has identified no meaningful prejudice it will suffer if this Court grants the requested relief.

### D. The Interests Of The Public And The Court Weigh In Favor Of Relief

The interests of the public and this Court also support a short postponement of Mr. Fairey's deposition so that this case may be resolved on its merits, and not on evidentiary inferences arising from Mr. Fairey's inability to testify. *See* Pl. Br. 9-10. The AP's response to this point — that if Mr. Fairey sought a resolution on the merits, he should not have engaged in misconduct, *see* AP Br. 23 — is a *non sequitur*. Mr. Fairey's misconduct does not change the public interest and this Court's interest in having the case decided based on the facts. As this Court recognized during the parties' November 10, 2009 appearance, the spoliation issues should not control the outcome of this case.

Furthermore, the short duration of the postponement, and the ability to conduct other discovery in the interim, minimizes any harm to judicial efficiency. The AP cites cases stating that the uncertain length of a delay pending a criminal investigation puts an undue burden on the Court, *see* AP Br. 22, butt AP fails to note the key distinction that the requested delay here is of a short and definite time.

7

### E. The Status Of The Criminal Proceeding

The AP argues that parallel proceedings are insufficient for a stay because the criminal investigation has not yet become an indictment, but it relies on inapposite cases in which a defendant sought an *indefinite* delay and/or there was doubt as to the criminal jeopardy the defendant faced. *See* AP Br. 14-17. Courts have recognized that in cases where the defendant is clearly the subject of a criminal investigation, and the requested delay is of a limited duration, a pre-indictment stay is appropriate. *See* Pl. Br. 10-11. The AP essentially ignores the cases granting a pre-indictment stay under these circumstances. *See United States v. $557,933.89, More or Less, in United States Funds*, No. 95-CV-3978 (JG), 1998 U.S. Dist. LEXIS 22252, at *12, *13 n.3 (E.D.N.Y. Mar. 9, 1998); *Brock v. Tolkow*, 109 F.R.D. 116, 118 (E.D.N.Y. 1985); *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1089 (5th Cir. 1979).[3] The AP cites one case suggesting that a stay request "can be denied on this ground [*i.e.*, a lack of indictment] alone," AP Br. 15 (quoting *Citibank N.A. v. Hakim*, No. 92 Civ. 6233, 1993 WL 481335, at *1 (S.D.N.Y. Nov. 18, 1993)), but more recent cases have made clear that "[t]here is no question that a court has discretion to stay a civil litigation even in favor of a pending investigation that has not ripened into an indictment." *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 577 (S.D.N.Y. 2001).

---

[3] The AP's only attempt to distinguish any of these cases is to argue that, unlike in *Brock*, the parallel proceedings here are insufficient "[b]ecause the Government is investigating Mr. Fairey's litigation misconduct and not the underlying events that led to this lawsuit." AP Br. 12. However, the AP does not explain why this distinction is relevant. Moreover, the AP itself argues that there is substantial overlap between the litigation misconduct at issue in the criminal investigation and the merits issues in this case, and that it wants to depose Mr. Fairey on the spoliation issues. *See id.* 23-27. Thus, the same concern that the defendant had in *Brock* — that his deposition could adversely affect the criminal proceedings — is present for Mr. Fairey here.

8

The AP explains the reasons why pre-indictment stays are often denied — "fairness and judicial economy," AP Br. 15 — but those reasons show why this case is distinguishable from a typical pre-indictment case, *see* Pl. Br. 11-12. The AP states that in the absence of indictment, "it is inherently unclear . . . just how much the unindicted defendant really has to fear." AP Br. 15 (quoting *Sterling*, 175 F. Supp. 2d at 577). But here, there is no question that Mr. Fairey is the target of the investigation and has a legitimate fear of facing criminal prosecution. The AP also argues that pre-indictment delays may be indefinite, *see* AP Br. 15-16 (citing *Sterling*, 175 F. Supp. 2d at 577), but here the requested delay is definite and short. While the AP suggests that the six-month timetable for the criminal investigation may prove incorrect, that is the only delay that Mr. Fairey seeks. If it proves incorrect, then Mr. Fairey — not the AP — will accept the consequences.

Thus, while the AP cites a number of cases denying pre-indictment stays, *see* AP Br. 14, those cases relied on the fact that the threat of criminal prosecution was unclear or the length of delay was indeterminate (or both).[4] The AP fails to cite a single case denying a stay where, as here, the defendant clearly faces a threat of criminal prosecution, and the stay request is of limited duration. Moreover, the limited scope of the requested postponement, whereby only Mr.

---

[4] *See J.W. Greentree Capital, L.P. v. Whittier Trust Co.*, No. 05 Civ. 2985(HB), 2005 WL 1705244, at *2 (S.D.N.Y. July 22, 2005) ("[Plaintiff] fears that the indefinite stay of this case would frustrate any real recovery should they succeed."); *Sterling Nat'l Bank*, 175 F. Supp. 2d at 577 ("[I]t is unclear to the Court just how much the unindicted defendant really has to fear" and "the delay imposed on the plaintiff is potentially indefinite."); *Quint v. Freda*, No. 98 Civ 4285(DLC), 1999 WL 65046, at *2 (S.D.N.Y. Feb. 11, 1999) (noting that "the scope of that investigation is unclear" and "any delay would be open ended because it is not clear when, if ever, a criminal case against Freda will go forward"); *Citibank, N.A. v. Hakim*, No. 92 CIV. 6233, 1993 U.S. Dist. LEXIS 16299, at *6 (S.D.N.Y. Nov. 18, 1993) (noting that defendant's requested stay would "delay indefinitely, and possibly derail, plaintiff's action"); *United States v. Dist. Council of N.Y. City & Vicinity of United Bhd. of Carpenters & Joiners of Am.*, 782 F. Supp. 920, 926 n.3 (S.D.N.Y. 1992) (noting that it is unclear "whether there are ongoing criminal investigations of these defendants").

Fairey's deposition is delayed, *see* Pl. Br. 12, makes a stay more appropriate here than in a pre-indictment case seeking a stay of all proceedings. *Cf. In re Par Pharmaceutical, Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ("Granting a stay of a civil proceeding when there exists a pending parallel criminal investigation is appropriate when justice so requires. … A *total stay* of civil discovery pending the outcome of related criminal proceedings, however, is an extraordinary remedy.") (emphasis added).

## II. In The Alternative, Mr. Fairey's Deposition Should Be Limited In Scope By A Protective Order From This Court

If this Court decides not to postpone Mr. Fairey's deposition, it should limit the scope of the deposition to the merits issues in the case, and postpone for now examination into matters relating to spoliation. *See* Pl. Br. 12-14. Other courts have limited the scope of depositions under similar circumstances, and the AP makes no attempt to distinguish those cases. *See City of New York v. A-1 Jewelry & Pawn, Inc.*, No. 06-CV-2233 (JBW), 2008 U.S. Dist. LEXIS 16708, at *7-*9 (E.D.N.Y. Mar. 4, 2008); *Capdeboscq v. Francis*, No. 03-0556, 2003 U.S. Dist. LEXIS 16479, at *6-*9 (E.D. La. Sept. 10. 2003).

The AP contends that no limitation of scope is feasible, because even questions specifically directed to spoliation are allegedly "of critical importance" to the merits. AP Br. 24. In particular, the AP claims that Mr. Fairey's litigation misconduct is evidence that Mr. Fairey knew he had infringed the AP's copyright, and this knowledge, in turn, shows bad faith. *See* AP Br. 24-25. Even assuming this chain of inferences held up to scrutiny, the limited deposition would not prevent the AP from gaining the facts to make this argument at a later date, because the deposition would only be limited during the pendency of the criminal investigation. Moreover, any harm to the AP due to the minimal overlap between the spoliation and merits issues must be weighed against the other considerations in the balance of the equities. *See*

*Capdeboscq*, 2003 U.S. Dist. LEXIS 16479, at *6 (limiting deposition even where there was "some similarity in both" the civil and criminal cases, and "certain evidence might [have been] probative in both proceedings"). And here, given the much greater prejudice to Mr. Fairey of having to choose between not testifying in this action or entirely forfeiting his Fifth Amendment rights, the equities support the limitation on Mr. Fairey's deposition.

## CONCLUSION

For the foregoing reasons, Plaintiffs and Counterclaim Defendants respectfully request a protective order postponing Mr. Fairey's deposition, or in the alternative, a protective order limiting the scope of Mr. Fairey's deposition to the merits issues, and excluding issues concerning spoliation of evidence.

Dated: January 19, 2010

Respectfully Submitted,

/s/ Meir Feder
Geoffrey S. Stewart
Meir Feder
Chris J. Lopata
Jones Day
222 E. 41st Street
New York, NY 10017-6702
Telephone: (212) 326-3939
Email: gstewart@jonesday.com

William W. Fisher III
1575 Massachusetts Avenue
Cambridge, Massachusetts 02138
Telephone: (617) 495-0957
Email: tfisher@law.harvard.edu

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served today, January 19, 2010, by electronic mail on all counsel.

JONES DAY

By: /s/ Meir Feder

Meir Feder
222 East 41st Street
New York, New York 10017-6702
(212) 326-3939