UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHEPARD FAIREY and OBEY GIANT ART, INC.,

        Plaintiffs,

v.

THE ASSOCIATED PRESS and MANNIE GARCIA,

        Defendants.

v.

SHEPARD FAIREY, OBEY GIANT ART, INC., OBEY GIANT LLC and STUDIO NUMBER ONE, INC.,

        Counterclaim Defendants.

09 CIV 01123 (AKH)

## AMENDED ANSWER TO AMENDED CROSS CLAIMS OF THE ASSOCIATED PRESS

Defendant-Intervener and Counterclaim Plaintiff Mannie Garcia ("Mr. Garcia") by and through his attorneys, hereby answers the Amended Cross Claims of Defendant and Counterclaim and Cross Claim Plaintiff The Associated Press ("the AP") as follows:

This document replaces and supersedes Mr. Garcia's Answer to the (original) Cross Claims of The Associated Press.

### NATURE OF THE ACTION

116. Admits that Mr. Garcia created the Obama photograph on April 27, 2006 at the National Press Club and that Shepard Fairey later used it to create the Obama Poster. Admits that AP seeks the requested declaratory judgment. Denies all remaining allegations contained in ¶ 116.

117. Denies the allegations contained in ¶ 117, except admits that Mr. Garcia signed an application for employment, received tax forms, had an AP email address and an access card for the AP offices.

118. Denies the allegations contained in ¶ 118.

119. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 119, except admits that Mr. Fairey and Obey Giant Art, Inc. filed the instant action on February 9, 2009 against the AP seeking a declaration of non-infringement and fair use and on March 11, 2009, the AP filed an Answer, Affirmative Defenses and Counterclaims against Mr. Fairey, Obey Giant Art, Inc., Obey Giant LLC, and Studio Number One, Inc. (collectively "Fairey").

120. Denies the allegations contained in ¶ 120, except admits that Mr. Garcia moved this court on July 8, 2009 for an order allowing him to intervene in this action, which motion the AP did not oppose.

121. Denies the allegations contained in ¶ 121, except admits that Mr. Garcia filed Cross Claims alleging that he created the Obama Photo while he was a freelance photographer for the AP.

122. Denies the allegations contained in ¶ 122.

## PARTIES

123. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 123, except admit that the AP is a New York not-for-profit with its principal place of business at 450 West 33rd Street, New York, New York 10001.

124. Admits the allegations contained in ¶ 124.

## JURISDICTION

125. States that the allegations contained in ¶ 125 are conclusions of law as to which no responsive pleading is required, but that to the extent any response is necessary, admits that this Court has subject matter jurisdiction over the AP's Cross Claims.

126. States that the allegations contained in ¶ 126 are conclusions of law as to which no responsive pleading is required, but that to the extent any response is necessary, admits that this Court has personal jurisdiction over Mr. Garcia.

127. States that the allegations contained in ¶ 127 are conclusions of law as to which no responsive pleading is required, but that to the extent any response is necessary, admits that venue is proper in this District.

## FACTUAL BACKGROUND

128. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 128.

129. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 129.

130. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 130.

131. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 131.

132. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 132.

133. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 133.

134. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 134.

135. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 135.

136. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 136.

137. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 137.

138. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 138.

139. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 139.

140. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 140.

141. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 141.

142. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 142.

143. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 143.

144. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 144.

145. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 145.

146. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 146.

147. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 147.

148. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 148.

149. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 149.

150. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 150.

151. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 151.

152. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 152.

153. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 153.

154. Denies the allegations contained in ¶ 154.

155. Denies the allegations contained in ¶ 155, except admits that Mr. Garcia signed a written agreement.

156. Admits that Mr. Garcia filled out a document that was entitled "Application for Employment" and denies the remaining allegations in ¶ 156.

157. Denies the allegations contained in ¶ 157.

158. Denies the allegations contained in ¶ 158.

159. Denies the allegations contained in ¶ 159.

160. Denies the allegations contained in ¶ 160 except admits that Mr. Garcia completed an "Applicant Flow Survey."

161. Admits that he signed a document that speaks for itself, but denies he was an employee and denies the remaining allegations contained in ¶ 161.

162. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 162, except admits that he completed the forms set forth in said paragraph.

163. Denies the allegations in ¶ 163, except admits that he signed a letter relating to a temporary 9 month photographer's position on or about March 29, 2006.

164. With regard to the allegations in ¶ 164, states that the document speaks for itself.

165. Denies the allegations in ¶ 165.

166. Denies the allegations in ¶ 166.

167. Denies the allegations in ¶ 167.

168. Denies the allegations in ¶ 168.

169. Denies the allegations in ¶ 169 that Mr. Garcia was "employed by the AP as a staff photographer" of the AP, and that the photo editors directed him to submit additional photos for consideration if they decided that none of the photographs he submitted were acceptable; and admits that the Washington bureau photo editors

evaluated the photos he submitted and decided which ones to make available to the AP's subscribers.

170. Denies knowledge or information sufficient to form a belief as to the allegations contained in ¶ 170, and denies that he was "employed by the AP as a staff photographer".

171. Denies the allegations in ¶ 171, except admits that Mr. Garcia completed weekly time sheets.

172. Denies the allegations in ¶ 172, except admits that he was paid overtime.

173. Denies the allegations in ¶ 173.

174. Denies the allegations in ¶ 174 to the extent that they state that Mr. Garcia was "employed by the AP as a staff photographer;" and admits he was reimbursed for expenses by The AP.

175. Denies the allegations in ¶ 175 to the extent that they state that Mr. Garcia was "employed by the AP as a staff photographer," and admits he had federal, state, and local taxes deducted from his paycheck, along with amounts for Social Security, Medicare, and unemployment insurance.

176. Denies the allegations in ¶ 176 to the extent that they state that Mr. Garcia was "employed by the AP as a staff photographer," and that he received "wages;" and admits he completed a W-4 form and was issued an IRS form W-2 by The AP for submission with his tax return for 2006. As to the contents of that form W-2, that document speaks for itself.

177. Denies the allegations in ¶ 177 to the extent that they state that Mr. Garcia was "employed by the AP as a staff photographer;" and admits he received a building access card to the AP's offices.

178. Denies the allegations in ¶ 178 to the extent that they state that Mr. Garcia was "employed by the AP as a staff photographer;" and admits he was assigned an AP email address which the AP's editors could have used to communicate with him about his assignments.

179. Denies the allegations in ¶ 179, to the extent they state that Mr. Garcia was a "staff photographer" or that he had access to any AP computers, or other AP equipment or supplies.

180. Denies the allegations in ¶ 180.

181. Denies the allegations in ¶ 181.

182. Denies the allegations in ¶ 182 to the extent that they state or imply that Mr. Garcia was a "staff photographer" of the AP or that the schedules posted in the "ready room" applied only to AP staff photographers; and admits he had access to the AP's facilities, including the "ready room."

183. Denies the allegations in ¶ 183 to the extent that they state that the schedule provided to Mr. Garcia applied only to staff photographers; and admits that although he could access the AP's Intranet site, he did not access his schedule from that Intranet, but was instructed verbally by The AP's editors as to his assignments.

184. Denies the allegations in ¶ 184.

185. Denies the allegations in ¶ 185.

186. Denies the allegations in ¶ 186.

187. Denies the allegations in ¶ 187, except admits that Mr. Garcia was assigned to take photos and took photos at an event at the National Press Club in April 2006, where actor George Clooney spoke about a visit to Darfur.

188. Admits the allegations in ¶ 188.

189. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 189.

190. Admits the allegations in ¶ 190.

191. Admits that "STF" appeared in the data, but states that such data was inputted by AP and denies the remaining allegations contained in said paragraph.

192. Denies the allegations in ¶ 192.

193. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 193.

194. Admits the allegations contained in ¶ 194.

195. Admits that the person in the photograph was originally identified as Mr. Volz, but states that Mr. Garcia immediately corrected the misidentification and denies the remaining allegations contained in ¶ 195.

196. Denies the allegations in ¶ 196.

197. Denies the allegations of ¶ 197, but admits that Mr. Garcia signed, under duress, a letter of resignation prepared by John Hall.

198. With regard to allegations contained in ¶ 198, states that the document speaks for itself.

199. Denies the allegations of ¶ 199.

200. Denies the allegations of ¶ 200, except admits that a letter was sent to Sandy Johnson, Washington Bureau Chief of the AP on May 14, 2006 and that the letter speaks for itself.

201. Denies the allegations of ¶ 201.

202. Denies the allegations of ¶ 202, and states that Mr. Garcia always believed he owned the copyright to the photos taken on April 27, 2006.

203. Denies the allegations of ¶ 203, except admits that Mr. Garcia claims that he owns the Obama Photo and has obtained Registration No. VA1-665-426.

204. Denies the allegations of ¶ 204, except admits that Mr. Garcia's claim of ownership is in direct conflict with the AP's claim of ownership.

### FIRST COUNTERCLAIM – DECLARATORY JUDGMENT

205. Mr. Garcia incorporates by reference all of his answers to ¶¶ 116-204, above as if fully set forth herein.

206. Denies the allegations of ¶ 206.

207. States that the allegations contained in ¶ 207 are conclusions of law to which no responsive pleading is necessary, but to the extent a response is required denies the same.

208. States that the allegations contained in ¶ 208 are conclusions of law to which no responsive pleading is necessary, but to the extent a response is required denies the same.

209. States that the allegations contained in ¶ 209 are conclusions of law to which no responsive pleading is necessary, but to the extent a response is required denies the same.

210. States that the allegations contained in ¶ 210 are conclusions of law to which no responsive pleading is necessary, but to the extent a response is required denies the same.

211. States that the allegations contained in ¶ 211 are conclusions of law to which no responsive pleading is necessary, but to the extent a response is required denies the same.

212. States that the allegations contained in ¶ 212 are conclusions of law to which no responsive pleading is necessary, but to the extent a response is required denies the same.

## PRAYER FOR RELIEF

213. Repeats and realleges each and every response from ¶¶ 116-212, above, as if fully set forth herein. Denies that the AP is entitled to any relief whatsoever.

Date:  February 19, 2010            **BOIES, SCHILLER & FLEXNER, LLP**

By: _____
George F. Carpinello (GC 4229)
Jeffrey S. Shelly (JS 5119)
10 North Pearl Street, 4th Floor
Albany, NY  12207
Phone: (518) 434-0600

Michael Underhill
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
Phone:  (202) 274-1120

**KILE GOEKJIAN REED & McMANUS, PLLC**
Bradford E. Kile
Robert J. McManus
Matthew P. Thielemann
1200 New Hampshire Avenue NW
Suite 570
Washington, D.C. 20036
Phone: (202) 659-8000

*Attorneys for Intervenor Mannie Garcia*

TO: **KIRKLAND & ELLIS LLP**
Dale M. Cendali
Brendan T. Kehoe
Claudia Ray
601 Lexington Avenue
New York, NY  10022
Phone: (212) 446-4800
Email: dale.cendali@kirkland
           claudia.ray@kirkland.com
           brendan.kehoe@kirkland.com

*Attorneys for The Associated Press*

**JONES DAY**
Geoffrey S. Stewart
Meir Feder
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
        Ph:     202.879.3939

Email: gstewart@jonesday.com

**HARVARD LAW SCHOOL**
William W. Fisher, III, Esq.
John Palfrey
HARVARD LAW SCHOOL
1545 Massachusetts Avenue
Cambridge, MA  02138
  Ph:   617-496-5243
  Email: jpalfrey@cyber.law.harvard.edu

*Attorneys for Shepard Fairey and Obey Giant Art, Inc. and Obey Giant LLC and Studio Number One, Inc.*

**CALDWELL LESLIE & PROCTOR, PC**
Jeanne A. Fugate
Robyn Crowther
Laurie Martindale
1000 Wilshire Blvd., Suite 600
Los Angeles, CA  90017-2463
  Ph:   213-629-9040
  Email: fugate@caldwell-leslie.com
         crowther@caldwell-leslie.com
         martindale@caldwell-leslie.com


Charles Michael, Esq.
Theresa Trzaskoma, Esq.
Brune & Richard LLP
80 Broad Street
New York, New York 10004
Email: cmichael@bruneandrichard.com
       ttrzaskoma@bruneandrichard.com

*Attorneys for One 3 Two, Inc. (d/b/a Obey Clothing)*