UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
SHEPARD FAIREY, et al.                                         :  **ORDER**
                                                               :
                              Plaintiffs,                      :  09 Civ. 1123 (AKH)
                                                               :
             -against-                                         :
                                                               :
THE ASSOCIATED PRESS.                                          :
                                                               :
                              Defendant.                       :
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

By their joint letters of March 23 and 25, 2010, pursuant to my Individual Rule 2E, the parties ask me to rule on various of their discovery disputes. My rulings follow:

The Joint Letter of March 23, 2010

1. The Associated Press's (hereafter "AP") Interrogatory 15 asks plaintiffs to disclose on a "device-by-device," or a "file folder-by-folder," basis, all devices or file folders that Plaintiffs searched in connection with this lawsuit. Plaintiffs object principally on the ground of undue burden, contending that the former counsel who conducted the search did not save his search path through the computer files. Plaintiffs argue that the information should be obtained by a deposition of former counsel.

The objection is over-ruled. The details of the search, and of what was searched, are relevant to the claims and defenses of this lawsuit, particularly in light of the destruction of documents that occurred in this case. If present counsel cannot respond to the interrogatory, the details can be provided by affidavits of those who supervised and who conducted the searches.

2. AP Interrogatories 16 and 18 ask plaintiffs to disclose relevant documents that were deleted or destroyed from the files, and their dates of deletion and destruction. Plaintiffs' objections are over-ruled.

3. AP Interrogatory 17 asks plaintiffs to disclose the identities of those who did the deletion and destruction, and of those who knew about such deletion and destruction. Plaintiffs shall disclose the identities of those who performed these acts, of those who commanded and supervised these acts, and of those who were told of these acts. The objections are over-ruled to that extent.

4. AP Interrogatories 19 – 22 ask plaintiffs to disclose various categories and details of revenues and expenses, and of copies of the Obama poster that were made and that were authorized to be made and that were downloaded from plaintiffs' web site. The interrogatories are relevant to the issues of infringement and damages. Plaintiffs' objections are over-ruled.

Plaintiffs offer to produce business records that allow the information sought to be derived, contending that the burdens on the parties are equal. The offers are general and conclusory, and are not likely to yield the categories of information that defendant seeks. Plaintiffs are directed to answer the interrogatories specifically. Only in that way can the Court and the parties gain confidence that there will be a level playing field, and an avoidance of surprise, in connection with this relevant information.

5. AP Interrogatory 23 asks plaintiffs to disclose when they first knew that the AP claimed to hold or own the copyright to the Obama Photo. Plaintiffs' objections are over-ruled.

6. AP Interrogatories 24 and 25 ask plaintiffs to disclose information about works other than the Obama Photo. Plaintiffs' objections are sustained. The

information is more easily obtained, and with less burden, in depositions, to the extent relevant to the claims or defenses of the lawsuit.

7. Plaintiffs rely for many of their objections on Local Civil Rule 33.3(a). This lawsuit, however, is not just starting. Plaintiffs' issues with regard to destructions of documents and changes of counsel have caused the lawsuit to be delayed. The interrogatories are the quickest, most efficient, and most economical way of conducting discovery of the information that is being sought. Plaintiffs' objections are over-ruled.

8. Defendant asks for compliance with discovery requests within three business days. That is an unreasonably short time. Productions and substantive responses are required two weeks from the date of these rulings. Requests for enlargement are not likely to be granted.

The Joint Letter of March 25, 2010

9. Defendant ask for supporting information and details with regard to plaintiffs' production of financial and accounting information, and the metadata in relation to various spread sheets that were produced. I had ordered financial data to be produced in two weeks, or by February 19, 2010. My order includes the items that I now refer to specifically.

Plaintiffs' excuses for not producing all aspects of their financial records are frivolous. Production shall be made, promptly and responsively in all requests, and within two weeks of the date of these rulings.

I reserve ruling on the question of sanctions. How I ultimately rule will be affected by the completeness and promptness of plaintiffs' response.

I see no reason for confidential treatment of these rulings or the

information that is sought, and no good reason has been provided. Although sealing is not being ordered, the information will be usable only for purposes of this lawsuit.

10. Defendant's request for an additional deposition of Olivia Perches, plaintiffs' business manager, is granted, with questioning to be confined to documents produced, or to be produced, after she was questioned, and information contained in such late-produced documents.

11. I believe that these rulings respond fully to the questions posed to me by the parties' two joint letters, explicitly and implicitly from the details of the parties' joint letters. If the parties are unable to progress with discovery on an amicable and professional basis and bring discovery to a speedy close, the remedy will be an appointed special master, with expenses taxed to the party who obstructs discovery.

12. I will meet with counsel for the parties on May 28, 2010, at 10:30 a.m., to discuss the status of the case, whether experts are required or desired and of which kind, a schedule for experts' discovery and, generally, what further progress in the case preliminary to trial is appropriate.

SO ORDERED.

Dated: April 5, 2010
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

4