UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
SHEPARD FAIREY, et al.                                         :   **ORDER**
                                                               :
                                    Plaintiffs,                :   09 Civ. 1123 (AKH)
                                                               :
            -against-                                          :
                                                               :
THE ASSOCIATED PRESS.                                          :
                                                               :
                                    Defendant.                 :
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

       The parties, by joint letter of July 19, 2010, submitted pursuant to my Individual Rule 2E, ask me to rule on the sufficiency of answers to two interrogatories, and whether or not sanctions for discovery abuse would be appropriate.

       1.    Interrogatory 22 asks Shepard Fairey and related parties to "identify the number of times the OBAMA POSTERS have been downloaded from OBEY GIANT ART's Web site . . . ." Fairey answered that "it is not possible" to do so, because "technical advisers" have told him that visitors who have downloaded the image can't be distinguished from those who simply visited the Web site to view the image. Furthermore, since "complete historic web log records . . . do not exist," Fairey claims he is unable "to identify all persons who visited" the site. Fairey asserts that he has "requested web log records from the entity that is the host," and "produced the existing web log records. . . ." Fairey's response goes on to identify relevant URL links, other pages in which Obama images and video clips appear, and addresses where color images of "Progress" and "Manifest Hope" pictures appear. Fairey's response also states that web log records exist for the periods June 20, 2008 to August 13, 2008, and October 28, 2009 to April 11, 2010, and the response identifies the

aggregate number of '"hits"' that were counted, per link, for these two time periods.  The response does not state why records do not exist for other time periods.

The AP complains that Fairey did not provide records and information for the time periods most relevant to the claims in the lawsuit.  These time periods are identified as January 30, 2008 to June 30, 2008 (the period of the Democratic party primaries), and August 14, 2008 to October 27, 2008 (the period immediately before Obama was nominated for President, through the week before the election).  The AP argues that the company that hosts the web site "should be easily able to generate a report tracking the number of hits or downloads on the infringing Web sites for the relevant time periods," and that such analyses "are part of the core services" provided by Web hosting companies.

The AP complains also that Fairey's lawyer, not Fairey, signed and swore to the responses to Interogatory 22.

Fairey's answer, fairly understood, is that he does not know the number of times the OBAMA POSTER was downloaded from OBEY GIANT ART's Web site.  Fairey must swear to that statement, and is required to do so within five days from the date of this order.  If the AP wants more information, it will have to notice and take the deposition of the web site provider.  Any impeaching testimony can then be grounds for consideration of an appropriate sanction.

The AP's motion is thus determined.

2.   Interrogatory 23 reads:  "Identify when PLAINTIFFS AND COUNTERCLAIM DEFENDANTS first knew that THE AP claimed to hold or own the copyright to the OBAMA PHOTO."  The Supplemental Response of April 19, 2010 reads: "Plaintiffs, through Shepard Fairey, became aware of the existence of the OBAMA PHOTO as a distinct photograph, and of the AP's claim to the copyright in that photo, in February

2

2009. Prior to that time. Shepard Fairey believed he had used a cropped version of a different photo as a reference.

With respect to the photo which Mr. Fairey believed he had used as a reference, Mr. Fairey became aware that the AP claimed the copyright in that photo at some point between July 10, 2008 and November 4, 2008."

The Response is sworn to by Shepard Fairey, personally and on behalf of the other plaintiffs and counterclaim defendants.

The AP, if it wishes to elicit more precise information, can do so by deposing Fairey to the extent it has not already raised such questions in previous depositions.

3. Except as granted in these rulings, the AP's motion for better and more detailed responses, and its motion for sanctions, are both denied.

4. The Associated Press, in its effort to pin down Fairey, has engaged in an endless quest for discovery. If there has been willfulness, it will be proved at trial through Fairey's evasiveness.

SO ORDERED.

Dated: August 2, 2010
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3